UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES LIGGINS, et al. | No. 21 CR 618<br><br>Honorable Martha M. Pacold |

**GOVERNMENT'S RESPONSE TO DEFENDANT OFFERD'S
MOTION TO SUPPRESS EVIDENCE**

Defendant Tacarlos Offerd seeks to suppress evidence law enforcement recovered during a search of the apartment located at 6514 D. Martin Luther King Drive, Unit 7B, in Chicago ("the Subject Apartment"), on the basis that the government did not first procure a search warrant. The Court should deny defendant's motion because law enforcement had consent to search the Subject Apartment and Offerd does not have standing to challenge the search. Further, because the defendant has not made a *prima facie* showing of illegality sufficient to warrant a hearing, the motion should be denied without a hearing.

**I. BACKGROUND**

On September 20, 2021, defendants Charles Liggins, Kenneth Roberson, Tacarlos Offerd, Christopher Thomas, and Marcus Smart were charged in a seven-count indictment with murder and violent crimes in aid of racketeering activities and related firearm offenses. *See* Dkt. 1.

On October 13, 2021, law enforcement executed an arrest warrant for Offerd. Offerd was arrested at the Subject Apartment, which is in Parkway Gardens, the

apartment complex where O-Block, the charged enterprise, is based. Specifically, when law enforcement arrived at the Subject Apartment, they located Offerd inside one of the bedrooms and arrested him. Law enforcement also encountered Individual A, whom they identified as the primary resident of the Subject Apartment. According to Individual A, Offerd used the bedroom he was arrested in at the Subject Apartment.

After Offerd was arrested, law enforcement requested Individual A's consent to search the apartment. Individual A signed a written consent form authorizing the search. (Exhibit 1 – Consent Form; Exhibit 2 – 302 of Search.[1]) Among the items recovered in the search were ammunition and a 40-caliber magazine, marijuana, a digital scale, cash, cell phones, and pills in prescription bottles with names other than either Individual A or Offerd.[2]

On October 13, 2021, after Offerd's arrest, Offerd was interviewed by Pretrial Services. According to the Pretrial bail report (Dkt. No 33), Offerd provided his home address as a location on Ada Street – not the Subject Apartment. Offerd informed Pretrial Services that he had lived with his mother at that address for two years and he could not recall his prior addresses in Chicago. *Id.*, p. 2.

---

[1] The government has moved for leave to file Exhibits to this Response under seal.
[2] Defendant's motion also lists six credit cards among the items recovered. However, according to an evidence log previously disclosed in discovery (Exhibit 3 – Property Log), four credit cards, a visa, and link card were found on Offerd's person. Therefore, the government does not believe these items are within the scope of defendant's motion.

Offerd also used the Ada Street address he gave to Pretrial Services – and not the Subject Apartment – when he purchased a Ford Fusion on or about July 28, 2020 (days before the crimes alleged in the indictment). (Exhibit 4 – Bill of Sale). Offerd also provided a copy of his driver's license to Midway Autohaus, which identified his address as Ada Street. (Exhibit 5 – License). The Ada Street address – and not the Subject Apartment address – is also associated with Offerd's bank account (Exhibit 6 – Bank Statement).

On or about June 24, 2020, Offerd applied for a Paycheck Protection Program (PPP) loan. On the application, Offerd indicated he resided at an address on Claremont Avenue in Chicago – not the Subject Apartment. (Exhibit 7 – SBA Documentation.)

## II.     ARGUMENT

Defendant's motion should be denied without an evidentiary hearing. A defendant who seeks to suppress evidence bears the burden of making a *prima facie* showing of illegality. *See United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir. 1988); *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). He must "first allege facts demonstrating that a hearing on the suppression issue is warranted and then at the hearing must produce evidence that he or she is entitled to the relief sought." *United States v. Utecht*, 238 F.3d 882, 886 (7th Cir. 2001). A defendant can meet this burden through an affidavit based on personal knowledge. *See, e.g.*, *Id.*; *United States v. Linder*, No. 12 CR 22, 2013 U.S. Dist. LEXIS 18346, at *9 (N.D. Ill. Feb. 12, 2013) ("[A]ffidavits are often necessary but by no means sufficient to

