UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 21-CR-618 |
| CHARLES LIGGINS, et al. ) | |
| ) | |
| Defendant(s). ) | |

**DEFENDANT TACARLOS OFFERD'S REPLY TO GOVERNMENTS MOTION TO ADMIT CERTAIN ACTS AS DIRECT EVIDENCE OF CHARGED OFFENSES, OR, IN THE ALTERNATIVE, PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

1. The government has filed a motion seeking this court's permission to admit certain acts (referred to as acts of violence and drug trafficking) as direct evidence of the charged offenses, or, in the alternative, pursuant to Federal Rule Of Evidence 404(b). However, but for a couple of specific incidents discussed below, the government has failed to articulate what specific acts of violence and drug trafficking acts they seek to introduce, as required by the "notice" requirements of F.R.E. 404(b).

"(3) *Notice in a Criminal Case.* In a criminal case, the prosecutor must:

(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice."

Of particular note is the Committee Comment to that Rule which states: "The amendment

1

to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility."

2. Basically the government is, for the most part, asking this court to rule on the admissibility of evidence of uncharged acts of "violent crimes" (but for the murders described on p. 16 of the gvt. Motion) and narcotics trafficking without advising counsel or this court what that evidence is or of the government's legal theory of admissibility. Without notice by the government of the specific acts the government will be seeking to introduce, undersigned counsel cannot respond to the governments motion, nor can this court, it is respectfully suggested, rule on the governments motion for admissibility of evidence without knowing what the evidence is.

Turning to some specific acts discussed by that government in its motion:

**DEFENDANT TURPIN**

3. The government (p17) asserts that a phone call codefendant Turpin made "demonstrates an absence of mistake," which would be a legitimate 404(b) use of other acts evidence. However, it is a legitimate 404(b) use only if "mistake" is asserted as a defense; but no one is asserting "mistake" as a defense!

4. The government also indicates that, to help "establish Turin's participation in the murder, they will seek to introduce two traffic offenses Mr. Turpin purportedly committed some time prior to the murder in a vehicle "consistent with the vehicle…" Turpin purportedly drove on the day of the murder.

**DEFENDANT OFFERD**

5. The government seeks this court's permission to introduce evidence to establish that Mr. Offered was in an identified suspect vehicle before, during and after the murder. The government certainly has the right to introduce such evidence in an attempt to place Mr. Offerd in

2

a vehicle which the government contends was used in connection with the murder charged in the instant case. Evidence which would place him in the suspect vehicle at or about the time of the murder, is unquestionably relevant to the government's case.

6. However, the government also seeks this court's permission to introduce evidence that Mr. Offerd obtained the car through the use of fraudulent papers. While obtaining a car through fraud is indeed a crime which in appropriate circumstances might qualify for admissibility under F.R.E. 404 (b), in the case before this court any imagined probative value is minimal at best and is substantially outweighed by the danger "… of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403

7. The bottom line is that he had the car at or around the time of the murder is relevant to the government's case; That he got the car with fraudulent paperwork is not.

8. The defense concedes that the government may be in possession of evidence that Mr. Offerd secured the vehicle under fraudulent pretenses claiming on the auto loan application that he had a job, which he no longer had. So what? There is no evidence that the vehicle was purchased having anything to do with the murder that occurred a week later, or the fraudulent papers were filled out, having anything to do with the murder, or that the vehicle was returned, having anything to do with the murder. Although the government argues (P1) that Mr. Offerd returned the vehicle immediately following the murder in an effort to "conceal that participation "in the murder, the government concedes (P7) that the dealership had been communicating with Mr. Offerd before the murder, asking him to return the car when they learned he wasn't employed.

9. The government further argues that, "even if Offerd's tendering of false records to the dealership is covered by F.R.E.404(b) rather than as direct evidence, it is admissible for the

3

non-propensity purpose of identification, and to stave off a quasi-alibi defense or related jury confusion regarding Offerd whereabouts the afternoon of the murder." What does that sentence even mean?

10. How false papers filled out to get the car a week before the murder are relevant to "identification" (whether he was in the car at the time of the murder, or shortly thereafter) is unclear. Further, although undersigned counsel is unfamiliar with a "quasi-alibi" defense to which the government refers, in any event the defense is required to give notice of an alibi defense and none has been given. And how and under what legal theory of admissibility is Offerd's purportedly false application record admissible to "stave off… jury confusion related to Offerd's whereabouts the afternoon of the murder."

11. Finally, regarding admissibility of the false auto paperwork, although the government is aware of *Old Chief v. United States*, 519, US 172, 180 (1997), they contend that any prejudice which the government concedes exists does not outweigh the probative value.

12. Other than showing that Offerd lied on the loan papers, there is no probative value. Moreover, if Offerd decides to exercise his right to testify, his ability to receive a fair trial will have been seriously compromised since the jury will be prejudiced, unfairly prejudiced, before he takes the stand, because they will have been given evidence in the government's case in chief that he is a liar.

For the reasons stated above, it is requested that this court either deny the government's "*Motion to Admit, Certain Acts as Direct Evidence of Charged Offenses, or, in the Alternative, Pursuant to Federal Rule of Evidence 404(b)*, for lack of specificity, or order the government to comply with the F.R.E. 404(b) notice requirements so that this court can determine whether and what evidence the government may appropriately introduce."

Respectfully submitted,

By: s/*Richard S. Kling*
Richard Kling

By: s/*John Somerville*
John Somerville

Richard S. Kling
Attorney for Defendant
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
312-906-5075
rkling@kentlaw.iit.edu

John Somerville
Attorney for Defendant
9924 S. Walden Parkway
Chicago, Illinois 60643
773-505-1706

**UNITED STATES DISTRICT COURT**
**NORHTERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 21-CR-618 |
| CHARLES LIGGINS, et al. | ) |
| | ) |
| Defendant(s). | ) |

**CERTIFICATE OF SERVICE**

    The undersigned, Richard S. Kling, attorney, hereby certifies that **DEFENDANT TACARLOS OFFERD'S REPLY TO GOVERNMENTS MOTION TO ADMIT, CERTAIN, ACTS AS DIRECT EVIDENCE OF CHARGED OFFENSES, OR, IN THE ALTERNATIVE, PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)** was served pursuant to the district court's ECF system on August 14, 2023.

                                                               By: s/*Richard S. Kling*
                                                                Richard Kling

Richard S. Kling
Attorney for Defendant
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
312-906-5075
rkling@kentlaw.iit.edu