UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | Plaintiff, | |
| v. | | Case No.: 1:21−cr−00618-3 |
| | | Honorable Martha M. Pacold |
| TACARLOS OFFERD | Defendant. | |

**DEFENDANT OFFERD'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT OFFERD'S MOTION TO SUPPRESS EVIDENCE**

**1. Defendant Has Reasonable Expectation of Privacy in the Subject Apartment.**

The Government's Response states Defendant has no reasonable expectation of privacy in the Subject Apartment.

At the time the Government searched the Subject Apartment, Mr. Offerd and his three-year old son lived in the Subject Apartment approximately 3 to 4 days each week for the previous approximate 3 weeks, he possessed a key that unlocked the entry door, occupied, entered and exited as he chose, during daytime or nighttime, slept overnight and kept personal items there. Individual A, the primary resident of the Subject Apartment, gave him permission to live there. Mr. Offerd had dominion and control over the Subject Apartment and could exclude others from it.

Mr. Offerd had a legitimate expectation of privacy in the Subject Apartment he was using and therefore can claim the protection of the Fourth Amendment with respect to a governmental invasion of those premises. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978).

Pursuant to Mr. Offerd's request, the Government admitted this search was unrecorded. Not recording this search is unreasonable.

Mr. Offerd's motion to suppress evidence should be granted.

### 2. Individual A Did not Consent to the Search of the Subject Apartment.

The Government's Response states Individual A consented to the search of the Subject Apartment.

Individual A, four children and Mr. Offerd awoke at 5:00am to FBI SWAT, ERT and SEARCH team members, approximately twelve Government agents, violently attempting to gain entry to the Subject Apartment, on the morning of this search. Shortly thereafter, Individual A's daughter and niece arrived.

Government agents ordered all eight people to get down onto the living room floor and while the young children were screaming in fear, Individual A refused the Government agent's request to search Subject Apartment. Government agents threatened her by saying her children would be taken away if she did not give them permission to search Subject Apartment. Government agents used the same threat to force her to sign a document the Government agents identified as a "search warrant". Individual A never read a "Consent to Search" form and Government agents never read a "Consent to Search" form to her.

Warrantless searches are presumptively unreasonable under the Fourth Amendment, but are permissible when someone with authority voluntarily consents to the search. See *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (1973). *Schneckloth* explains that "the question whether a consent to search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth*, 412 U.S. at 227. Courts may consider the following criteria: (1) the age, education and intelligence of the consenter ; (2) whether consenter was advised of their constitutional rights; (3) the length of detention prior to consent; (4) whether consenter consented immediately or police made repeated requests for consent; (5) whether physical coercion was used; (6) whether consenter was in custody.

Individual A did not voluntarily consent to the search of Subject Apartment, the Government conduct was unreasonable and Mr. Offerd's motion to suppress evidence should be granted.

3. **Information from a Pretrial Services Report (Report) in the Government's pleading should be stricken because it violates the confidentiality requirements of Local Criminal Rule 46.4 as well as Title 18 USC Section 3153(c)(1)**

The Government cites Mr. Offerd's Report for statements made by him of a residence address other than the Subject Apartment. Use of the Report in this way violates the confidentiality requirements of Local Criminal Rule 46.4 as well as Title 18 USC Section 3153(c)(1) and should be stricken.

## CONCLUSION

Mr. Offerd respectfully requests that this Court grant an evidentiary hearing and grant his motion to suppress evidence.

Respectfully submitted,
By: *s/John Somerville*
John Somerville

By: *s/Richard S. Kling*
Richard Kling


John Somerville
Attorney for Defendant
9924 S. Walden Parkway
Chicago, Illinois 60643
773-505-1706
jville62@gmail.com


Richard S. Kling
Attorney for Defendant
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
312-906-5075
rkling@kentlaw.iit.edu