UNITED STATES DISTRICT
COURT NORTHERN
DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 21 CR-618 |
| v. | ) | |
| | ) | |
| CHARLES LIGGINS, | ) | Honorable Martha M. Pacold |
| CHRISTOPHER THOMAS, | ) | |
|     Defendants. | ) | |

**CHRISTOPHER THOMAS' MOTION *IN LIMINE* TO
DELETE THE WRITTEN DESCRIPTIONS ADDED TO
THE CAMTASIA VIDEO**

    Now comes defendants Charles Liggins and Christopher Thomas, through their respective counsel, and hereby moves this Honorable Court to enter an order requiring the government to delete from the Camtasia video all written descriptions, arrows and any other indicators added to Camtasia video evidence.[1] In support of this motion counsel states:

    1. The government has tendered to the defense a video entitled Camtasia. The video purports to be a compilation of numerous surveillance videos spliced together depicting events that occurred on August 4, 2020, the date Carlton Weekly was killed, made by the Chicago Police Department (CPD). Added to this compiled video, however, are the government's written descriptions of the times, events, places, and arrows (hereinafter "written descriptions") informing the viewers—most importantly jurors-- what and to whom they should be directing their attention.

---

[1] The Camtasia Video is referenced in Christopher Thomas' Motion to Suppress Suggestive Identifications (Doc. # 168). It was provided to the Court under seal (Doc. # 207).

1

Highlights of the written descriptions are as follows: Fusion pulls in; Driver exits; Approximately 10 minutes later (these descriptions continuously advise the viewer how much time has expired, according to its author); Arrow pointing at a car and description saying, Driver Exits; Approximately 3:41 p.m. Fusion pulls in; Building Camera 6422 walk up; subjects runs out; red arrow pointing at someone (this occurs throughout the video); both cars pull out; numerous descriptions identifying Police Observation Device (POD) cameras indicating the POD number, the direction the car is traveling and arrows pointing at a specific vehicle.

2. The Camtasia video is the evidence. The written descriptions added to the video by the CPD are not evidence. They are nothing short of telling the jurors the government's version of what is happening. For example, the description "Subjects Run Out," is the government's theory of what is occurring. Whether the person depicted is a "subject" or just an ordinary citizen is for the jury to decide, not the government. The presentation of the video with the government's descriptions is argumentative and is not the evidence: the video is.

3. Moreover, the written descriptions on the video invade the province of the trier of fact. It is for them to determine if, for example, the car in the video is what the government purports it to be. Allowing these written descriptions to remain is tantamount to allowing the video to serve as testimony, but without the proper witness. The government is not entitled to bolster this video evidence by describing and interpreting what is seen on the video, according to them. The jurors are able, and it is their job alone to determine the content of the video. The written descriptions are improper.

WHEREORE, Christopher Thomas requests that this Court grant his aforesaid motion to delete the writings/markings currently on the Camtasia Video.

> Respectfully submitted,
> /s/ Keith Spielfogel and s/Ellen Domph
> Attorneys for Christopher Thomas
>
> /s/Cynthia Giacchetti and /s/Gregory Mitchell
> Attorneys for Charles Liggins

KEITH SPIELFOGEL
190 S. LaSalle St
Suite 540
Chicago, IL 60603
T: (312) 236-6021
spielfogel@sbcglobal.net

ELLEN R. DOMPH
53 W. Jackson Blvd.
Ste. 1523
Chicago, IL 60604
T: (312_ 922-2525
edomph@gmail.com

CYNTHIA GIACCHETTI
53 W. Jackson Blvd-Suite 1035
Chicago, Illinois 60604
312-939-6440

GREGORY T. MITCHELL
19150 Kedzie Avenue-Suite 205
Homewood, Illinois 60430
709-799-9325