UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff | ) | |
| | ) | No. 21 CR 618 |
| v. | ) | |
| | ) | Honorable Martha M. Pacold |
| CHARLES LIGGINS | ) | |
|     Defendant. | ) | |

### DEFENDANTS CHARLES LIGGINS' AND CHRISTOPHER THOMAS' PROPOSED STATEMENT OF THE CASE
### (ALTERNATIVE TO GOVERNMENT'S PROPOSED STATEMENT)

Count One of the indictment charges Defendants Charles Liggins, Kenneth Roberson, Tacarlos Offerd, Christopher Thomas, Marcus Smart, and Ralph Turpin, with the murder of Carlton Weekly, a/k/a "FBG Duck," in aid of racketeering activity. Count Two charges defendants Liggins, Roberson, Offerd, Thomas, and Smart with using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, namely, the murder of Weekly in aid of racketeering activity, and causing the death of Weekly through the use of the firearm. Count Three charges all six defendants with conspiracy to commit the murder of Weekly in aid of racketeering activity.

Counts Four and Six charge defendants Liggins, Roberson, Offerd, Thomas, and Smart with the assault with a dangerous weapon of Victim 1 and Victim 2, respectively, in aid of racketeering activity. Counts Five and Seven charge defendants Liggins, Roberson, Offerd, Thomas, and Smart with using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, namely, the assault with a dangerous weapon of Victim 1 and Victim 2, respectively, in aid of racketeering.

Mr. Liggins, Mr. Roberson, Mr. Offerd, Mr. Thomas, Mr. Smart, and Mr. Turpin have all pleaded not guilty to each of the particular charges against them. Each

defendant is presumed to be innocent of each of these charges. Before any defendant can be convicted the government must prove that defendant's guilt beyond a reasonable doubt.

DIFFERENCES BETWEEN DEFENDANTS LIGGINS' AND THOMAS'
PROPOSED STATEMENT OF THE CASE AND THE
GOVERNMENT'S PROPOSED STATEMENT OF THE CASE

The parties conferred in an attempt to submit an agreed Statement of the Case to the Court. However, they remain apart on two issues.

First, the Government's proposed statement of the case contains alleged "aka's" for each of the defendants. Although such "aka's" are often included in the title block of an indictment, they are generally not used in the Statement of the Case. For example, in both *United States v. Chester, et al.* 13 CR 774 (commonly known as the Hobos case) and *United States v. Blackman, et al.* 18 CR 728 (commonly known as the Goonies case), RICO/VICAR/Gang cases similar to the instant case, the indictments included "aka's" in the title block. However, the Statement of the Case read to the jury in both of those trials did not include the "aka's."

This is appropriate because, regardless of the "aka's" being in the title block, the Government has the burden of introducing evidence at trial sufficient to prove that those "akas" were actually used by the defendants. That has not been established yet and may be disputed at trial. Moreover, including "aka's" in the Statement of the Case is prejudicial to the Defendants as "aka's" in this context suggest criminal aliases.

During discussion the Government asserted that this case is different from the Hobos and Goonies cases because the "aka's" for three of the co- defendants (not Defendant Liggins or Defendant Thomas) are stage names used in video music performances. The Government is concerned that some potential jurors may be

familiar with these defendants through video music performances but not know their formal legal names and, therefore, not reveal that knowledge during jury selection.

Defendants Liggins and Thomas agree that any potential jurors who know the three co-defendants by their music performance stage names should to be identified so the parties can decide whether to challenge for cause or remove them with a peremptory challenge. However, such identification will not be accomplished by adding the "aka's" to the Statement of the Case. Realistically, potential jurors are most likely to miss the "aka's" as the Statement of the Case is read orally because they will be focusing on the description of the charges. Instead, the potential jurors should be asked specific direct questions about these video music performance stage names to determine if they are familiar with the three co-defendants under those names. This procedure will more directly and clearly deal with the issue while avoiding prejudice to Defendants Liggins and Thomas, who are not included in the Government's concern.

Second, the Government objects to the concepts of presumption of innocence and burden of proof being included in the Statement of the Case. This language is based on the Statement of the Case in the Hobos case and is appropriate here. The Government claims that these principles will be discussed with the potential jurors at another point in the jury selection process. However, these crucial Constitutional principles, which must guide the juror's decision making in this case, should be discussed more than once during jury selection. And it is important to include those concepts in the Statement of the Case because they should be emphasized at the time the charges are described as well as discussed more thoroughly elsewhere in the jury selection process.

Wherefore, Defendants Liggins and Thomas respectfully move this Court to use the Statement of the Case they propose above.

Respectfully submitted,

*/s/Cynthia Giacchetti*

*/s/Gregory Mitchell*
Attorneys for Defendant Charles Liggins

*/s/Ellen R. Domph*

*/s/Keith Spielfogel*
Attorneys for Defendant Christopher Thomas

CYNTHIA GIACCHETTI
53 W. Jackson Blvd-Suite 1035
Chicago, Illinois 60604
312-939-6440

GREGORY T. MITCHELL
19150 Kedzie Avenue-Suite 205
Homewood, Illinois 60430
709-799-9325

Ellen R. Domph
53 W. Jackson Blvd., Suite 1523
Chicago, IL 60604
(312) 922-2525

Keith Spielfogel
190 S. LaSalle St., Suite 540
Chicago, IL 60603
(312) 236-6021