UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 618 |
| v. | |
| CHARLES LIGGINS, et al | Honorable Martha M. Pacold |

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

The government respectfully submit the attached Proposed Jury Instructions and Verdict Forms. The instructions are based upon the William J. Bauer Pattern Criminal Jury Instructions (2022), and upon the anticipated trial evidence. The parties may ask the Court for permission to supplement this submission as appropriate.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:  /s/ *Ann Marie E. Ursini*
JASON A. JULIEN
ANN MARIE E. URSINI
CAITLIN WALGAMUTH
SEAN HENNESSY
Assistant U.S. Attorneys
219 South Dearborn, Room 500
Chicago, Illinois 60604
(312) 353-5300

# CONTENTS

GENERAL INSTRUCTIONS.................................................................................................. 4

    Functions of Court and Jury ............................................................................................ 4

    Presumption of Innocence/Burden of Proof................................................................. 6

    The Evidence ...................................................................................................................... 7

    Considering the Evidence ................................................................................................ 8

    Direct and Circumstantial Evidence .............................................................................. 9

    Number of Witnesses ..................................................................................................... 10

    Defendant's Failure to Testify or Present Evidence .................................................. 11

    Credibility of Witnesses ................................................................................................. 12

    Attorney Interviewing Witnesses ................................................................................. 13

    [If Needed] Prior Inconsistent Statements ................................................................. 14

    Witnesses Requiring Special Caution .......................................................................... 15

    Identification Testimony ................................................................................................. 16

    Opinion Testimony ......................................................................................................... 17

    Transcripts ........................................................................................................................ 18

    Summaries Received in Evidence ................................................................................. 19

    Juror Note-Taking........................................................................................................... 20

    Date of Crime Charged .................................................................................................. 21

    Separate Consideration – Multiple Crimes ................................................................. 22

    Separate Consideration – Multiple Defendants ......................................................... 23

    Punishment ...................................................................................................................... 24

    Definition of "Knowingly" ............................................................................................ 25

    Joint Venture.................................................................................................................... 26

    Aiding and Abetting ....................................................................................................... 27

INSTRUCTIONS FOR COUNT ONE................................................................................ 28

    "Murder" for Count One................................................................................................ 30

    Accountability for Murder ............................................................................................ 32

    Definition of "Enterprise" ............................................................................................. 33

    Definition of "Interstate Commerce" .......................................................................... 34

    Definition of "Racketeering Activity" ......................................................................... 35

Racketeering Activity – Murder ............................................................ 36

Racketeering Activity – Controlled Substance Offenses ........................ 37

INSTRUCTIONS FOR COUNT TWO ....................................................... 38

Using or Carrying a Firearm During and In Relation to a Murder – Accountability Theory Elements .................................................................................. 38

"Use of a Firearm" ................................................................................. 40

Definition of "During" .......................................................................... 41

"In Relation To" .................................................................................... 42

COUNT TWO: SPECIAL FINDINGS ....................................................... 44

INSTRUCTIONS FOR COUNT THREE .................................................... 47

Conspiracy to Murder Carlton Weekly in Aid of Racketeering Activity ............... 47

Definition of "Conspiracy" .................................................................... 49

Membership in Conspiracy .................................................................... 50

INSTRUCTIONS FOR COUNT THREE .................................................... 51

Conspiracy to Murder Carlton Weekly in Aid of Racketeering Activity – Accountability Theory Elements ........................................................... 51

INSTRUCTIONS FOR COUNT FOUR ..................................................... 52

Assault of Victim 1 ............................................................................... 52

"Assault With a Dangerous Weapon" For Count Four ........................... 54

Accountability for Assault ..................................................................... 55

INSTRUCTIONS FOR COUNT FIVE ....................................................... 56

Use or Carrying of Firearm – Assault of Victim 1 ................................. 56

COUNT FIVE: SPECIAL FINDINGS ....................................................... 58

INSTRUCTIONS FOR COUNT SIX.......................................................... 60

Assault of Victim 2 ............................................................................... 60

"Assault With a Dangerous Weapon" For Count Six .............................. 62

Accountability for Assault ..................................................................... 63

Use or Carrying of Firearm – Assault of Victim 2 ................................. 64

COUNT SEVEN: SPECIAL FINDINGS ................................................... 66

JURY DELIBERATIONS .......................................................................... 68

VERDICT FORM .................................................................................... 70

UNANIMITY............................................................................................ 71

## GENERAL INSTRUCTIONS

## <u>Functions of Court and Jury</u>

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

INSTRUCTION NO. 1
Bauer Pattern Instructions 1.01

## The Charges

The charges against the defendants is in a document called an indictment. You will have a copy of the indictment during your deliberations. The indictment in this case charges that the defendants committed murder as a violent crime in aid of racketeering activity, assault as a violent crime in aid of racketeering activity, conspiracy to murder in aid of racketeering activity, use of a firearm during and in relation to murder in aid of racketeering activity, and use of a firearm during and in relation to assault in aid of racketeering activity. The defendants have pled not guilty to the charges.

The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

INSTRUCTION NO. 2
Bauer Pattern Instructions 1.02

## Presumption of Innocence/Burden of Proof

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

INSTRUCTION NO. 3
Bauer Pattern Instructions 1.03

## **The Evidence**

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

INSTRUCTION NO. 4
Bauer Pattern Instructions 2.01

## **Considering the Evidence**

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

INSTRUCTION NO. 5
Bauer Pattern Instructions 2.02

## **Direct and Circumstantial Evidence**

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

INSTRUCTION NO. 6
Bauer Pattern Instructions 2.03

## **Number of Witnesses**

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

INSTRUCTION NO. 7
Bauer Pattern Instructions 2.04

## Defendant's Failure to Testify or Present Evidence

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.

INSTRUCTION NO. 8
Bauer Pattern Instructions 2.05

## **Credibility of Witnesses**

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

INSTRUCTION NO. 9
Bauer Pattern Instructions 3.01

## **Attorney Interviewing Witnesses**

It is proper for an attorney to interview any witness in preparation for trial.

INSTRUCTION NO. 10
Bauer Pattern Instructions 3.02

## **[If Needed] Prior Inconsistent Statements**

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court. If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

INSTRUCTION NO. 11
Bauer Pattern Instructions 3.03

## Witnesses Requiring Special Caution

You have heard testimony from witnesses who were promised, received, or expected a benefit in return for his testimony or cooperation with the government.

