UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES LIGGINS, et. al. | No. 21 CR 618<br><br>Honorable Martha M. Pacold |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR DISCLOSURE OF FAVORABLE EVIDENCE**

The United States of America, through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits this response to Defendants Charles Liggins's and Christopher Thomas's motions for immediate disclosure of favorable evidence (Dkt. No. 170). Because the Defendants offer no particularized need for their request, identify no discovery dispute, and, instead, only ask the government to abide by its obligations, the government asks the court to deny the Defendants' motion as lacking justiciability.

The Defendants ask the Court to enter an order requiring the government to disclose exculpatory or witness credibility-related evidence to the Defendants. Of course, the government has an obligation to make certain disclosures in a criminal case, as set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). Federal Rule of Criminal Procedure 5 also incorporates a reference to *Brady*. *See* Fed. R. Crim. P. 5(f). The text of the rule states that the Court shall issue an order "that confirms the disclosure obligation of the prosecutor under [*Brady*]" on the first scheduled court date. Fed R. Crim. P. 5(f)(1). The Court did so on October 13, 2021. *See* Dkt. Nos. 13, 26, 28, 29, and 66.

To the extent that defendants are asking the Court for an order that requires the government to adhere to the Rules of Criminal Procedure and comply with its disclosure obligations under *Brady*, *Giglio*, and their progeny, the government is already required to comply with those obligations and committed to so doing in its discovery letter dated October 28, 2021. Because the government is already obligated to comply with its disclosure obligations, there is nothing in dispute, and an order from the Court reminding the government of its obligations would be advisory. Federal courts do not render advisory opinions. *See, e.g.*, *Watkins v. United States Dist. Ct. for the Cent. Dist. Of Ill.*, 37 F.4th 453, 460 (7th Cir. 2022). To the extent that the defendants' motion seeks relief for a disclosure violation or a discovery dispute that has not come to fruition, the motion is not ripe and should be denied. *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) ("Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . .") (citations omitted)). To the extent the defendants request an order requiring the government to comply with its already-binding and continuing disclosure obligations, absent a specific controversy, the relief sought is moot. *See Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990 (7th Cir. 2003) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Indeed, this Court has relatively recently denied a defendant's motion for disclosure of exculpatory and favorable evidence where, like here, the defendant did not identify any controversy in dispute. *See United States v. Corder*, No. 21 CR 114, Dkt. No. 30 (July 27, 2021) (Seeger, J.). This Court denied the motion as "premature and unnecessary," further noting that:

> [T]he government must comply with [*Brady* and *Giglio* and their progeny]. And every other Supreme Court case that is on point. And the Federal Rules of Criminal Procedure. And so on. [The Defendant's] motion does not give this Court any reason to think that the government is not complying with those cases. If [the Defendant] has a particularized need for an order requiring the government to comply with the law at this stage, then [the Defendant] can articulate that need[]. But a general order that requires the government to comply with the law seems unnecessary because the government is already under an obligation to comply with the law.

*Id.*

The Court should deny defendants' motion.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the sefendants' motion for disclosure of favorable evidence as lacking justiciability.

3

          Respectfully submitted,

          MORRIS PASQUAL.
          United States Attorney

By:  /s/ *Jason A. Julien*
    JASON A. JULIEN
    ANN MARIE E. URSINI
    CAITLIN WALGAMUTH
    SEAN HENNESSY
    Assistant U.S. Attorneys
    219 South Dearborn St., Rm. 500
    Chicago, Illinois 60604
    (312) 353-5300

Dated: September 1, 2023

## **CERTIFICATE OF SERVICE**

I, Jason A. Julien, an attorney, certify that I served a copy of the foregoing Government's Response to Defendants' Motion for Disclosure of Favorable Evidence by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

        Respectfully submitted,

        MORRIS PASQUAL
        Acting United States Attorney

By:   */s/ Jason A. Julien*
       JASON A. JULIEN
       ANN MARIE E. URSINI
       CAITLIN WALGAMUTH
       SEAN HENNESSY
       Assistant United States Attorneys
       219 S. Dearborn Street, Rm. 500
       Chicago, Illinois 60604
       (312) 353-5300