IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:21-CR-00618-2 |
| ) | |
| ) | |
| CHARLES LIGGINS, a/k/a ) | |
| "C Murda", KENNETH ROBERSON, ) | |
| a/k/a "Kenny" and "Kenny Mac" ) | |
| TACARLOS OFFERD, a/k/a "Los," ) | |
| CHRISTOPHER THOMAS, a/k/a ) | |
| "C Thang," and ) | |
| MARCUS SMART, a/k/a "Muwop" ) | |

**MEMORANDUM IN
SUPPORT OF MOTION TO SUPPRESS**

Defendant, KENNETH ROBERSON, for his Memorandum in Support of his Motion to Suppress, states as follows:

**BACKGROUND**

On October 4, 2020, Carlton Weekly was shot and killed after exiting a store on Oak Street in Chicago, Illinois. There was video of the shooting. It showed two vehicles pull up to that location, individuals exit the respective vehicles, and shoot Weekly. One of those vehicles was a Chrysler 300. Detectives working the case put out an alert for the two vehicles. The next day, they learned that the Chrysler was parked on Gunderson Ave., in Berwyn, Illinois. Detective McKenna, Star 20025, directed that the vehicle be towed.

In accordance with the detective's order, a Chicago Police Department tow truck went to 2141 W. Gunderson Ave., and towed the vehicle from that location to "Lot #2," a parking lot at the Area detective headquarters. At the time, detectives were aware that the vehicle was owned by Mr. Roberson. The officers did not first secure a search warrant for the vehicle, nor did they have Mr. Roberson's consent for its towing. A copy of the vehicle tow report is attached as Exhibit A.

The vehicle remained in the police department's lot for five days before, on August 11, 2020, detective McKenna applied for two search warrants. One warrant asked for unspecified evidence that may be located on or within the vehicle, and a second for the vehicle's navigation system. Both applications for search warrants were approved, and the search warrants were signed by a Judge of the Circuit Court of Cook County on August 11, 2020. Upon executing the respective search warrants the police obtained information that the Government now wishes to use in this case. Copies of the search warrants and complaints are attached as Exhibits B and C. During the days after the vehicle was towed, Mr. Roberson sought to have it returned. The Government intends to use Mr. Roberson's calls, requesting the vehicle be returned, against him in this case.

**ARGUMENT**

    **I.    The Fourth Amendment of the United States Constitution Guarantees the Right of People Against Unreasonable Searches and Seizures**

The Fourth Amendment protects the right of people to be secure in their persons, houses, vehicles, papers and effects from unreasonable searches and

seizures. U.S. Const. amend. IV. It applies regardless of the crime, equally to a small possession case as it would to a murder. Warrantless searches are presumptively unreasonable.

Officers may seize a car if they believe it contains contraband. *United States v. Richards*, 719 F.3d 746 (7th Cir. (2013), citing *Florida v. White*, 526 U.S. 559 (1999). Likewise, they may seize it if they reasonably believe it was used in a crime for the purpose of forfeiting the vehicle. *Florida v. White,* 526 U.S. 559 (1999); *United States v. Bush*, 2021 WL 154-5980 (2021). Here, there is no suggestion that the police intended to seek forfeiture. Additionally, the record is void of any conjecture, let alone reasonable belief that evidence of a crime or contraband could be found on or within the vehicle. Moreover, the applications fail to allege any generic belief that the seizure of the vehicle would lead to the discovery of evidence. In short, the officers fail to draw a *nexus* between the vehicle and any evidence they would hope to recover from the vehicle as required by applicable law. *United States v. Peck*, 317 F.3d 754, 755 (7th Cir. 2003).

Even assuming arguendo that the initial seizure of the vehicle was proper, the delay in seeking the warrants render the resulting searches unreasonable. Six days transpired before applications for search warrants were made. During that time Defendant Roberson was deprived of the use of his vehicle. The police must wait "no

longer than reasonably necessary for the police, acting with diligence, to obtain a warrant." *Illinois v. McCarther*, 531 U.S. 326, pg. 332 (2001). Here, there is no reason for the delay, and suppression is warranted. In *United States v. Burgard*, 675 F.3d, 1029 (7th Cir., 2012), the Court found the delay reasonable only because the police were gathering and needed information for the warrant. In this case, the car sat on the lot and was ignored. The police were not seeking additional information to help them in their warrant request.

> When evaluating, the Court should examine four factors:
>
> In determining whether a delay is constitutional under the Fourth Amendment, courts will consider (1) the length of time of the delay; (2) the individual's "possessory interest" in the seized object; (3) the state's basis for the seizure; and (4) whether the state "diligently pursued their investigation" following the seizure. *Buggard* at 1033. A longer delay infringes a person's possessory interest and undermines the criminal justice process. *Id.* This balance between "privacy-related and law enforcement-related concerns" will determine "if the intrusion was reasonable." *Illinois v. McArthur*, 531 U.S. 326, 331, 121 S. Ct. 946, 148 L. Ed. 2d 838 (2001).
>
> *Newman v. United States*, 2020 U.S. Dist. LEXIS 126160, *11-12.

Here, each factor weighs in favor of suppression. A delay of six days is significant. During that time, Roberson was deprived of his vehicle, his mode of transportation. While there may have been a reason to seize, police inaction day after day vitiated any propriety. Accordingly, on balance, the six-day delay requires suppression.

WHEREFORE, Defendant KENNETH ROBERSON respectfully requests that this Honorable Court suppress from introduction into evidence in this case any evidence recovered as a result of the seizure of his Chrysler 300, and for any and all such further and other relief as this Court deems just.

Respectfully Submitted,

KENNETH ROBERSON, Defendant

By: */s/ Steven Greenberg*
One of His Attorneys

**Steven Greenberg**
**Greenberg Trial Lawyers**
**53 W. Jackson Blvd., Suite 315**
**Chicago, IL 60604**
**(312) 879-9500**
*Steve@GreenbergCD.com*

**Cheryl T. Bormann**
**Law Offices of Cheryl Bormann**
**53 W. Jackson Blvd., Suite 315**
**Chicago, IL  60604**
**(312) 588-5011**
*Cheryl.T.Bormann@gmail.com*