IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 21-CR-00618-2 |
| ) | |
| ) | |
| CHARLES LIGGINS, a/k/a ) | |
| "C Murda", KENNETH ROBERSON, ) | |
| a/k/a "Kenny" and "Kenny Mac" ) | |
| TACARLOS OFFERD, a/k/a "Los," ) | |
| CHRISTOPHER THOMAS, a/k/a ) | |
| "C Thang," and ) | |
| MARCUS SMART, a/k/a "Muwop" ) | |

**DEFENDANT ROBERSON'S
RESPONSE TO GOVERNMENT'S
CONSOLIDATED MOTIONS IN *LIMINE* (DKT. 238)**

NOW COMES the Defendant, KENNETH ROBERSON, by the undersigned counsel, responding to the Government's Consolidated Motion in *Limine* as follows:

**BACKGROUND**

Kenneth Roberson and others are charged with two racketeering activities, murder and narcotics trafficking, in violation of 18 U.S.C. §1959(a)(1) and 2. The §1959 violations are charged in various manners throughout the indictment.

The events at trial will primarily center around the murder of a rapper, F.B.G. Duck, on August 4, 2020, as he exited a store on Oak Street in Chicago. The shooting was captured by cameras and is preserved on numerous videos, as is the path of travel of the vehicles in which the shooters were riding. The fact that F.B.G. Duck was shot and killed on August 4, 2020, is clear and not an issue in dispute among the parties.

The Government has filed a consolidated Motion in *Limine*, a boilerplate wish list, raising many matters typically decided by the Court during litigation—when the fact-specific issues arise and are crystalized and ripe for decision. The Government's motion asks the Court to make speculative rulings that are not based on any matter in the record and are contingent upon an unlikely series of events that might or might not happen.

**ARGUMENT**

As a general proposition, Mr. Roberson objects to his counsel being constrained by unripe rulings before the trial begins. Because so many of the Government's boilerplate requests ask this Court to make rulings uninformed by factual scenarios and unripe for decision, defense counsel attempts to respond in a vacuum of crystalized issues. Mr. Robersons' counsel assures this Court that they are aware of the appropriate rules that govern at trial and will make every effort to abide by each and every one of them. During the trial, should the Government believe that counsel has strayed to an area to which they object, they should employ the remedy that the law has designed: an objection at the appropriate time. The Court should not rule on matters that are unripe by speculating on what might occur in the future.

To the extent they may be needed, specific responses are below.

I.      **MOTION TO ADMIT THE CAMTASIA VIDEO AS A SUMMARY EXHIBIT**

The Government has requested to admit Government Exhibit 1, a Camtasia compilation video, as a summary exhibit, pursuant to Federal Rule of Evidence 1006. Through discovery, the Government has shared a great deal of video. They also created a compilation video they refer to as the "Camtasia compilation video." That video contains a narration using typewritten headings and arrows. In summary, it initially shows individuals at the Parkway Garden Homes before they enter the vehicles that were used in connection with this shooting. It then shows the vehicles as they proceed along the route to Oak Street, using arrows and headings to describe the events and locations. Last, it shows the vehicles leaving and the occupants returning to the Parkway Garden Homes.

If the Government seeks to utilize the video footage in its generic, unadulterated form as a summary exhibit, Defendant Roberson has no objection. To the extent the generic video refers to the location of the camera view being shown or where a location has been added, Mr. Roberson also has no objection.

To the extent the video contains narration that has been placed upon it by a law enforcement officer or the Government, Mr. Roberson objects. While an agent or officer with personal knowledge may be free to testify to what the video depicts, that testimony would be subject to cross-examination. The markings on the video are classic testimony. Without the crucible of confrontation, the markings on the video are not admissible. The marked Camtasia compilation video should not be admitted absent the testimony and cross-examination of the witness whose markings the video contains.

The statements made on the video, entered by an officer, are hearsay. Fed.R.Evid. 801(c). The information that is on the video that is generated by the machine is not. *United States v. Moon,* 512 F.3d, 359, 362 (7th Cir. 2008). The fact the information is hearsay is not cured by relying upon Fed.R.Evid. 1006. That rule permits voluminous data to be consolidated if a proper foundation exists. It does not allow a party to backdoor in hearsay testimony. To be admissible as a summary exhibit, the underlying information must independently be admissible. *United States v. Oros,* 578 F.3d 703, 708 (7th Cir. 2009). Here, the underlying records (the individual videos) themselves would be admissible, but those underlying records would not have any of the offending information that the police officer has added, and the Government now seeks to admit. A summary exhibit can only be a summary of what it is summarizing. In other words, the summary exhibit, while it may have column headings or appear visually different than the underlying materials, cannot enhance those materials with hearsay explanations.

