**UNITED STATES DISTRICT COURT**
**NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 21-CR-618 |
| CHARLES LIGGINS, et al. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT TACARLOS OFFERD'S RESPONSE TO GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE (#238)**

Tacarlos Offerd, by and through his attorneys Richard Kling and John Somerville, objects to certain specific motions and the government's omnibus motion and limine in support of which he states as follows:

1. Many of the specific motions filed by the government in their omnibus motion cannot be ruled upon until the specific facts are developed in the course of trial.

2. However, defendant offered does object to several motions of the government contained in their omnibus motion, specified below.

3. Mr. Offerd objects to introduction of statements of Mr. Weekly as purported dying declarations under FRE 804(b)(2).

4. FRE 804(b)(2) allows into evidence as an exception to the hearsay rule statements "under belief of imminent death "made about the "cause or circumstances" leading to the declarant's belief of imminent death.

5. The government seeks to introduce Mr. Weekly's statement after he was shot, "help me."

1

6. The words "help me" in no way relate to the cause and circumstances of his impending death, do not qualify as a "dying declaration" under FRE 804(b)(2) and should be precluded under FRE 403 since even if relevant, any probative value is substantially outweighed by the danger of unfair prejudice.

7. The government seeks in para X to preclude the defense from cross examining witnesses about "investigative steps not taken."

8. A blanket ruling barring such cross examination without hearing whether and what steps might have been taken and weren't, and why and how failure to take those steps might have impacted on Offerd's defense, would hinder or deprive the defendant of the ability to put on a defense.

9. The government also seeks to preclude the defense from cross examining witnesses regarding arrests and other "bad acts" (paragraph XV of the Government's omnibus motion).

10. Undersigned counsel are well aware of their ethical obligations as well as the law regarding cross examination concerning arrests and other bad acts.

11. A blanket ruling barring cross examination relative to arrests and bad acts of prosecution witnesses, without considering whether arrests and bad acts of witnesses are relevant to their motive, interest and bias, and what the arrests and/or bad acts involved, would hinder or deprive the defendant of the ability to put on a defense.

12. Defendants Thompson and Liggins, in their reply to the government's omnibus motion in paragraph VII, had a lengthy discussion regarding admission of self authenticating records.

13. Defendant Offerd moves this Court to allow him to adopt in toto the arguments and law made by Thompson and Liggins regarding self authenticating records.

Wherefore, the defendant asks this court to deny the governments' omnibus motion insofar.

By: s/*Richard S. Kling*
Richard Kling

By: s/*John Somerville*
John Somerville

Richard S. Kling
Attorney for Defendant
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
312-906-5075
rkling@kentlaw.iit.edu