**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 21-CR-00618-2 |
| | ) | |
| | ) | |
| **CHARLES LIGGINS, a/k/a** | ) | |
| **"C Murda", KENNETH ROBERSON,** | ) | |
| **a/k/a "Kenny" and "Kenny Mac"** | ) | |
| **TACARLOS OFFERD, a/k/a "Los,"** | ) | |
| **CHRISTOPHER THOMAS, a/k/a** | ) | |
| **"C Thang," and** | ) | |
| **MARCUS SMART, a/k/a "Muwop"** | ) | |

**DEFENDANT ROBERSON'S RESPONSE
TO GOVERNMENT'S *SANTIAGO* PROFFER
AND OPPOSITION TO ITS MOTION TO ADMIT
<u>EVIDENCE UNDER FED.R.EVID. 801(D)(2)(E)</u>**

Defendant KENNETH ROBERSON, by and through his counsel, and pursuant

to the Due Process, Confrontation, and Effective Assistance of Counsel provisions of

the Fifth and Sixth Amendments to the Constitution of the United States, as well as

Rule 801(d)(2)(E) of the Federal Rules of Evidence, responds to the Government's

Santiago proffer (the "Proffer, Dkt. 191) as follows:

I.       <u>Introduction</u>

Seeking a pretrial ruling on the admissibility of purported coconspirator

statements according to *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978), the

Government's Proffer "outlines some of its evidence establishing the charged

conspiracy" and "sets forth some of the coconspirator statements." (Proffer, pg., 1).

The Government only provides a general framework for the categories of statements

but does not appear to give details as to all the statements. "Given the extent and number of such statements…the government does not, and cannot, detail each…" (Proffer, pg. 57). Even then, they only summarize a few statements at the end of the Proffer. See pgs. 58-59. There, numbers 1, 4, and 5 are Roberson's statements and thus permissible if they are not hearsay against Roberson. He addresses numbers 2, 3, and 6.

The Government's allegations also highlight the need for the Government to specify what statements were made in furtherance of the alleged conspiracy and who made those statements. Instead of doing that, the Government offers cherry-picked excerpts from certain witnesses that, by its own admission, it may not use at trial.

Defendant recognizes that the Government's burden at this stage is a preponderance of the evidence, not proof beyond a reasonable doubt. However, given the unique and fluid nature of the alleged conspiracy, the Proffer falls short in several meaningful respects, and the Government should not be given *carte blanche* to introduce virtually any statement under the coconspirator exception. Indeed, rather than recognizing the fact that Rule 801(d)(2)(E) is a "limitation on the admissibility of coconspirators' statements that is meant to be taken seriously" *(United States v. Johnson,* 927 F.2d 999, 1001 (7th Cir. 1991) *(quoting Garlington v. O'Leary,* 879 F.2d 277, 283 (7th Cir. 1989)),* the Government uses the Rule and the statements of purported coconspirators to both define and expand the alleged conspiracy.

## II. Relevant Law Governing Coconspirator Statements

Under Rule 801(d)(2)(E), a hearsay statement offered by the Government and made by a coconspirator may be admitted into evidence only if the Government shows: 1) a conspiracy existed at the time of the conversation; 2) the Defendant and the declarant were both members of the same conspiracy; and 3) the proffered statements were made during and in furtherance of the conspiracy. *Bourjaily,* 483 U.S. 171, at 175 (1987); *United States v. Gajo,* 290 F.3d 922, 928 (7th Cir. 2002); *United States v. Haynie,* 179 F.3d 1048, 1050 (7th Cir. 1999); *United States v. Hunt,* 272 F.3d 488, 497 (7th Cir. 2001).

The Government has the burden of proving all of these Rule 801(d)(2)(E) elements by a preponderance of the evidence. *See Bourjaily,* 483 U.S. at 175; *Haynie,* 179 F. 3d at 1050. Moreover, while Rule 80l(d)(2)(E) instructs the Court to consider the contents of the out-of-court statement, it also specifies that the contents of the statement "are not alone sufficient to establish ... the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under [80l(d)(2)(E)]." Rule 80l(d)(2).

