UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES LIGGINS, et al | No. 21 CR 618<br><br>Honorable Martha M. Pacold |

**GOVERNMENT'S RESPONSE TO DEFENDANT SMART'S
PROPOSED JURY INSTRUCTIONS**

The government respectfully submits the following response to defendant Marcus Smart's proposed jury instructions. (Dkt. 220, hereafter "Smart PJI") The government objects to the proposed instructions as described below.[1]

### A. The Court Should Decline Defendant Smart's Request for Pattern Instruction 5.07(b) as Duplicative.

Defendant Smart proposes the instructions include the language, "[i]f a defendant performed acts that advanced the crime but had no knowledge that the crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt." (Smart PJI, p. 5.) The court should decline, as the instruction is duplicative and unnecessary, and possibly confusing.

---

[1] Many of Defendant Smart's proposed instructions are identical or very similar to instructions proposed by the Government. To the extent these instructions differ in minor respects, the government suggests the version that hews most closely to the Pattern Instructions be used.

For the purpose of this filing, "Pattern Instructions" refers to the William J. Bauer Pattern Criminal Jury Instructions (2022).

At the outset, the government notes that the Court is not required to give any particular instruction requested by a defendant as to that defendant's theory of the case merely because a defendant has requested it. *United States v. Fadden*, 874 F.3d 979 (7th Cir. 2017) (finding a defendant is generally entitled to a theory of defense instruction if: (1) the instruction is a correct statement of the law; (2) the evidence supports the instruction; (3) the theory of defense is not part of the charge to the jury; and (4) the denial of the instruction would deprive the defendant of a fair trial.)

In *United States v. Ismail*, 2019 WL 6271738 (N.D. Il. November 25, 2019), a conspiracy case, the district court denied defendant's motion for new trial and held it had not erred in its declination of defendant's request for a similar instruction to the one Defendant Smart proposes.[2] The jury instructions in *Ismail* already required the government to prove that the defendant knowingly joined the charged conspiracy and intended to advance it. *Id.* The court therefore found that the defendant's proposed instruction was duplicative, and "would not have added anything more to the jury's consideration – the jury understood that [Ismail's] mere association with [his co-defendant] was not enough to convict him of conspiracy." *Id.* at *2.

Per the commentary to Pattern Instruction 5.07(b), it "may be given where a defendant charged with a substantive crime, such as assault or possession of narcotics, alleges that although he was present at the scene of the crime, he was not

---

[2] Ismail proposed: "If a defendant performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt."

2

a participant in the criminal activity[, but if] a defendant is charged with conspiracy on the basis of furnishing supplies or services to someone engaged in a criminal conspiracy, an additional instruction may be necessary."

Although appropriate and helpful in some cases, the instruction has potential to confuse the jury here, especially given the somewhat complicated modes of accountability alleged. As suggested in the commentary, the instruction may be better suited for a straightforward, substantive offense rather than a conspiracy charge. The proposed instruction could be particularly confusing in this case, for example with respect to defendant Turpin's charge of aiding and abetting a conspiracy (Count Three). Further, this portion of the instruction is unnecessary, because the government has already proposed jury instructions for each offense which set out the elements, including the "knowledge" element where required.

### B. The Government Need Not Prove the Conspiracy in Count One Requires an Overt Act.

There are two Pattern Instructions for the elements of conspiracy: Pattern Instruction 5.08(B), which the government proposed, is to be used for conspiracies that do not require an overt act. Pattern instruction 5.08(A), which Defendant Smart proposes, is to be used for conspiracies that require an overt act. (Smart PJI, p.5-6).

The text of certain conspiracy statutes require the government to prove an overt act was committed. For example, Title 18, United States Code, Section 371 requires "one or more of such persons do any act to effect the object of the conspiracy." There are over 100 other conspiracy statutes, most of which do not require an overt act. *See, e.g., United States v. Salinas*, 522 U.S. 52 (1997) (RICO); *Whitfield v. United*

3

*States*, 543 U.S. 209 (2005) (money laundering conspiracy); *Singer v. United States*, 323 U.S. 338, 340 (1945) (Selective Service Act conspiracy); *Nash v. United States*, 229 U.S. 373 (1913) (antitrust conspiracy).

Here, defendants are charged in Count One with Conspiracy to Commit Violent Crimes in Aid of Racketeering (hereafter, "VCAR Conspiracy") (namely, conspiracy to commit the murder of Carlton Weekly), in violation of Title 18, United States Code, Sections 1959(a)(5) and 2. Section 1959 contains no language requiring an overt act, and therefore an instruction should not be given. *United States v. Orena*, 32 F.3d 704 (2nd Cir. 1994); *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018). Because no overt act is required by the statute, Pattern Instruction 5.08(B), and not 5.07(A) (which Defendant Smart proposes), should be used.

