UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES LIGGINS, et al. | No. 21 CR 618<br><br>Honorable Martha M. Pacold |

### GOVERNMENT'S OBJECTIONS TO DEFENDANTS' PROPOSED VOIR DIRE

This Court previously ordered the parties to file any proposed *voir dire* questions to the court by August 25, 2023 (Dkt. 151). Proposed *voir dire* questions were filed by the government (Dkt. 235) (under seal), defendant Marcus Smart (Dkt. 221), and defendants Charles Liggins and Christopher Thomas together (Dkt. 224), but not by the remaining defendants. The government respectfully submits the following objections to defendants' Smart and Liggins' proposed *voir dire* questions.

**I.    Government's Objections to Defendant Smart's Proposed *Voir Dire*.**

Defendant Smart proposes asking potential jurors if they, their family members, or close associates are gang members (Question 2), and if they, their family members or close associates have been involved in or witnessed gang violence (Question 5). These are, potentially, sensitive and/or incriminating questions. The government proposes, instead, that jurors be asked some version of the following: "the charges in this case involve allegations that people committed violence to maintain or increase their status in a gang. Knowing that, is there anything about your life experience that you feel would make it difficult to be an impartial juror," and, "have you personally had an experience with gangs or gang violence?" Additionally, the

government proposes that the jurors have an opportunity to answer these and other sensitive questions at sidebar (or using courtroom technology equivalent to a sidebar), so that jurors do not feel they must answer these questions in open court. The government expects there may be public interest in this case, including, potentially, from persons who are interested in gangs and gang membership or who are gang members themselves.

Defendant Smart also suggests asking if jurors are familiar with the Parkway Gardens apartment complex, and provides a street address for the property (Question 9). The government does not object to the Court asking about familiarity with Parkway Gardens. However, the government suggests that a more complete question would also include the fact that the apartment complex is located at "64th Street and S. Dr. Martin Luther King Jr. Drive," as the street address given by defendant Smart is but one address inside Parkway Gardens. Also, as described elsewhere in government filings, members of the Black Disciples set, O-Block, identify as being from 64th Street (as opposed to "63rd," a reference to Gangster Disciples set SLT territory at 63rd Street and St. Lawrence).

## II. Government's Objections to Defendants Liggins's and Thomas's Proposed *Voir Dire*.

The government objects to the following proposed questions, which are overbroad on their face:

- "Are you familiar with hip hop culture" (Question 27);
- "Are you familiar with *any* rap artists" (Question 30) (emphasis added); and

- "Have you, a family member or friend ever had a bad experience with a person of another race or ethnic background" (Question 33).

To the extent proposed Questions 27 and 30 seek to explore whether the jurors are familiar with the genre of music performed by the victim and some of the defendants, they are duplicative and overly broad. "Hip hop culture" is overly broad. Hip hop as a music genre encompasses the work of lyrically and geographically diverse artists spanning several decades and featuring multiple sub-genres. Hip hop also refers to a style of dance. Similarly, the question about familiarity with "*any* rap artists" – a question proposed without geographic or temporal limitation – is overbroad. Neither the Court nor the parties would benefit from an extended explanation of a juror's familiarity with – for example – a particular hip hop artist from New York who performed in the 1990's or a California rapper who was popular in the early 2000s. This case involves a specific sub-genre of music – Chicago drill rap[1] – which is a phrase known to its fans and which is already, appropriately, included in this Court's draft jury questionnaire.

Defendant Liggins's and Thomas's proposed question about whether a juror, a juror's friend, or a juror's family member has, "ever had a bad experience with a person of another race or ethnic background" is also overbroad. Notably, the proposed question does not ask if the "bad experience" was *because of* the difference in race or ethnic background. "Bad experience" is also vague. This question is unclear, and its

---

[1] See, e.g., " https://history.hiphop/the-origins-of-drill-music/ (last accessed September 14, 2023) ("As a subgenre of hip-hop, drill music originated in the Chicago Southside throughout the 2010s.").

value to the jury selection process is unclear. To the extent defendant seeks to probe potential racial bias on the part of the jury panel, he should propose a clearer question or set of questions to the Court.

The government reiterates its concerns raised in its objections to Smart's proposals, above, with respect to Liggins's and Thomas's proposed questions 16 ("Have you had any experience or contact with gangs?") and 17 ("What are your thoughts and feelings about gangs?").

As a matter of efficiency, the government objects to the following questions, as they do not seem particularly relevant or useful to the process of selecting a jury in a criminal trial:

- Questions that ask generally about "thoughts and feelings" on particular topics, rather than whether the prospective juror has had particular experience with those subject areas or holds such strong feelings as to impede their ability to fairly serve as a juror, e.g., questions 17 ("thoughts and feelings about gangs"); 19 ("thoughts and feelings about firearms"); and 28 ("thoughts and feelings about hip hop culture"), among others.

- Question 37, asking about a potential juror's experience or training in photography. A juror's familiarity, or lack thereof, with photography principles would not weigh in favor or against their ability to serve as an impartial juror in this case.

- Question 39, "Have you ever frequented the area around Oak Street, Rush Street, and Michigan Avenue in Chicago?" is duplicative of Question 38

("Are you familiar with the shopping area on Oak Street near Rush Street and Michigan Avenue in Chicago?") and is therefore unnecessary.

The government also objects to proposed Question 31, asking whether the prospective juror, their family member, or their friends have been addicted to illegal drugs. To the government's knowledge, the question of whether any individual suffers a drug addiction is not a fact at issue in this case, and this seems to be an overly invasive question given its lack or probative value as to the ability of an individual to serve as a juror here. Although the government intends to prove that the charged enterprise, including some defendants, sold drugs, this is not, at its heart, a drug case – it is a case about murder and violence and firearms. It is unclear how the fact a juror had a family member who suffered from addiction in the past, for example, would bear on that juror's ability to fairly hear and consider the evidence in this case.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:    */s/ Ann Marie E. Ursini*
JASON A. JULIEN
ANN MARIE E. URSINI
CAITLIN WALGAMUTH
SEAN HENNESSY
Assistant United States Attorneys
219 S. Dearborn Street, Rm. 500
Chicago, Illinois 60604
(312) 353-5300

**CERTIFICATE OF SERVICE**

    I, Ann Marie E. Ursini, an attorney, certify that I served a copy of the foregoing Government's Response to Proposed *Voir Dire* by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

                              Respectfully submitted,

                              MORRIS PASQUAL
                              Acting United States Attorney

By:    */s/ Ann Marie E. Ursini*
           JASON A. JULIEN
           ANN MARIE E. URSINI
           CAITLIN WALGAMUTH
           SEAN HENNESSY
           Assistant United States Attorneys
           219 S. Dearborn Street, Rm. 500
           Chicago, Illinois 60604
           (312) 353-5300