3

establish a material dispute warranting an evidentiary hearing on a motion to suppress."). Affidavit or not, defendant must at a minimum "set forth in detail the grounds for suppression and show that there is real dispute over a material fact." *United States v. Oliver*, 142 F. Supp. 2d 1047, 1051 (N.D. Ill. 2001). "Reliance on vague, conclusory allegations" is not enough. *Randle*, 966 F.2d at 1212. Defendant's motion fails to allege facts demonstrating that that the consent provided by Individual A was deficient or that defendant had a reasonable expectation of privacy in the location searched. Accordingly, defendant's motion should be denied without an evidentiary hearing.

### a. Defendant Has No Reasonable Expectation of Privacy in the Subject Apartment.

As a threshold matter, the assertion of a Fourth Amendment right is only available to a person who "had a legitimate expectation of privacy in the premises he was using and therefore could claim the protection of the Fourth Amendment with respect to a governmental invasion of those premises." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). "When considering whether an individual has a legitimate expectation of privacy, a court must consider: (1) whether the individual, by his conduct, has exhibited an actual (subjective) expectation of privacy; and (2) whether the individual's subjective expectation of privacy is one that society is prepared to recognize as reasonable." *United States v. Carlisle*, 614 F.3d 750, 756-57 (7th Cir. 2010) (citations omitted). "Whether an individual has exhibited a subjective expectation of privacy is a highly fact-specific inquiry." *Id.* at 756; *see also United*

4

*States v. Salvucci*, 448 U.S. 83 (1980) (defendant did not automatically have legitimate expectation of privacy in defendant's mothers' home).

Here, defendant has provided no facts for the court to consider or the government to address regarding his expectation of privacy in the Subject Apartment, and it is his burden to do so. *Carlisle*, 614 F.3d at 756 ("the individual seeking suppression of the evidence bears a burden to prove that he had a legitimate expectation of privacy in the searched property"); *United States v. Tuggle*, 4 F.4th 505, 513 (7th Cir. 2021) (same).

In the instant motion, defendant claims the Subject Apartment was "his home." The motion contains no support for this assertion in the form of an affidavit or otherwise. As described above, the Court already has information from defendant, from a Pretrial Services interview, indicating defendant did not live at the Subject Apartment. To be clear, on the record before the Court, each time defendant was asked to provide his address at times material to the superseding indictment and the search of the Subject Apartment, defendant provided an address other than the Subject Apartment—including on the day that law enforcement arrested defendant and searched the Subject Apartment. *See* Dkt. 33 at 1 ("The defendant was telephonically interviewed in the United States Marshals lockup on October 13, 2021…."). Defendant has not provided an affidavit or other information in the instant motion to establish his reasonable expectation of privacy in all or part of the Subject Apartment.

5

Defendant's lack of a reasonable expectation of privacy in the Subject Apartment is dispositive of the motion and the Court need not go further. *Carlisle*, 614 F.3d at 760 ("Because Carlisle cannot validly assert a Fourth Amendment challenge to the search of the backpack, we do not reach the merits of whether the search was proper.").

### b. Individual A Consented to the Search of the Subject Apartment.

Defendant moves this court to suppress the results of the search of the Subject Apartment on the basis that the search was not conducted pursuant to a warrant. However, even warrantless searches within a home are constitutionally permissible if they fall within an established exception. *United States v. Mojica*, 863 F.3d 727, 731 (2000). One such exception is a warrantless search pursuant to voluntary consent given by one with actual or apparent authority to do so. *Id.* at 731 (citing *United States v. Wright*, 838 F.3d 880, 884 (7th Cir. 2016)); *see also Conner v. Vacek*, 606 Fed. Appx. 485, 488 (7th Cir. 2020) ("[A] search conducted with the consent of a person with apparent authority over a property is a well-recognized exception."). Apparent authority exists where "the facts available to an officer at the time of the search would allow a person of reasonable caution to believe that the consenting party had authority" over the property in question. *Mojica*, 863 F.3d at 732 (citing *United States v. Ryerson*, 545 F.3d 483, 489 (7th Cir. 2008)).