You may give this witness's testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

INSTRUCTION NO. 12
Bauer Pattern Instructions 3.05

## **Identification Testimony**

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness' belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

INSTRUCTION NO. 13
Bauer Pattern Instructions 3.12

**<u>Opinion Testimony</u>**

You have heard a witness who gave opinions and testimony about a certain subject. Namely, you heard from:

- Dr. Benjamin J. Soriano, who gave opinions about the cause of death of Carlton Weekly, a/k/a "FBG Duck."

- Dr. Lawrence Lim, who gave opinions about the injuries and causes of injuries sustained by Victim 1;

- Dr. Anne Stey, who gave opinions about the injuries and causes of injuries sustained by Victim 2;

- Caryn Tucker, who provided opinions on firearms and toolmark identification; and

- Jeremy Bauer, who gave opinions and testimony about the analysis of cellular phone location data in this investigation.

You do not have to accept the witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he or she reached his or her conclusions, and the factors I have described for determining the believability of testimony.

INSTRUCTION NO. 14
Bauer Pattern Instructions 3.13

17

**Transcripts**

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations and video recordings to help you follow the recordings as you listened. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation or video recording and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned. You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.

I am providing you with the video recordings and a device with instructions on its use. It is up to you to decide whether to watch the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

If, during your deliberations, you wish to have another opportunity to view a transcript as you listen to a recording, send a written message to the court security officer, and I will provide you with the transcript.

INSTRUCTION NO. 15
Bauer Pattern Instructions 3.14

18

## **Summaries Received in Evidence**

Certain summaries were admitted in evidence. You may use those summaries as evidence.

INSTRUCTION NO. 16
Bauer Pattern Instructions 3.16

**Juror Note-Taking**

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

INSTRUCTION NO. 17
Bauer Pattern Instructions 3.18

## **Date of Crime Charged**

The indictment charges that the crimes happened "on or about" August 4, 2020. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on the exact date.

INSTRUCTION NO. 18
Bauer Pattern Instructions 4.05 Date of Crime Charged

## **Separate Consideration – Multiple Crimes**

The defendants have been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately.  Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

INSTRUCTION NO. 19
Bauer Pattern Instructions 4.06 Separate Consideration – Multiple Charges

**Separate Consideration – Multiple Defendants**

Even though the defendants are being tried together, you must consider each defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

INSTRUCTION NO. 20
Bauer Pattern Instructions 4.07 Separate Consideration – Multiple Defendants

**Punishment**

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

INSTRUCTION NO. 21
Bauer Pattern Instructions 4.08 Punishment

## **Definition of "Knowingly"**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what a defendant did or said.

INSTRUCTION NO. 22
Bauer Pattern Instructions 4.10 Definition of Knowingly

## **Joint Venture**

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

INSTRUCTION NO. 23
Bauer Pattern Instructions 5.05 Joint Venture

**Aiding and Abetting**

In connection with all seven of the counts charged, which I will instruct you on momentarily, you should also bear in mind the concept of aiding and abetting.

As to each of the crimes charged, a defendant can be convicted if he committed the offense himself. Additionally, a defendant who knowingly aids the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed. A person who aids and abets a crime is just as guilty as a person who personally commits the crime.

In order for you to find a defendant guilty on this basis, the government must prove, beyond a reasonable doubt, that:

1. The crime was committed, as set forth in the instructions I will provide;

2. The defendant participated in the criminal activity and tried to make it succeed; and

3. The defendant did so knowingly.

INSTRUCTION NO. 24
Bauer Pattern Instructions 5.06, 5.06(a) Aiding and Abetting

## INSTRUCTIONS FOR COUNT ONE

Count One of the indictment charges defendants Charles Liggins, Kenneth Roberson, Tacarlos Offerd, Christopher Thomas, Marcus Smart, and Ralph Turpin, with the murder and aiding and abetting the murder of Carlton Weekly, a/k/a "FBG Duck," in aid of racketeering activity.

In order for you to find a defendant guilty of each of these counts, the government must prove the following five elements beyond a reasonable doubt:

1.    The O-Block Street Gang was an enterprise;

2.    The enterprise was engaged in racketeering activity;

3.    The activities of the enterprise affected interstate commerce;

4.    The defendant you are considering committed the crime of violence identified in that count, namely, the murder of Carlton Weekly;

5.    The defendant you are considering committed the crime of violence to maintain or increase his position in the enterprise. The government does not have to prove this was the defendant's sole or principal purpose in committing the murder.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

28

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

INSTRUCTION NO. 25
Bauer Pattern Instructions 4.01, 18 U.S.C. § 1959(a) Violent Crimes in Aid of Racketeering Activity, Page 816.

### "Murder" for Count One

Under Illinois law, a person commits the offense of murder when he kills an individual if, in performing the acts which cause the death,

(1) he intends to kill or do great bodily harm to that individual or another; or

(2) he knows that such acts will cause death to that individual or another; or

(3) he knows that such acts create a strong probability of death or great bodily harm to that individual or another.

INSTRUCTION NO. 26

Chapter 720, Illinois Compiled Statutes, Sections 5/9-1(a), 5/5-1, and 5/5-2; Illinois
Pattern Jury Instruction 7.01, Definition of First-Degree Murder

## **Accountability for Murder**

Under Illinois law, a person is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of the offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of the offense.

INSTRUCTION NO. 27
Chapter 720, Illinois Compiled Statutes, Section 5/5-2

## Definition of "Enterprise"

The term "enterprise" can include a group of people associated together for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal.

In considering whether a group is an "enterprise," you may consider whether it has an ongoing organization or structure, either formal or informal, and whether the various members of the group functioned as a continuing unit. A group may continue to be an "enterprise" even if it changes membership by gaining or losing members over time.

The government must prove that the group described in the indictment was the "enterprise" charged, but need not prove each and every allegation in the indictment about the enterprise or the manner in which the enterprise operated. The government need not prove the association had any form or structure beyond the minimum necessary to conduct the charged racketeering activity.

INSTRUCTION NO. 28
Bauer Pattern Instructions, 18 U.S.C. § 1961(4), Page 820.