**II. MOTION TO PRECLUDE EVIDENCE OR ARGUMENT RELATED TO PENALTIES FACED BY DEFENDANTS**

Defendant Roberson will not affirmatively inform the jurors about the penalties that he or any of the other defendants face. However, the Government has chosen to introduce the testimony of cooperators in this case, and the cooperators would otherwise be facing criminal penalties akin to those of Mr. Roberson. Mr. Roberson's counsel must point out through cross-examination the favorable terms provided for each cooperator's testimony. Obviously, the penalties cooperators would otherwise face are proper fodder for impeachment. The cases cited by the Government

are inapposite and do not support the position they advocate. None of them concern the cross-examination of a cooperating witness and the precluding evidence penalties in the instance of Government cooperators.

### III. MOTION TO PRECLUDE EVIDENCE OR ARGUMENT RELATING TO MENTAL DEFECT OR PUBLIC AUTHORITY

Mr. Roberson has no objection.

### IV. MOTION TO ALLOW LIMITED EVIDENCE OF DEFENDANTS' INCARCERATION DURING THE CHARGED RACKETEERING CONSPIRACY

If this Court determines that certain statements of Mr. Roberson are admissible as hearsay exceptions, Mr. Roberson does not object to the jurors learning that the statements were made on a call while he was in the county jail. However, Mr. Roberson does object to the jurors being told why he was in the county jail, what charges he was then detained for, and the length of his incarceration. The circumstances of Mr. Roberson's incarceration are not probative of any issue before this Court, and the Government fails to specify any argument to the contrary.

### V. MOTION TO ADMIT STATEMENTS OF DEFENDANTS ON RECORDED CONVERSATIONS AND BAR DEFENDANTS FROM ADMITTING NON-INCULPATORY PORTIONS OF RECORDED CONVERSATIONS

The Rule of Completeness requires fact-specific determinations about what context is required to provide the jurors with the accurate and fair meaning of any statements. Mr. Roberson objects to a speculative ruling on this issue because the Court is in no position to make fact-specific determinations in a vacuum.

### VI. MOTION TO ADMIT CRIME SCENE PHOTOGRAPHS AND VIDEO AND MEDICAL EXAMINER PHOTOGRAPHS DEPICTING VICTIM

Mr. Roberson has no objection to the admission of photographs or video of the crime scene or from the Medical Examiner but reserves the right to object to publication to the jurors.

### VII. MOTION TO ADMIT RECORDS AS SELF-AUTHENTICATING PURSUANT TO RULES 803(6), 902(11), AND 902(13)

Mr. Roberson has no objection to the Government introducing records that are properly self-authenticated but reserves the right to object on foundational or relevance grounds. The Court should not admit such self-authenticating records prior to the time when foundation and relevance are properly demonstrated.

### VIII. MOTION TO ADMIT WEEKLY'S STATEMENTS AS DYING DECLARATIONS AND/OR EXCITED UTTERANCES, STATEMENTS OF THEN-EXISTING PHYSICAL CONDITION, AND STATEMENTS FOR MEDICAL TREATMENT

Mr. Roberson objects to the introduction of any statements from Mr. Weekly. The Government seeks to admit statements such as "help me" as dying declarations or excited utterances it claims establish the "Government's theory of the manner of death, namely, that multiple shooters targeted Weekly and fired numerous rounds in an effort to kill him as a high-target opposition gang member." Dkt. 238, pg. 21. They make unsupported claims that Mr. Weekly's requests for aid are relevant and probative as to the number of shooters, the identity of the Defendants, and their motivations to target and murder Weekly.

Frankly, that is just nonsense. The Government wants to admit video of their dying victim's pleas for help as he lay bleeding on the sidewalk purely to encourage juror sympathy for this otherwise less-than-stand-up citizen. Nothing about the

6

phrase "help me" has anything to do with the "number of shooters," the "identity of the defendants," or the defendants' "motivation to target and murder Weekly." The number of shooters is clear from the video evidence. Mr. Weekly does not identify any of the defendants, and Mr. Weekly does not provide any statements related to the motivation of the shooters. This evidence is not relevant to nor probative of any issue this jury will be tasked with deciding. It should not be admitted.