As noted above, Rule 801(d)(2)(E) is a **"limitation** on the admissibility of coconspirators' statements" *(Johnson,* 927 F.2d at 1001) (emphasis added), not a license to expand the scope of the conspiracy. As such, careful attention must be paid to the purpose of the purported statement, in that it must be made during and in furtherance of the conspiracy. Notably, "[m] ere' idle chatter,' narrative declarations and superfluous casual remarks are not statements in furtherance of a conspiracy." *Johnson,* 927 F.2d at 1002. That "is true even when ... the declarant makes what can

be construed as an offhand admission of culpability." *Id. See also United States Shoffner,* 826 F.2d 619, 628 (7th Cir. 1987). Along these lines, statements made either before the beginning of the alleged conspiracy or after its end are "not be in furtherance of a conspiracy not in existence" and are thus not admissible under Rule 80l(d)(2)(E). *United States v. Curry,* 977 F.2d 1042, 1057 (7th Cir. 1992). Thus, the main question for the Court is whether the Government has established that "the statement promoted, or was intended to promote, the goals of the conspiracy." *United States v. Beech-Nut Nutrition Corp.,* 871 F.2d 1181, 1199 (2d Cir. 1989).

Discussions of past events constitute inadmissible hearsay if they do not further the conspiracy. *Johnson,* 927 F.2d at 1001. For example, in *United States v. Santos,* 20 F.3d 280, 286 (7th Cir. 1994), the Seventh Circuit rejected hearsay evidence of a prior conversation where it found that a coconspirator was "merely commenting on [the defendant's] past activities and did not intend his remarks to further any objectives of his own scheme with [the defendant]." *Id.* The court found that the statements "were best described as narrative discussions of past events, which do not satisfy the 'in furtherance' requirement of Rule 80l(d)(2)(E)." *Id; see also United States v. Doerr,* 886 F.2d 944, 952 (7th Cir. 1989) (district court erred in admitting hearsay that constituted a "narrative discussion of a past event"); *United States v. Eubanks,* 591 F.2d 513, 520 (9th Cir. 1979) (hearsay statement did not "induce individual to join the conspiracy" or "assist the conspirators in achieving their objectives" and, thus were inadmissible as "casual admission of culpability."); *United States v. Urbanik,* 801 F.2d 692, 698 (4th Cir. 1986) ("We think that this statement

4

can fairly be treated only as the sort of idle conversation which though it touches upon, does not 'further' a conspiracy"); *United States v. Lieberman,* 637 F.3d 95, 102 (2nd Cir. 1980) ("the conversation ... smacks of nothing more than casual conversation about past events. It is difficult to envision how it would have furthered the conspiracy.").

An examination of these factors and the totality of the facts and circumstances outlined in even the Government's submission leads to the inescapable conclusion that these statements cannot, and should not, be admitted against Defendants.

### III.   Argument

#### A. The Government Fails to Identify Each particular Statement it Seeks to Introduce

As noted above, the Government only provides some of the statements. It does not identify each of its witnesses; for those it does identify, it does not even commit to calling them. Because the Government has opted to withhold many of the coconspirator statements that it intends on introducing at trial, it is not possible to discern from the *Santiago* Proffer what words are being offered "in furtherance" of the conspiracy beyond those listed on pages 58-59. For these threshold reasons, the Government's Proffer fails to satisfy Rule 801(d)(2)(E). *See United States v. Warner,* 396 F.Supp.2d 924, 944 (N.D. Ill. 2005) ("[r]eciting summaries of witnesses' 302 memoranda or grand jury testimony is not alone sufficient for purposes of Rule 801(d)(2)(E)"); *United States v. Arnaout,* 2003 U.S. Dist. LEXIS 1635, *3-4, 2003 WL 255226 (N.D. Ill. February 3, 2003) ("Although the Santiago proffer acknowledges the correct standard, the proffer is devoid of analysis linking proffered hearsay to a

specific conspiracy."); *United States v. Bainbridge Mgmt., L.P.,* 2002 U.S. Dist. LEXIS 16686, 2002 WL 31006135 (N.D. Ill. September 3, 2002).

While the Government filed a novel, most of it is irrelevant. Perhaps they hope to prevail merely because of its heft, nice pictures, and a compelling story. It has commingled purported coconspirator statements with background information, non-hearsay testimony, and details of jewelry purchases.

Before giving the Government the carte blanche it seeks and allowing it to introduce statements that the Government believes fall within the broad categories included in the *Santiago* proffer, the Court should require the Government to identify each of the statements that it intends to introduce pursuant to the coconspirator exception to the hearsay rule and explain the basis for its position that each of those statements were made by coconspirators and in furtherance of the charged conspiracy. Until the Government does so, the Court should not grant the Government's motion to admit statements pursuant to Rule 80l(d)(2)(E).[1]

### B. The Government Has Not Established the Existence of a Conspiracy by a Preponderance of the Evidence

Even if the Court finds the *Santiago* Proffer sufficiently detailed on its face, it should still deny the Government's request for a pretrial ruling because the Proffer fails to satisfy Rule 801(d)(2)(E) as a substantive matter. The threshold requirement of Rule 801(d)(2)(E) is whether a conspiracy existed in the first instance; that is, the

---

[1] Precedent for this type of an approach in a RICO case can be found in the *United States v. Chester*, 13 CR 774, Dkt. 782. There, Judge Thorp required the identification of each specific statement, and an explanation of their admissibility during trial. Dkt. 782, pg. 8. A copy of the order is attached as Ex. A.