## C. The Government is Not Required to Prove "Premeditation."

Defendant Smart proposes an instruction reading, in part: "Count 2 of the indictment charges the defendants with murder in the first degree." (Smart PJI, at 8). The proposed instruction goes on to define first degree murder under Title 18, United States Code, Section 1111, including a "premeditation" element, and he also proposes an instruction defining premeditation. *Id.* at 8-9.

Count Two of the Indictment charges five defendants with violating 18 U.S.C. §§ 924(j) and 2, by knowingly using, carrying, brandishing and is charging a firearm during an in relation to a crime of violence, and causing the death of Carlton Weekly through use of the of firearm, and that his death was murder as defined in Section 1111(a).

4

Under 18 U.S.C. § 1111(a), murder in the first degree is a killing with both malice aforethought and premeditation, and murder in the second degree requires only malice aforethought, without premeditation.

Section 924(j) does not distinguish between first degree or second-degree murder, and only requires the jury make a determination as to whether the killing was murder punishable by death or life imprisonment. Per 18 U.SC. § 1111(b), second degree murder is punishable by any term of years or life. Therefore, Section 924(j)(1) does not distinguish between murder in the first or second degree. Accordingly, an instruction regarding "premeditation" is neither required nor included here. *See,* Government's Proposed Jury Instructions, Instruction 38, n. 1.

### D. Defendant Smart's Proposed "Gang Membership" Instruction is Unnecessary and Potentially Confusing to a Jury.

Defendant Smart proposes a "gang membership" instruction which reads: "A defendant's membership in a gang is not sufficient evidence, by itself, to establish a defendant's guilt as to various counts of the indictment." (Smart PJI, at 10). The instruction is unnecessary and potentially confusing.

The instruction is duplicative of another instruction proposed by Defendant Smart, namely, Instruction 5.07(c): "A defendant's association with persons involved in a crime or criminal scheme is not sufficient by itself to prove his participation in the crime or membership in the criminal scheme." Additionally, the government expects that the Court will instruct the jury to consider each count separately (Pattern Instruction 4.06), and each defendant separately (4.07). An additional instruction on "gang membership" is unnecessary and duplicative.

Additionally, it may cause jury confusion. The government does need to prove the existence of an enterprise, and that certain defendants participated in certain acts to maintain or increase their status in the enterprise – which, factually, is a gang set. Therefore, a defendant's gang membership is relevant (but not sufficient) to the charged offenses. Defendant's instruction may confuse the jury by suggesting they should not consider evidence that defendants are gang members: Instructions 4.06, 4.07 and 5.07(c), in addition to the instructions providing each element of the charged offenses, together make the point that each defendant's activities should be considered separately, without inviting the potential confusion that Defendant Smart's proposal could inject.

### E. Defendant Smart's Proposed "Pattern of Racketeering Activity" is Inapplicable to the Charged Offenses.

The defendants have been charged with violent crimes in aid of racketeering (VCAR) offenses under 18 U.S.C. § 1959. Section 1959 explicitly requires proof that the "enterprise engaged in racketeering activity" and provides that "racketeering activity" has the same meaning as set forth under RICO. However, Section 1959, unlike RICO, does not by its terms require that a defendant commit a "pattern of racketeering activity." *Compare* 18 U.S.C. § 1959(b) with 18 U.S.C. §§ 1961(5) and 1962. Rather, Section 1959 requires evidence that "the enterprise" "engaged in racketeering activity," and "racketeering activity" is already defined in the government's proposed instruction. Indeed, the Seventh Circuit Pattern Instructions for VCAR offenses do not require the government prove the enterprise engaged in a

6

pattern of racketeering activity, only that the enterprise engaged in racketeering activity. *See* Bauer Pattern Instructions, 18 U.S.C. § 1959(a) Violent Crimes in Aid of Racketeering Activity, Page 816. Defense counsel offers no authority or argument as to why his proposed instruction should be read.

Therefore, the proposed "pattern of racketeering" instruction need not, and should not, be given.

                Respectfully submitted.

                MORRIS PASQUAL
                Acting United States Attorney

By:   /s/ *Ann Marie E. Ursini*
       JASON A. JULIEN
       ANN MARIE E. URSINI
       CAITLIN WALGAMUTH
       SEAN HENNESSY
       Assistant U.S. Attorneys
       219 South Dearborn, Room 500
       Chicago, Illinois 60604
       (312) 353-5300

## **CERTIFICATE OF SERVICE**

      I, Ann Marie E. Ursini, an attorney, certify that I served a copy of the foregoing **Government's Response to Defendant Smart's Proposed Jury Instructions** by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

                                      Respectfully submitted,

                                      MORRIS PASQUAL
                                      Acting United States Attorney

                  By:      */s/ Ann Marie E. Ursini*
                                      JASON A. JULIEN
                                      ANN MARIE E. URSINI
                                      CAITLIN WALGAMUTH
                                      SEAN HENNESSY
                                      Assistant United States Attorneys
                                      219 S. Dearborn Street, Rm. 500
                                      Chicago, Illinois 60604
                                      (312) 353-5300