In this case, it is undisputed that law enforcement obtained written consent from Individual A to search the Subject Apartment. Not only does defendant's motion fail to mention this critical fact, but he does also not develop any arguments

6

whatsoever related to the consent provided by Individual A in this case. *See, e.g., Williams v. REP Corp.*, 302 F.3d 660, 666 (7th Cir.2002) (party waives an argument that it fails to develop); *United States v. Blackman*, 2023 WL 3346822, at *11 (N.D. Ill. May 10, 2023) (citing *United States v. Butler*, 58 F.4th 364 (7th Cir. 2023) (holding that a party waives perfunctory or undeveloped arguments)).

### c. Defendant's Request for an Evidentiary Hearing Should be Denied.

"A district court is not required to conduct an evidentiary hearing on every motion to suppress." *United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir. 1988). An evidentiary hearing is necessary only if the defendant "identifies a significant, disputed factual issue that must be resolved." *United States v. Martin*, 422 F.3d 597, 602 (7th Cir. 2005). The Seventh Circuit has explained that "[e]videntiary hearings [on a motion to suppress] are not required as a matter of course; a district court need conduct a hearing only when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007) (citations omitted).

Defendant's motion does not establish a *prima facie* showing of illegality in the search, nor does he set out a material, disputed factual issue necessitating a hearing. First, defendant has not established that he had a reasonable expectation of privacy in the contents of the apartment such that he has standing to raise this suppression motion. Instead, in conclusory fashion, defendant simply takes the position in his

7

motion that the location searched was "his," without a supporting affidavit or "definite, specific, detailed, and nonconjectural facts" upon which the Court could rely, and despite his own statements and other evidence to the contrary. *See Randle*, 966 F.2d at 1213 (district court did not err in denying defendant's motion to suppress evidence obtained in the search of an apartment without a hearing; "[e]ven assuming that [defendant] did not consent to the search, he fails to allege how the search of an apartment not leased to him violated *his* privacy rights.")

Second, even if defendant had a reasonable expectation of privacy with respect to the Subject Apartment, defendant's motion does not even allege, and certainly does not factually support, any argument that the consent search was improper. Indeed, defendant's motion makes no effort to suggest that the consent given here was not a valid basis to search and provides no legal or factual support. *Rollins*, 862 F.2d 1282 (district court did not err in denying defendant's motions to suppress without a hearing where neither motion "contained any statement of the facts surrounding his arrest, cited any authority supporting his fourth amendment argument, or were supported by affidavits or other evidence").

Defendant's bare, unsupported motion should not be rewarded with a hearing, at which he would have the opportunity cross examine government witnesses, without even a basic showing that a hearing is necessary. "A motion to suppress is not a discovery tool. Without a basic factual premise, the Court cannot discern threshold questions of law, such as standing." *United States v. Agosto-Pacheco*, 2022 WL 4938930, at *5 (D. Puerto Rico, 2022) (citing *United States v. Lipscomb*, 539 F.3d

8

32, 35-36 (1st Cir. 2008) ("Before reaching the merits of a suppression challenge, the defendant carries the burden of establishing that he had a reasonable expectation of privacy with respect to the area searched.")). Where, as here, defendant files a motion to suppress without articulating a basis for suppression, "[t]he United States need not "anticipate every possible suppression theory, or adduce evidence to rebut legal arguments never articulated in the defendant's suppression motion." *Id.* (citations omitted). For all of these reasons, the Court should deny defendant's request for an evidentiary hearing.

### III. CONCLUSION

Defendant's motion raises no material factual disputes regarding the lawfulness of the search. Based on the undisputed facts, law enforcement had consent to conduct a search, and did so consistent with the Fourth Amendment. Defendant's motion should be denied without a hearing.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

By: */s/ Ann Marie E. Ursini*
JASON A. JULIEN
ANN MARIE E. URSINI
CAITLIN WALGAMUTH
Assistant United States Attorneys
219 S. Dearborn Street, Rm. 500
Chicago, Illinois 60604
(312) 353-5300

9