## Definition of "Interstate Commerce"

"Interstate commerce" includes the movement of money, goods, services or persons from one state to another. This would include the purchase or sale of goods or supplies from outside Illinois, the use of interstate mail or wire facilities, or the causing of any of those things. If you find that beyond a reasonable doubt either (a) that O-Block made, purchased, sold or moved goods or services that had their origin or destination outside Illinois, or (b) that the actions of O-Block affected in any degree the movement of money, goods or services across state lines, then interstate commerce was engaged in or affected.

The government need only prove that O-Block as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that the defendant engaged in interstate commerce, or that the acts of the defendant affected interstate commerce.

INSTRUCTION NO. 28
Bauer Pattern Instructions, 18 U.S.C. § 1962, Definition of "Interstate Commerce," Page 822

34

## <u>Definition of "Racketeering Activity"</u>

The law defines "racketeering activity" as follows:

A.      Acts involving murder, in violation of the laws of the State of Illinois;

B.      Offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

INSTRUCTION NO. 30
18 U.S.C. §§ 1959(b)(1) and 1961(1)

**<u>Racketeering Activity – Murder</u>**

These offenses are further defined as follows:

Under Illinois law, a person commits the offense of murder when he kills an individual if, in performing the acts which cause the death,

(1) he intends to kill or do great bodily harm to that individual or another; or

(2) he knows that such acts will cause death to that individual or another; or

(3) he knows that such acts create a strong probability of death or great bodily harm to that individual or another.

INSTRUCTION NO. 31
Chapter 720, Illinois Compiled Statutes, Sections 5/9-1(a), 5/5-1, and 5/5-2; Illinois Pattern Jury Instruction 7.01, Definition of First-Degree Murder

**<u>Racketeering Activity – Controlled Substance Offenses</u>**

Under federal law, a person commits a controlled substance offense if he

1.      knowingly:

      a.      distributes cocaine, cocaine base, heroin, or marijuana; or

      b.      possesses cocaine, cocaine base, heroin, or marijuana with the

intent to distribute it; and

2.      knew that the substance was some kind of controlled substance. The

government is not required to prove that the offender knew the substance was

cocaine, cocaine base, heroin, or marijuana.

A person "distributes" a controlled substance if he delivers or transfers

possession of the controlled substance to someone else, or causes a person to deliver

or transfer possession of the controlled substance to another person.

INSTRUCTION NO. 32
Bauer Pattern Instructions 21 U.S.C. §§ 841(a)(1), Page 990

37

## INSTRUCTIONS FOR COUNT TWO

### Using or Carrying a Firearm During and In Relation to a Murder – Accountability Theory Elements

Count Two of the indictment charges defendants Charles Liggins, Christopher Thomas, Marcus Smart, Kenneth Roberson and Tacarlos Offerd with the use or carrying of a firearm or aiding and abetting the use or carrying of a firearm in relation to a crime of violence, namely the murder of Carlton Weekly as charged in Count One of the indictment.

In order for you to find a defendant guilty of this count, the government must prove the following elements beyond a reasonable doubt that the defendant you are considering:

    A. Knowingly used or carried during and in relation to the murder of Carlton Weekly as charged in Count One; **or**

    B. Had advance knowledge that a participant would use or carry a firearm during and in relation to the murder of Carlton Weekly as charged in Count One, and having such knowledge, intentionally facilitated the murder of Carlton Weekly as charged in Count One.

"Advance knowledge" means knowledge at a time the defendant had a realistic opportunity to either attempt to alter the plan or to withdraw from it. It is sufficient if the knowledge is gained in the midst of the underlying crime, as long as the defendant had a realistic opportunity to withdraw but continued to participate in the crime.

38

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

INSTRUCTION NO. 33
Bauer Pattern Instructions 18 U.S.C. § 924(c), Page 376, 18 U.S.C. § 924(c) – Accountability Theory, Page 380, Definition of "Advance Knowledge," Page 381, Aiding and Abetting, Page 95

## **<u>"Use of a Firearm"</u>**

"Use" of a firearm means the active employment of a firearm.  The term is not limited to use as a weapon, and includes brandishing, displaying, bartering, striking with, firing, and attempting to fire a firearm. A defendant's reference to a firearm calculated to bring about a change in the circumstances of the offense constitutes "use" during and in relation to a crime. However, mere possession or storage of a firearm at or near the site of the crime is not enough to constitute use of that firearm.

INSTRUCTION NO. 34
Bauer Pattern Instructions 18 U.S.C. § 924(c) –Definition of "Use," Page 383

## <u>Definition of "During"</u>

"During" means at any point within the offense conduct charged in the indictment.

INSTRUCTION NO. 35
Bauer Pattern Instructions 18 U.S.C. § 924(c) –Definition of "During," Page 385

## **"In Relation To"**

A person uses a firearm "in relation to" a crime if there is a connection between the use or carrying of the firearm and the crime of violence or drug trafficking crime. The firearm must have some purpose or effect with respect to the crime; its presence or involvement cannot be the result of accident or coincidence. The firearm must at least facilitate, or have the potential of facilitating, the crime.

INSTRUCTION NO. 36
Bauer Pattern Instructions 18 U.S.C. § 924(c) –Definition of "In Relation To," Page 386

## <u>Definition of "Firearm"</u>

"Firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

INSTRUCTION NO. 37
Bauer Pattern Instructions 18 U.S.C. § 924(c) –Definition of "Firearm" Page 389

## **Count Two: Special Findings**

If you find one or more defendants guilty of Count Two – that is, using or carrying, or aiding and abetting the use and carrying, of a firearm during an in relation to the murder of Carlton Weekly as alleged in Count One – then you must make three additional determinations with respect to that defendant or defendants.

**First**, if you find a defendant guilty of Count Two, you must then determine whether the government has proven beyond a reasonable doubt that the defendant **brandished** or aided and abetted the brandishing of a firearm during an in relation to the murder of Carlton Weekly as alleged in Count One of the indictment. To "brandish" a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

You will see on the verdict form a question about whether the defendant brandished or aided and abetted the brandishing of a firearm during and in relation to a murder.

If you find the government has proven beyond a reasonable doubt that a defendant brandished or aided and abetted the brandishing of a firearm, then you should answer the question "Yes" for that defendant. If you find that the government has not proven beyond a reasonable doubt that a defendant brandished or aided and abetted the brandishing of a firearm, then you should answer the question "No" for that defendant.