Moreover, even if relevant, the prejudice outweighs any probative value. Federal Rule of Evidence 403 permits the Court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid. 403*. The Committee Notes to Rule 403 explain," '[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." See Advisory Committee's Notes on *Fed. Rule Evid. 403*. As applied to a criminal defendant, "unfair prejudice" speaks to the capacity of concededly relevant evidence to lure the factfinder into declaring guilt influenced by grounds different from proof specific to the offense charged. *Old Chief v. United States,* 519 U.S. 172.

Here, each of the Government's reasons for offering this evidence ring hollow, but even if there was merit, the evidence will necessarily be presented by other means, mooting the need to allow this obviously overtly prejudicial evidence.

    **IX.**    **MOTION TO BAR DISCOVERY REQUESTS OR COMMENTS REGARDING DISCOVERY IN THE JURY'S PRESENCE**

Mr. Roberson objects to a blanket ruling barring mention of reports and other matters provided or not provided in discovery. If a witness refers to a document that he/she relied upon and counsel has not been provided it, Defense Counsel must be permitted to examine the witness on the document's provenance and request its production. This Court should resist speculating on all the possible situations that might arise and address each issue if it arises.

### X. MOTION TO PRECLUDE EVIDENCE AND ARGUMENT ABOUT INVESTIGATIVE STEPS NOT TAKEN

Mr. Roberson objects. When there are legitimate areas of concern about missteps in the investigation, Mr. Roberson's counsel has a duty to inquire and, if supported by reasonable inference, argue that affected evidence should be given appropriate weight. This is an essential component of effective representation.

### XI. MOTION TO EXCLUDE NON-IDENTIFICATION HEARSAY EVIDENCE

Mr. Roberson objects to a blanket speculative ruling. Mr. Roberson agrees with the general proposition that those who do not make an identification of anyone and do not testify at trial cannot be asked about their lack of identification. However, if a witness claims to have viewed an event and was then asked to identify one or more participants and could not do so, cross-examination to elucidate the lack of identification or identification of another is appropriate and may be required for effective representation.

### XII. MOTION TO BAR IMPROPER USE OF AGENTS AND OFFICERS' REPORTS

Defendant does not intend to engage in the improper use of investigative reports to impeach witnesses. However, subject to the rules of evidence, Mr. Roberson must be permitted to use all reports for legitimate evidentiary purposes, including refreshing witnesses' recollections, laying a foundation for the impeachment of another, or inquiring about conversations witnesses had with agents.

### XIII. MOTION TO PRECLUDE INQUIRY INTO OFFICERS/AGENTS' NON-SUSTAINED COMPLAINTS

Mr. Roberson has no objection.

### XIV. MOTION TO ADMIT LAY OPINION TESTIMONY OF AGENTS AND OFFICERS RELATED TO THE IDENTIFICATION OF PEOPLE AND PLACES IN IMAGES, VIDEOS AND RECORDED CONVERSATIONS

The Government seeks to have law enforcement witnesses look at videos and other evidence in this case, matters of which they have no personal knowledge because they were not present, and identify the defendants. It is clear from the Government's submission that it wishes to have law enforcement agents identify individuals in surveillance videos that were recorded when the agents were not present and could not have perceived the scenes that are only partially depicted. Allowing the agents to testify as to what was happening at times they were not present would be improper.

The Government asks this Court to allow speculation by witnesses about who might be depicted in a particular photographic frame based upon conclusions made by the witnesses after the matter was filmed and provided to the witnesses. The witnesses are not eyewitnesses to the scenes they are asked to opine upon. Rather,

9

they are testifying to conclusions as a way of validating the Government's arguments that the defendants are guilty.

Under *Federal Rule of Evidence 701,* a court may admit opinion evidence by a lay witness where the witness' opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." A lay witness may testify regarding the identity of a person depicted in a surveillance photograph "if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury." Lay opinion evidence on the identity of an individual shown in a surveillance photograph or video has been permitted when the defendant's appearance has changed since the crime or if the accused had attempted to disguise himself. *United States v. Towns,* 913 F.2d 434, 445 (7th Cir.1990) (citing *United States v. Farnsworth,* 729 F.2d 1158, 1160 (8th Cir.1984)); *United States v. Jackson,* 688 F.2d 1121 (7th Cir.1982); *United States v. Stormer,* 938 F.2d 759, 762 (7th Cir. 1991). Here, there is absolutely no argument that anyone changed his appearance or attempted to disguise himself.