Government must show, by a preponderance of the evidence, that each Defendant was a knowing and intentional member of the charged conspiracy. *See Bourjaily,* 483 U.S. at 174-175.

As to the critical element of whether a conspiracy existed, "[t]o convict a defendant of conspiracy, the government must prove that (1) two or more people agreed to commit an unlawful act, and (2) the defendant knowingly and intentionally joined the agreement." *United States. v. Stevenson,* 656 F.3d 747, 753 (7th Cir. 2011) (quoting *United States v. Johnson,* 592 F.3d 749, 754 (7th Cir. 2010)). In other words, in order to establish membership in a conspiracy, the Government must show that each Defendant knew of the conspiracy and its illegal objective and intended to participate in the criminal scheme. *United States v. Stephenson,* 53 F.3d 836, 843 (7th Cir. 1995); *United States v. Ramirez,* 45 F. 3d 1096, 1103 (7th Cir. 1995).

As the Seventh Circuit has instructed, "[a] conspiracy is not merely an agreement .... [i]t is an agreement with a particular kind of object - an agreement to commit a crime." *United States v. Thomas,* 284 F.3d 746, 751 (7th Cir. 2002). Mere association with conspirators is insufficient to prove a defendant's participation or membership in a conspiracy. *United States v. Garcia,* 562 F.2d 411,414 (7th Cir. 1977). Even knowledge that something illegal is going on, standing alone, is not proof of a conspiracy. *United States v. Fagan,* 35 F.3d 1203, 1207 (7th Cir. `1994).

Evidence of murder does not become admissible – either under a relevance theory or as a coconspirator statement – simply because it was committed. Here, the

existence of the enterprise is not synonymous with the conspiracy to murder. Yet the Government appears to take the expansive view.

### C. Any Statements Offered Under Rule 801(d)(2)(E) Were Not Made During the Course of the Charged Conspiracy

It is impossible to tell from the Proffer what the conspiracy was. Sure, there was dislike, but is it a conspiracy to hate? Or is it a drug conspiracy? What is it?

### D. Any Statements Offered Under Rule 801(d)(2)(E) Were Not Made in Furtherance of the Charged Conspiracy

The statements that are identified in the Proffer fail to satisfy the "in furtherance" requirement and are thus inadmissible under Rule 801(d)(2)(E). After setting forth a generic, boilerplate laundry list of ways a coconspirator statement can further the conspiracy, without making any effort at coupling those general categories to actual statements in this case, the Government fails to put the meat on the bones.

As noted above, the "in furtherance" requirement "is a limitation on the admissibility of a coconspirator's statement that is meant to be taken seriously." *Garlington v.* O'Leary, 879 F.2d 277, 283 (7th Cir. 1989). While a coconspirator's statement satisfies the "in furtherance" requirement "when the statement is 'part of the information flow between conspirators intended to help each perform his role," narrative declarations, mere "idle chatter, and superfluous casual conversations are not statements in furtherance of a conspiracy." *United States v. Doerr,* 886 F.2d 944,951 (7th Cir. 1989)*; see also United States v. Santos,* 20 F.3d 280, 285-6 (7th Cir. 1994). "Mere chitchat, casual admissions of culpability and other noise and static in the information stream are not admissible." *United States v. Pallais,* 921 F. 2d 684,

688 (7th Cir. 1990). *See also Garlington,* 879 F.2d at 283-84. Additionally, "A statement that simply informs a listener of the declarant's criminal activities is n*ot made in furtherance of the conspiracy; instead, the statement must 'somehow advance the objectives of the conspiracy.'" United States v. Mitchell,* 31 F.3d 628, 632 (8th Cir. 1994) (Finding an abuse of discretion in admitting statements) and *United States v. Urbanik,* 801 F.2d 692, 698-99 (4th Cir. 1986). A conspiracy itself must be an active, ongoing event. "A conspiracy requires (1) An object to be accomplished, (2) A plan or scheme embodying means to accomplish that object, (3) An agreement... whereby [participants] become definitively committed to cooperate for the accomplishment of the object." *United States v. Gibbs,* 182 F.3d 408, 420 (6th Cir. 1999). The statements that the Government intends to use at trial fail to meet the "in furtherance" requirement Rule 801(d)(2)(E).