44

**Second**, if you find a defendant guilty of Count Two, you must determine whether the government has proven beyond a reasonable doubt that the defendant(s) **discharged** or aided and abetted the discharge of a firearm during an in relation to the murder of Carlton Weekly.   You will see on the verdict form a question about whether the defendants aided and abetted the discharge of a firearm during and in relation to a murder.

If you find the government has proven beyond a reasonable doubt that a defendant discharged or aided and abetted the discharge of a firearm, then you should answer the question "Yes" for that defendant. If you find that the government has not proven beyond a reasonable doubt that a defendant discharged or aided and abetted the discharge of a firearm, then you should answer the question "No" for that defendant.

**Third**, if you find a defendant guilty of Count Two, that is, the use or carrying of a firearm during an in relation to the killing of Carlton Weekly, you will also be asked to determine whether the government has provide beyond a reasonable doubt that the defendant you are considering **caused** the killing of Carlton Weekly **through the use of a firearm** or aiding and abetted the causing of the killing of Carlton Weekly through the use of a firearm whether the killing was committed with "**malice aforethought**."

A person acts with "malice aforethought" if the person takes someone else's life deliberately and intentionally, or willfully acts with callous disregard for human life, knowing that a serious risk of death or serious bodily harm would result.  Once

again, you should consider this question only if you have found that the government has proven at least one defendant guilty of the offense charged in Count Two the indictment.

Again, you will see on the verdict form a question about this finding and you should answer "yes" if the government has proved this finding beyond a reasonable doubt and answer "no" if the government has not proved this finding beyond a reasonable doubt.

If you find a defendant not guilty of Count Two, you should not make these three additional determinations with respect to that defendant.

INSTRUCTION NO. 38
Bauer Pattern Instructions 18 U.S.C. § 924 – Special Verdict Instructions, Page 391, Definition of "Malice Aforethought," Page 594 18 U.S.C. §§ 924(c), 924(j), and 1111.[1]

---

[1] Under 18 U.S.C. § 1111(a), murder in the first degree is a killing with both malice aforethought and premeditation, and murder in the second degree requires only malice aforethought, without premeditation. 18 U.S.C. § 224(j) does not distinguish between first degree or second-degree murder, and only requires the jury make a determination as to whether the killing was murder punishable by death or life imprisonment. Per 18 USC. § 1111(b) second degree murder is punishable by any term of years or life. Therefore, Section 924(j)(1) does not distinguish between murder in the first or second degree. Accordingly, an instruction regarding "premeditation" is neither required nor included here.

## INSTRUCTIONS FOR COUNT THREE

### Conspiracy to Murder Carlton Weekly in Aid of Racketeering Activity

Count Three of the indictment charges defendants Charles Liggins, Kenneth Roberson, Tacarlos Offerd, Christopher Thomas, and Marcus Smart, with conspiring to kill Carlton Weekly in aid of racketeering activity.

In order for you to find a defendant guilty of this count, the government must prove the following five elements beyond a reasonable doubt:

1. The O-Block Street Gang was an enterprise;

2. The enterprise was engaged in racketeering activity;

3. The activities of the enterprise affected interstate commerce;

4. The defendant conspired to commit the murder of Carlton Weekly; and

5. The defendant's purpose in conspiring to commit the murder of Carlton Weekly was to maintain or increase his position in the enterprise. The government does not have to prove this was the defendant's sole or principal purpose in committing the murder.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

INSTRUCTION NO. 39
Bauer Pattern Instructions 18 U.S.C. § 1959(a) Violent Crimes in Aid of Racketeering Activity, Page 816

## Definition of "Conspiracy"

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal was not accomplished. In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

INSTRUCTION NO. 40
Bauer Pattern Instructions 5.09 – Definition of Conspiracy

## **Membership in Conspiracy**

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goal of the conspiracy was to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goal of the conspiracy and knowingly joined the conspiracy. A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether [the; a] defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

INSTRUCTION NO. 41
Bauer Pattern Instructions 5.10 – Membership in Conspiracy

## INSTRUCTIONS FOR COUNT THREE

### Conspiracy to Murder Carlton Weekly in Aid of Racketeering Activity – Accountability Theory Elements

Count Three of the indictment charges defendant Ralph Turpin with aiding and abetting a conspiracy to kill Carlton Weekly in aid of racketeering activity.

In order for you to find a defendant guilty of this count, the government must prove the following three elements beyond a reasonable doubt:

1. The crime of conspiracy to kill Carlton Weekly in aid of racketeering activity was committed as set forth in Count Three of the indictment and according to my previous instructions; and

2. Defendant Ralph Turpin participated in the conspiracy and tried to make it succeed; and

3. Ralph Turpin did so knowingly.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

INSTRUCTION NO. 42
Bauer Pattern Instructions 18 U.S.C. § 1959(a) Violent Crimes in Aid of Racketeering Activity, Page 816, 5.06(A) – Aiding and Abetting

## INSTRUCTIONS FOR COUNT FOUR

### Assault of Victim 1

Count Four of the indictment charges defendants Charles Liggins, Kenneth Roberson, Tacarlos Offerd, Christopher Thomas, and Marcus Smart with assault with a dangerous weapon upon Victim 11 in aid of racketeering activity.

In order for you to find a defendant guilty of this, the government must prove the following five elements beyond a reasonable doubt:

1.      The O-Block Street Gang was an enterprise;

2.      The enterprise was engaged in racketeering activity;

3.      The activities of the enterprise affected interstate commerce;

4.      The defendant you are considering committed the crime of violence identified in that count, namely, the assault with a dangerous weapon upon Victim 11 as charged in Count Four); and

5.      The defendant you are considering committed the crime of violence to maintain or increase his position in the enterprise. The government does not have to prove this was the defendant's sole or principal purpose in committing the murder.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

INSTRUCTION NO. 43
Bauer Pattern Instructions 4.01, 18 U.S.C. § 1959(a) Violent Crimes in Aid of Racketeering Activity, Page 816.

**"Assault With a Dangerous Weapon" For Count Four**

With respect to Count Four, "assault with a dangerous weapon" occurs where a person knowingly and without justification, discharges a firearm and causes injury to another person, in committing a battery.