In *Jackson,* there was evidence that the defendant changed his appearance between the date of his arrest and the date of a line-up. *Jackson,* 688 F.2d at 1125. In *Towns,* the defendant had a mustache at the time of the robbery that he had shaved off prior to trial. Moreover, the robber depicted in the photograph was wearing a stocking cap, sunglasses, and a sweatsuit that potentially made him appear heavier than he really was. *Towns,* 913 F.2d at 445. In *Stormer,* there was evidence that the

defendant took measures to change his appearance during the robbery to avoid identification. *Stormer*, 938 F.2d at 762.

Lay opinion evidence on the identity of an individual shown in a video or surveillance photograph has also been permitted if the appearance of the perpetrator is limited by his attire or by the quality of the video or photograph. *United States v. White,* 639 F.3d 331 (7th Cir. 2011). While White did not wear a disguise, the view of his appearance in the surveillance video and in still shots was limited by his attire- he wore a bulky winter coat closed up to his chin and a hat pulled down to his eyebrows. The surveillance video was also not of the best quality. *White,* 639 F.3d at 336.

However, lay witness identification should be excluded when the video still photographs are of sufficient quality that the independent identification would not aid the jury. In *U.S. v. Dixon,* 413 F.3d 540 (6th Cir. 2005), the district court did not abuse its discretion in excluding lay witness identification testimony on the ground that it would not significantly aid the jury in determining whether the person in the surveillance photograph was Dixon. Dixon had not altered his appearance prior to trial. "Moreover, our review of the surveillance photograph indicates that it is not of particularly poor or grainy quality, and it fully depicts the suspect's body from the waist up." *Id.* At 546.

The jurors in this case are going to have the opportunity to view the video of the incident. They will be able to make their own determinations regarding who is depicted in the video. Ultimately, it is their opinions that count, and those

11

determinations should not be unduly influenced by case agents' self-serving suggestions that they got the right guys.

### XV. MOTION TO PRECLUDE CROSS-EXAMINATION REGARDING ARRESTS AND OTHER "BAD ACTS" OF WITNESSES

Mr. Roberson does not intend to cross-examine any witness about arrests or other bad acts; however, if matters arise that would open the door to such testimony or otherwise make it relevant, Mr. Roberson reserves the right to introduce testimony he could not otherwise have predicted. Consequently, Mr. Roberson objects to a blanket, unripe, and speculative ruling by the Court.

### XVI. MOTION TO PRECLUDE FORMS OF ARGUMENT OR EVIDENCE DESIGNED TO ELICIT JURY NULLIFICATION

Mr. Roberson has no objection.

### XVII. MOTION TO PRECLUDE THE "MISSING WITNESS" ARGUMENT

Mr. Roberson has no current intention to argue that the Government is missing a particular witness or any other form of evidence. That being said, at this early juncture defense counsel is unable to predict what the Government may intentionally or unintentionally fail to introduce. If the Government's case omits an important matter of proof, whether that form of proof is witness testimony, a written record, a photograph, or any other form of evidence, Defense comments on the Government's failures of proof are always proper.

The Government again seeks a ruling on a matter that is unripe and only based upon speculation. This Court should not accept the Government's invitation to err.

WHEREFORE, Defendant asks that the Court deny in part the Government's Consolidated Motion in *Limine* and for all such further and other relief as this Court deems just.

Respectfully submitted,

KENNETH ROBERSON, Defendant

By:*s/ Steven Greenberg*
One of His Attorneys


**Steven Greenberg**
**GREENBERG TRIAL LAWYERS**
**53 W. Jackson Blvd., Suite 315**
**Chicago, Illinois 60604**
**(312) 879-9500**
*Steve@GreenbergCD.com*

**Cheryl T. Bormann**
**Law Offices of Cheryl Bormann**
**53 W. Jackson Blvd., Suite 315**
**Chicago, IL 60604**
**(312) 588-5011**
*Cheryl.T.Bormann@gmail.com*