Most of the statements identified by the Government fail to meet the "in furtherance" requirement Rule 801(d)(2)(E) and are of the type that has been specifically rejected by established case law. These statements include Offerd's statements to return a car and seeking a ride home and Liggins's telling others to get new phones following his arrest.

As to the former, it appears that Offerd purchased a Ford Fusion from Midway Auto House in Bridgeview, Illinois, on July 28, 2020. The Government claims its evidence will show that Offerd fraudulently obtained the car, providing false pay stubs for fake employment. That evidence is, of course, 404(b) evidence that is irrelevant, prejudicial, and inadmissible. According to the Government, the

9

dealership discovered the fraud on August 3 and sought the return of the vehicle. Offerd and the dealership then engaged in a dialogue, and he planned to return the car on August 4, 2020. Indeed, he returned the vehicle shortly after the shooting, just as he had planned the day before.

The Government suggests that these statements are somehow in furtherance of the conspiracy when, in reality, they are nothing of the sort. After all, the Government's theory is that this was a relatively spontaneous event that took place when someone spotted Weekly on Oak Street and communicated that information to the others. Offerd's plan to fraudulently obtain the car was executed the week before, completely unrelated to the murder. Similarly, his plan to return the car on August 4 was also disconnected from the murder. While his return of the car may have coincidently occurred on the same day, it did nothing to further the conspiracy.

The Government does not offer a reason why they believe that Offerd's efforts to purchase the car are admissible, nor do they explain why they believe his statements about returning the car are admissible, other than "for the purpose of concealment and to avoid detection." That reason is belied by the facts. They also do not connect the dots as to how this event that was planned the day before, when the Government must concede there was no corresponding plan to commit the murder, can at all be related.

The same is true of the statements by Liggins, where he allegedly said to "tell 'everyone' to get new phones" after his arrest. Like the statements by Offerd, this statement does not have any connection to the alleged conspiracy. Liggins' arrest was

months after the shooting. The Government does not connect the dots to explain how the statement telling "everyone" to get rid of their phones is in furtherance. It is unclear who "everyone" is. Obviously, the Government wants the Court to conclude that it is the others charged in this case, but that does not make sense since they were arrested at the same time and, thus, would have no ability to get rid of their phones (Roberson was in custody long before Liggins was arrested).

The Government is likely to argue it was part of the concealment. If after the arrest, it was a weak effort. Further, while they always allege avoiding detection is an objective of a conspiracy, the reality is no one ever wants to be caught.

### E. Introducing Purported Coconspirator Statements Would Violate Each Defendants' Sixth Amendment Rights to Confront Witnesses

For the reasons discussed above, statements of purported coconspirators (whatever those statements end up being) should not be admitted under Rule 80l(d)(2)(E) because they are not made in the context of any conspiracy or in the furtherance of any such conspiracy. As such, should the Government be allowed to introduce such statements at trial, each non-declarant Defendant's Sixth Amendment right to confrontation would be violated. This is especially so if the Government seeks to introduce the coconspirator statements through means other than calling the declarant. Thus, each Defendant will not have an opportunity to cross-examine the declarants of these demonstrably hearsay statements, and therefore, his Sixth Amendment rights would be violated. *See Crawford v. Washington,* 541 U.S. 26 (2004). To safeguard against the pronounced risk of error of constitutional magnitude, the Court should deny the Government's motion and enter

11

its order precluding the Government from introducing the hearsay statements of the purported co-conspirators.

## IV. Conclusion

For the reasons stated above, Defendants respectfully request that the Court deny the Government's motion to admit evidence pursuant to Rule 80l(d)(2)(E).

Respectfully submitted,

KENNETH ROBERSON, Defendant

By:*s/ Steven Greenberg*
One of His Attorneys

**Steven Greenberg**
**GREENBERG TRIAL LAWYERS**
**53 W. Jackson Blvd., Suite 315**
**Chicago, Illinois 60604**
**(312) 879-9500**
*Steve@GreenbergCD.com*

**Cheryl T. Bormann**
**Law Offices of Cheryl Bormann**
**53 W. Jackson Blvd., Suite 315**
**Chicago, IL  60604**
**(312) 588-5011**
*Cheryl.T.Bormann@gmail.com*