INSTRUCTION NO. 44
Chapter 720, Illinois Compiled Statutes, Sections 5/12-2(c), 5/12-3.05(e)(1), 5/5-1, and 5/5-2.[2]

---

[2] "While Section [1959] proscribes murder, kidnapping, maiming, assault with a dangerous weapon, and assault resulting in serious bodily injury in violation of federal or State law, it is intended to apply to these crimes in a generic sense, whether or not a particular State has chosen those precise terms for such crimes." 129 Cong. Rec. 22, 906 (98th Cong. 1st Sess. Aug 4, 1983).

## **Accountability for Assault**

Under Illinois law, a person is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of the offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of the offense.

INSTRUCTION NO. 45
Chapter 720, Illinois Compiled Statutes, Section 5/5-2

## INSTRUCTIONS FOR COUNT FIVE

### **Use or Carrying of Firearm – Assault of Victim 1**

Count Five of the indictment charges defendants Charles Liggins, Kenneth Roberson, Tacarlos Offerd, Christopher Thomas, and Marcus Smart with the use or carrying of a firearm, or aiding and abetting the use or carrying of a firearm, in relation to a crime of violence, namely, assault with a dangerous weapon upon Victim 1 in aid of racketeering activity.

In order for you to find a defendant guilty of this count, the government must prove the following elements beyond a reasonable doubt that the defendant you are considering:

    A. Knowingly used or carried a firearm during and in relation to the assault of Victim 11 as charged in Count Four; **or**

    B. Had advance knowledge, as I previously instructed, that a participant would use or carry a firearm during and in relation to the assault of Victim 11, and having such knowledge, intentionally facilitated the assault of Victim 11.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

INSTRUCTION NO. 46
Bauer Pattern Instructions 18 U.S.C. § 924(c), Page 376

## Count Five: Special Findings

If you find one or more defendants guilty of Count Five, related to the carrying or use of a firearm during the assault of Victim 11, you must then make additional determinations with respect to that count or count and that defendant or defendants.

**First**, if you find a defendant guilty of Count Five, you must then determine whether the government has proven beyond a reasonable doubt that the defendant **brandished** or aided and abetted the brandishing of a firearm during an in relation to the assault of Victim 11 as alleged in Count Four of the indictment. To "brandish" a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

You will see on the verdict form a question about whether the defendant brandished or aided and abetted the brandishing of a firearm during and in relation to a assault.

If you find the government has proven beyond a reasonable doubt that a defendant brandished or aided and abetted the brandishing of a firearm during and in relation to the assault of Victim 11 as alleged in Count Four of the indictment, then you should answer the question "Yes" for that defendant. If you find that the government has not proven beyond a reasonable doubt that a defendant brandished or aided and abetted the brandishing of a firearm during and in relation to the

58

assault of Victim 1 as alleged in Count Four of the indictment, then you should answer the question "No" for that defendant.

**Second**, if you find a defendant guilty of Count Five, you must determine whether the government has proven beyond a reasonable doubt that the defendant(s) **discharged** or aided and abetted the discharge of a firearm during and in relation to the assault of Victim 11 as alleged in Count Four of the indictment.   You will see on the verdict form a question about whether the defendants aided and abetted the discharge of a firearm during and in relation to a murder.

If you find the government has proven beyond a reasonable doubt that a defendant discharged or aided and abetted the discharge of a firearm during and in relation to the assault of Victim 11 as alleged in Count Four of the indictment, then you should answer the question "Yes" for that defendant. If you find that the government has not proven beyond a reasonable doubt that a defendant discharged or aided and abetted the discharge of a firearm during and in relation to the assault of Victim 11 as alleged in Count Four of the indictment, then you should answer the question "No" for that defendant.

INSTRUCTION NO. 47
Bauer Pattern Instructions 18 U.S.C. § 924 – Special Verdict Instructions, Page 391; 18 U.S.C. §§ 924(c)

## INSTRUCTIONS FOR COUNT SIX

### **Assault of Victim 2**

Count Six of the indictment charges defendants Charles Liggins, Kenneth Roberson, Tacarlos Offerd, Christopher Thomas, and Marcus Smart with assault with a dangerous weapon upon Victim2Victim 2 in aid of racketeering activity.

In order for you to find a defendant guilty of this count, the government must prove the following five elements beyond a reasonable doubt:

1.     The O-Block Street Gang was an enterprise;

2.     The enterprise was engaged in racketeering activity;

3.     The activities of the enterprise affected interstate commerce;

4.     The defendant you are considering committed the crime of violence identified in that count, namely the assault with a dangerous weapon upon Victim 2 (as charged in Count Six); and

5.     The defendant you are considering committed the crime of violence maintain or increase his position in the enterprise. The government does not have to prove this was the defendant's sole or principal purpose in committing the murder.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

INSTRUCTION NO. 48
Bauer Pattern Instructions 4.01, 18 U.S.C. § 1959(a) Violent Crimes in Aid of Racketeering Activity, Page 816

## **"Assault With a Dangerous Weapon" For Count Six**

With respect to Count Six, "assault with a dangerous weapon" occurs where a person knowingly and without justification, discharges a firearm and causes injury to another person, in committing a battery.

INSTRUCTION NO. 49
Chapter 720, Illinois Compiled Statutes, Sections 5/12-2(c), 5/12-3.05(e)(1), 5/5-1, and 5/5-2.[3]

---

[3] "While Section [1959] proscribes murder, kidnapping, maiming, assault with a dangerous weapon, and assault resulting in serious bodily injury in violation of federal or State law, it is intended to apply to these crimes in a generic sense, whether or not a particular State has chosen those precise terms for such crimes." 129 Cong. Rec. 22, 906 (98th Cong. 1st Sess. Aug 4, 1983).

## **Accountability for Assault**

Under Illinois law, a person is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of the offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of the offense.

INSTRUCTION NO. 50
Chapter 720, Illinois Compiled Statutes, Section 5/5-2

## INSTRUCTIONS FOR COUNT SEVEN
## <u>Use or Carrying of Firearm – Assault of Victim 2</u>

Count Seven of the indictment charges defendants Charles Liggins, Kenneth Roberson, Tacarlos Offerd, Christopher Thomas, and Marcus Smart with the use of a firearm during and in relation to a crime of violence, namely, assault with a dangerous weapon upon Victim 2 in aid of racketeering activity as charged in Count Six of the indictment.

In order for you to find a defendant guilty of this count, the government must prove the following elements beyond a reasonable doubt that the defendant you are considering:

    A. Knowingly used or carried a firearm during and in relation to the assault of Victim 2 as charged in Count Six; **<u>or</u>**

    B. Had advance knowledge, as I previously instructed, that a participant would use or carry a firearm during and in relation to the assault of Victim 2 as charged in Count Six, and having such knowledge, intentionally facilitated the assault of Victim 2.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

64

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

INSTRUCTION NO. 51
Bauer Pattern Instructions 18 U.S.C. § 924(c), Page 376

## Count Seven: Special Findings

If you find one or more defendants guilty of Count Seven, related to the carrying or use of a firearm during and in relation to the assault of Victim 2 as charged in Count Six, you must then make additional determinations with respect to that count or count and that defendant or defendants.

**First**, if you find a defendant guilty of Count Seven, you must then determine whether the government has proven beyond a reasonable doubt that the defendant **brandished** or aided and abetted the brandishing of a firearm during an in relation to the assault of Victim 2 as alleged in Count Six of the indictment. To "brandish" a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

You will see on the verdict form a question about whether the defendant brandished or aided and abetted the brandishing of a firearm during and in relation to the assault.

If you find the government has proven beyond a reasonable doubt that a defendant brandished or aided and abetted the brandishing of a firearm during and in relation to the assault of Victim 2 as alleged in Count Six of the indictment, then you should answer the question "Yes" for that defendant. If you find that the government has not proven beyond a reasonable doubt that a defendant brandished or aided and abetted the brandishing of a firearm during and in relation to the

assault of Victim 2 as alleged in Count Six of the indictment, then you should answer the question "No" for that defendant.

**Second**, if you find a defendant guilty of Count Seven, you must determine whether the government has proven beyond a reasonable doubt that the defendant(s) **discharged** or aided and abetted the discharge of a firearm during and in relation to the assault of Victim 2 as alleged in Count Six of the indictment. You will see on the verdict form a question about whether the defendants aided and abetted the discharge of a firearm during and in relation to a murder.

If you find the government has proven beyond a reasonable doubt that a defendant discharged or aided and abetted the discharge of a firearm during and in relation to the assault of Victim 2 as alleged in Count Six of the indictment, then you should answer the question "Yes" for that defendant. If you find that the government has not proven beyond a reasonable doubt that a defendant discharged or aided and abetted the discharge of a firearm during and in relation to the assault of Victim 2 as alleged in Count Six of the indictment, then you should answer the question "No" for that defendant.

INSTRUCTION NO. 52
Bauer Pattern Instructions 18 U.S.C. § 924 – Special Verdict Instructions, Page 391; 18 U.S.C. §§ 924(c)

**Jury Deliberations**

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

INSTRUCTION NO. 53
Bauer Pattern Instructions 7.01 Jury Deliberations

## **Verdict Form**

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

INSTRUCTION NO. 54
Bauer Pattern Instructions 7.02 Verdict Form

## **Unanimity**

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

INSTRUCTION NO. 55
Bauer Pattern Instructions 7.03 Unanimity/Disagreement Among Jurors

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 21 CR 618 |
| v. | ) | |
| | ) | Honorable Martha M. Pacold |
| CHARLES LIGGINS, a/k/a "C Murda" | ) | |

## **VERDICT FORM**

### **COUNT ONE**
### **Murder in Aid of Racketeering Activity (Carlton Weekly)**

With respect to Count One of the indictment, we, the Jury, find defendant Charles Liggins:

NOT GUILTY ☐                    GUILTY ☐

### **COUNT TWO**
### **Carry or Use of a Firearm During and in Relation to Count One**

With respect to Count Two of the indictment, we, the Jury, find defendant Charles Liggins:

NOT GUILTY ☐                    GUILTY ☐

If you find defendant Charles Liggins guilty of Count Two you must also answer the following:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the killing of Carlton Weekly:

    NO          ☐                    YES          ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the killing of Carlton Weekly:

    NO          ☐                    YES          ☐

3. Was the killing of Carlton Weekly an unlawful killing with malice aforethought?

    NO          ☐                    YES          ☐

72

**COUNT THREE**
**Conspiracy to Commit Murder in Aid of Racketeering**

With respect to Count Three of the indictment, we, the Jury, find defendant Charles Liggins:

NOT GUILTY ☐                    GUILTY ☐

**COUNT FOUR**
**Assault in Aid of Racketeering Activity (Victim 1)**

With respect to Count Four of the indictment, we, the Jury, find defendant Charles Liggins:

NOT GUILTY ☐                    GUILTY ☐

**COUNT FIVE**
**Carry or Use of a Firearm During and in Relation to Count Four (Victim 1)**

With respect to Count Five of the indictment, we, the Jury, find defendant Charles Liggins:

NOT GUILTY ☐                    GUILTY ☐

If you find defendant Charles Liggins guilty of Count Five you must also answer the following questions:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the assault on Victim 1:

   NO          ☐                    YES          ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the assault on Victim 1:

   NO          ☐                    YES          ☐

**COUNT SIX**
**Assault in Aid of Racketeering Activity (Victim 2)**

With respect to Count Six of the indictment, we, the Jury, find defendant Charles Liggins:

NOT GUILTY ☐             GUILTY ☐

**COUNT SEVEN**
**Carry or Use of a Firearm During and in Relation to Count Six (Victim 2)**

With respect to Count Seven of the indictment, we, the Jury, find defendant Charles Liggins:

NOT GUILTY ☐             GUILTY ☐

If you find defendant Charles Liggins guilty of Count Seven you must also answer the following questions:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the assault on Victim 2:

   NO        ☐             YES        ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the assault on Victim 2:

   NO        ☐             YES        ☐

**SO SAY WE ALL:**

_____          _____
F O R E P E R S O N

_____          _____

_____          _____

_____          _____

74

_____          _____

_____          _____

DATE: _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 21 CR 618 |
| v. | ) | |
| | ) | Honorable Martha M. Pacold |
| KENNETH ROBERSON, a/k/a "Kenny" | ) | |
| and "Kenny Mac" | ) | |

## **VERDICT FORM**

### **COUNT ONE**
### **Murder in Aid of Racketeering Activity (Carlton Weekly)**

With respect to Count One of the indictment, we, the Jury, find defendant Kenneth Roberson:

NOT GUILTY ☐                    GUILTY ☐

### **COUNT TWO**
### **Carry or Use of a Firearm During and in Relation to Count One**

With respect to Count Two of the indictment, we, the Jury, find defendant Kenneth Roberson:

NOT GUILTY ☐                    GUILTY ☐

If you find defendant Kenneth Roberson guilty of Count Two you must also answer the following:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the killing of Carlton Weekly:

   NO          ☐                    YES          ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the killing of Carlton Weekly:

   NO          ☐                    YES          ☐

3. Was the killing of Carlton Weekly an unlawful killing with malice aforethought?

NO      ☐          YES     ☐

**COUNT THREE**
**Conspiracy to Commit Murder in Aid of Racketeering**

With respect to Count Three of the indictment, we, the Jury, find defendant Kenneth Roberson:

NOT GUILTY ☐          GUILTY ☐

**COUNT FOUR**
**Assault in Aid of Racketeering Activity (Victim 1)**

With respect to Count Four of the indictment, we, the Jury, find defendant Kenneth Roberson:

NOT GUILTY ☐          GUILTY ☐

**COUNT FIVE**
**Carry or Use of a Firearm During and in Relation to Count Four (Victim 1)**

With respect to Count Five of the indictment, we, the Jury, find defendant Kenneth Roberson:

NOT GUILTY ☐          GUILTY ☐

If you find defendant Kenneth Roberson guilty of Count Five you must also answer the following questions:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the assault on Victim 1:

NO      ☐          YES     ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the assault on Victim 1:

NO      ☐          YES     ☐

## COUNT SIX
### Assault in Aid of Racketeering Activity (Victim 2)

With respect to Count Six of the indictment, we, the Jury, find defendant Kenneth Roberson:

NOT GUILTY ☐                    GUILTY ☐


## COUNT SEVEN
### Carry or Use of a Firearm During and in Relation to Count Six (Victim 2)

With respect to Count Seven of the indictment, we, the Jury, find defendant Kenneth Roberson:

NOT GUILTY ☐                    GUILTY ☐

If you find defendant Kenneth Roberson guilty of Count Seven you must also answer the following questions:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the assault Victim 2:

    NO        ☐            YES        ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the assault on Victim 2:

    NO        ☐            YES        ☐

**SO SAY WE ALL:**

_____          _____
F O R E P E R S O N

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

DATE: _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 21 CR 618 |
| v. | ) | |
| | ) | Honorable Martha M. Pacold |
| TACARLOS OFFERD, a/k/a "Los" | ) | |

## <u>VERDICT FORM</u>

**COUNT ONE**
**Murder in Aid of Racketeering Activity (Carlton Weekly)**

With respect to Count One of the indictment, we, the Jury, find defendant Tacarlos Offerd:

NOT GUILTY ☐                  GUILTY ☐

**COUNT TWO**
**Carry or Use of a Firearm During and in Relation to Count One**

With respect to Count Two of the indictment, we, the Jury, find defendant Tacarlos Offerd:

NOT GUILTY ☐                  GUILTY ☐

If you find defendant Tacarlos Offerd guilty of Count Two you must also answer the following:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the killing of Carlton Weekly:

   NO          ☐                  YES          ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the killing of Carlton Weekly:

   NO          ☐                  YES          ☐

3. Was the killing of Carlton Weekly an unlawful killing with malice aforethought?

   NO          ☐                  YES          ☐

1

**COUNT THREE**
**Conspiracy to Commit Murder in Aid of Racketeering**

With respect to Count Three of the indictment, we, the Jury, find defendant Tacarlos Offerd:

NOT GUILTY ☐ GUILTY ☐


**COUNT FOUR**
**Assault in Aid of Racketeering Activity (Victim 1)**

With respect to Count Four of the indictment, we, the Jury, find defendant Tacarlos Offerd:

NOT GUILTY ☐ GUILTY ☐


**COUNT FIVE**
**Carry or Use of a Firearm During and in Relation to Count Four (Victim 1)**

With respect to Count Five of the indictment, we, the Jury, find defendant Tacarlos Offerd:

NOT GUILTY ☐ GUILTY ☐


If you find defendant Tacarlos Offerd guilty of Count Five you must also answer the following questions:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the assault on Victim 1:

   NO ☐ YES ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the assault on Victim 1:

   NO ☐ YES ☐

2

**COUNT SIX**
**Assault in Aid of Racketeering Activity (Victim 2)**

With respect to Count Six of the indictment, we, the Jury, find defendant Tacarlos Offerd:

NOT GUILTY ☐          GUILTY ☐

**COUNT SEVEN**
**Carry or Use of a Firearm During and in Relation to Count Six (Victim 2)**

With respect to Count Seven of the indictment, we, the Jury, find defendant Tacarlos Offerd:

NOT GUILTY ☐          GUILTY ☐

If you find defendant Tacarlos Offerd guilty of Count Seven you must also answer the following questions:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the assault on Victim 2:

   NO          ☐          YES          ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the assault on Victim 2:

   NO          ☐          YES          ☐

**SO SAY WE ALL:**

_____          _____
F O R E P E R S O N

_____          _____

_____          _____

_____          _____

3

_____          _____

_____          _____

DATE: _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 21 CR 618 |
| v. | ) | |
| | ) | Honorable Martha M. Pacold |
| CHRISTOPHER THOMAS, a/k/a | ) | |
| "C Thang" | ) | |

## **VERDICT FORM**

### **COUNT ONE**
### **Murder in Aid of Racketeering Activity (Carlton Weekly)**

With respect to Count One of the indictment, we, the Jury, find defendant Christopher Thomas:

NOT GUILTY ☐                 GUILTY ☐

### **COUNT TWO**
### **Carry or Use of a Firearm During and in Relation to Count One**

With respect to Count Two of the indictment, we, the Jury, find defendant Christopher Thomas:

NOT GUILTY ☐                 GUILTY ☐

If you find defendant Christopher Thomas guilty of Count Two you must also answer the following:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the killing of Carlton Weekly:

NO          ☐                 YES          ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the killing of Carlton Weekly:

NO          ☐                 YES          ☐

5

3. Was the killing of Carlton Weekly an unlawful killing with malice aforethought?

NO     ☐        YES     ☐

## COUNT THREE
### Conspiracy to Commit Murder in Aid of Racketeering

With respect to Count Three of the indictment, we, the Jury, find defendant Christopher Thomas:

NOT GUILTY ☐        GUILTY ☐

## COUNT FOUR
### Assault in Aid of Racketeering Activity (Victim 1)

With respect to Count Four of the indictment, we, the Jury, find defendant Christopher Thomas:

NOT GUILTY ☐        GUILTY ☐

## COUNT FIVE
### Carry or Use of a Firearm During and in Relation to Count Four (Victim 1)

With respect to Count Five of the indictment, we, the Jury, find defendant Christopher Thomas:

NOT GUILTY ☐        GUILTY ☐

If you find defendant Christopher Thomas guilty of Count Five you must also answer the following questions:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the assault on Victim 1:

NO     ☐        YES     ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the assault on Victim 1:

NO     ☐        YES     ☐

**COUNT SIX**
**Assault in Aid of Racketeering Activity (Victim 2)**

With respect to Count Six of the indictment, we, the Jury, find defendant Christopher Thomas:

NOT GUILTY ☐               GUILTY ☐


**COUNT SEVEN**
**Carry or Use of a Firearm During and in Relation to Count Six (Victim 2)**

With respect to Count Seven of the indictment, we, the Jury, find defendant Christopher Thomas:

NOT GUILTY ☐               GUILTY ☐

If you find defendant Christopher Thomas guilty of Count Seven you must also answer the following questions:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the assault on Victim 2:

   NO          ☐               YES        ☐


2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the assault on Victim 2:

   NO          ☐               YES        ☐

**SO SAY WE ALL:**

_____               _____
F O R E P E R S O N

_____               _____


_____               _____


_____               _____

7

_____        _____

_____        _____

DATE: _____

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 21 CR 618 |
| v. | ) | |
| | ) | Honorable Martha M. Pacold |
| MARCUS SMART, a/k/a "Muwop" | ) | |

## **VERDICT FORM**

### **COUNT ONE**
### **Murder in Aid of Racketeering Activity (Carlton Weekly)**

With respect to Count One of the indictment, we, the Jury, find defendant Marcus Smart:

NOT GUILTY ☐                    GUILTY ☐

### **COUNT TWO**
### **Carry or Use of a Firearm During and in Relation to Count One**

With respect to Count Two of the indictment, we, the Jury, find defendant Marcus Smart:

NOT GUILTY ☐                    GUILTY ☐

If you find defendant Marcus Smart guilty of Count Two you must also answer the following:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the killing of Carlton Weekly:

   NO          ☐                    YES          ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the killing of Carlton Weekly:

   NO          ☐                    YES          ☐

3. Was the killing of Carlton Weekly an unlawful killing with malice aforethought?

   NO          ☐                    YES          ☐

1

## COUNT THREE
### Conspiracy to Commit Murder in Aid of Racketeering

With respect to Count Three of the indictment, we, the Jury, find defendant Marcus Smart:

NOT GUILTY ☐                    GUILTY ☐

## COUNT FOUR
### Assault in Aid of Racketeering Activity (Victim 1)

With respect to Count Four of the indictment, we, the Jury, find defendant Marcus Smart:

NOT GUILTY ☐                    GUILTY ☐

## COUNT FIVE
### Carry or Use of a Firearm During and in Relation to Count Four (Victim 1)

With respect to Count Five of the indictment, we, the Jury, find defendant Marcus Smart:

NOT GUILTY ☐                    GUILTY ☐

If you find defendant Marcus Smart guilty of Count Five you must also answer the following questions:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the assault on Victim 1:

   NO          ☐                    YES          ☐

2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the assault on Victim 1:

   NO          ☐                    YES          ☐

2

**COUNT SIX**
**Assault in Aid of Racketeering Activity (Victim 2)**

With respect to Count Six of the indictment, we, the Jury, find defendant Marcus Smart:

NOT GUILTY ☐                    GUILTY ☐


**COUNT SEVEN**
**Carry or Use of a Firearm During and in Relation to Count Six (Victim 2)**

With respect to Count Seven of the indictment, we, the Jury, find defendant Marcus Smart:

NOT GUILTY ☐                    GUILTY ☐

If you find defendant Marcus Smart guilty of Count Seven you must also answer the following questions:

1. Did the defendant brandish, or aid and abet the brandishing of, a firearm during and in relation to the assault on Victim 2:

   NO          ☐                    YES          ☐


2. Did the defendant discharge, or aid and abet the discharge of, a firearm during and in relation to the assault on Victim 2:

   NO          ☐                    YES          ☐

**SO SAY WE ALL:**

_____                    _____
F O R E P E R S O N

_____                    _____


_____                    _____


_____                    _____

3

_____          _____

_____          _____

DATE: _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 21 CR 618 |
| v. | ) | |
| | ) | Honorable Martha M. Pacold |
| RALPH TURPIN, a/k/a "Tall" and "Teezy" | ) | |

## **VERDICT FORM**

### COUNT ONE
**Murder in Aid of Racketeering Activity (Carlton Weekly)**

With respect to Count One of the indictment, we, the Jury, find defendant Ralph Turpin:

NOT GUILTY ☐              GUILTY ☐

### COUNT THREE
**Conspiracy to Commit Murder in Aid of Racketeering Activity (Carlton Weekly)**

With respect to Count Three of the indictment, we, the Jury, find defendant Ralph Turpin:

NOT GUILTY ☐              GUILTY ☐

**SO SAY WE ALL:**

_____

F O R E P E R S O N

_____

_____

_____

_____

_____

_____

_____

_____

1

_____          _____

DATE: _____

## <u>CERTIFICATE OF SERVICE</u>

I, Ann Marie E. Ursini, an attorney, certify that I served a copy of the foregoing **Government's Proposed Jury Instructions and Verdict Forms** by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney


By: _/s/ Ann Marie E. Ursini_
JASON A. JULIEN
ANN MARIE E. URSINI
CAITLIN WALGAMUTH
SEAN HENNESSY
Assistant United States Attorneys
219 S. Dearborn Street, Rm. 500
Chicago, Illinois 60604
(312) 353-5300

3