UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 618 |
| v. | Honorable Martha M. Pacold |
| CHARLES LIGGINS, et. al. | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANTS THOMAS, LIGGINS AND OFFERD'S MOTIONS *IN LIMINE* FOR ATTORNEY-CONDUCTED AND INDIVIDUALIZED *VOIR DIRE***

Defendants Thomas and Liggins move the Court to allow the attorneys for the parties to directly question potential jurors and allow questioning of jurors on sensitive matters and pretrial publicity to be conducted individually and not in a group setting. Dkt. No. 223. Defendant Offerd also requests attorney-conducted *voir dire.* Dkt. No. 231.

The government agrees with defendants that any questioning of potential jurors, beyond the written questionnaire and the Court's prepared oral questions, should occur individually, at side bar. However, Defendants' request for attorney-conducted *voir dire* is unnecessary to impanel an impartial jury and would cause significant delays and redundancies in the jury selection process. The Court has provided the parties with ample time and opportunity to propose jury selection questions and to object or propose changes to the Court's proposed written questionnaire. Allowing attorney-led questioning with seven total parties would cause significant and unnecessary delay in the jury selection process. Accordingly, defendants' motion should be denied in part.

**ARGUMENT**

**A. Individualized Questioning of Potential Jurors Is Necessary But Should Be Limited to Follow-Up Questions on the Written Questionnaire Responses**

The government agrees with defendants Thomas and Liggins that questioning related to sensitive matters should be conducted individually and not in a group setting. *See* Dkt. No. 223 at 7. As detailed in the government's motion for an anonymous jury (Dkt. No. 258) and under seal supplement (Dkt. No. 259), there is significant publicity surrounding this case, including in national and international publications, and online. For the reasons detailed in the government's under seal supplement, questioning that solicits potentially identifying information should be done by written questionnaire or at side bar with the parties and the Court. This would include, for example, questions regarding the neighborhood in which the potential juror lives or works, their general occupation, or information about their family members.

However, the government disagrees with defendants with respect to the scope and breadth of the individualized questioning of each potential juror. Defendants Thomas and Liggins seek to "thoroughly examine each potential juror on their exposure" to pre-trial publicity on the case. Dkt. No. 223 at 4. This is unnecessary, as the Court is fully equipped to ask such questions and it would significantly lengthen the jury selection process. The Court's proposed jury questionnaire, for instance, includes a question about whether potential jurors have reviewed any media about the case, including through online blogs, discussion forums or social media. *United*

*States v. Liggins et al.,* 21 CR 619, Proposed Questionnaire for Potential Jurors, Question 41. The potential jurors' written answers are given under oath. If a potential juror responds "no," no further examination on that issue is necessary. As detailed below, if the potential juror answers in the affirmative and additional information is needed, the Court may ask the potential juror additional follow-up questions at a side bar.

### B. Attorney-Led Questioning Is Unnecessary, Inefficient, and Would Significantly Extend the Length of the Jury Selection Process

Defendants' motions fail to identify any unique issue that supports their claim that the attorneys, rather than the Court, are better equipped to question jurors. The Court's existing order allowed the parties to suggest and comment on proposed written questions for the jury; thus the Court will have all relevant questions in advance of jury selection.

The Court has provided the parties with an opportunity to propose jury selection questions, and provide comment to the Court's draft proposed jury selection questions. Specifically, the Court's June 30, 2023 pretrial order required parties to file proposed jury instructions by August 25, 2023. Dkt. No. 151. On August 31, 2023, the Court set a further deadline for the parties to provide comments to the Court's draft jury questionnaire by September 20, 2023. Dkt. No. 245. The Court's procedure allowed the Court to evaluate the parties' proposed questions and address any parties' comments or objections in advance of jury selection, thereby ensuring an efficient and effective jury selection process. Given the parties' opportunities to propose questions and comments, the written jury selection questionnaire can

effectively and efficiently address all substantive areas of questioning the parties believe are necessary to adequately evaluate potential jurors' impartiality.

Defendants Thomas and Liggins contend that attorney-conducted *voir dire* results in potential jurors providing "more honest" answers. Dkt. No. 223 at 5. The government disagrees. The potential jurors are under oath both for their written questionnaire responses and in any subsequent questioning by the Court or parties. This is a serious obligation. There is no basis to believe that jurors will violate this oath in response to questioning by the Court but not by the parties.

Defendants Thomas and Liggins also cite Judge Blakey's jury selection procedure in *United States v. Blackman, et al.*, 18 CR 728 (2023), to suggest a multi-defendant RICO/VCAR trial with sensitive issues requires attorney-led *voir dire*. Dkt. No. 223 at 8. While Judge Blakey permits attorney-led *voir dire* in all of his cases, it is not the standard practice in this district, even for complex, multi-defendant cases involving violence or significant pre-trial publicity. For example, after consulting with the prosecuting attorneys, the government understands minimal to no attorney-led questioning occurred during jury selection in the following prosecutions:[1]

- *United States v. Lane,* No. 17 CR 40 (N.D. Ill. 2023) (Tharp, J.) (LAFA street gang)

- *United States v. Kelly, et al.*, No. 19 CR 567 (N.D. Ill. 2022) (Leinenweber, J.) (R. Kelly)

- *United States v, Lee, et al.*, No. 19 CR 641 (N.D. Ill. 2022) (Durkin, J.) (Wicked Town street gang)

---

[1] This is not intended to be an exhaustive list.

4

- *United States v. Spann*, No. 17 CR 611 (N.D. Ill. 2021) (Durkin, J.) (Four Corner Hustlers street gang)

All of these cases involved either significant pretrial publicity or violent charges related to racketeering, often involving street gangs and multiple violent crimes, like the present case. Moreover, the *Blackman* case defendant cites to involved only three defendants; here there are six.

Defendants' proposal for unlimited attorney-led questioning would inevitably delay the jury selection process because there would likely be objections to unvetted questions by seven different parties (including the government) that the Court would have to address before a potential juror's examination could continue. Additionally, given the six defendants in the case, attorney-led questioning would greatly extend the length of each potential juror's examination and likely be repetitive as the defendants have common interests with respect to potential juror biases or pre-trial media exposure.

Of course, as with any trial, the government recognizes that potential jurors' responses to the written questionnaire or the Court's oral show-of-hand questions may raise additional issues that require further examination by the Court. The government respectfully proposes the following procedure to ensure an effective and efficient jury selection process. Consistent with the Court's prior orders (Dkt. Nos. 151, 245), the potential jurors first complete a written questionnaire that is provided to the parties. After the Court's prepared oral questions to the potential panel, if the Court or parties believe a particular potential juror should be questioned further, individual questioning may occur at side bar. The Court can then ask follow-up

5

questions of the potential juror at side bar. Should the Court wish to give the parties the opportunity to suggest additional questions, the Court can allow the parties to do so at side bar and outside of the presence of the potential juror. If the Court believes the additional questions are appropriate, the Court would then ask those questions. The party requesting further questioning of a potential juror must set forth a basis for further examination.

## CONCLUSION

For the foregoing reasons, the government respectfully requests the Court deny in part defendants Thomas and Liggins' motion *in limine* (Dkt. No. 231) and defendant Offerd's motion *in limine* (Dkt. No. 223) for attorney-conducted and individualized *voir dire*.

                                            Respectfully submitted,

                                            MORRIS PASQUAL
                                            Acting United States Attorney

By:    /s/*Caitlin Walgamuth*
          JASON A. JULIEN
          ANN MARIE E. URSINI
          CAITLIN WALGAMUTH
          SEAN HENNESSY
          Assistant U.S. Attorneys
          219 South Dearborn, Room 500
          Chicago, Illinois 60604
          (312) 353-5300

**CERTIFICATE OF SERVICE**

      I, Caitlin Walgamuth, an attorney, certify that I served a copy of the foregoing Government's Consolidated Response to Defendants Thomas and Liggins' Motion *In Limine* and Defendant Offerd's Motion *In Limine* for Attorney-Conducted and Individualized *Voir Dire* by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

                                    Respectfully submitted,

                                    MORRIS PASQUAL
                                  Acting United States Attorney

By:    /s/ *Caitlin Walgamuth*
          JASON A. JULIEN
          ANN MARIE E. URSINI
          CAITLIN WALGAMUTH
          SEAN HENNESSY
          Assistant United States Attorneys
          219 S. Dearborn Street, Rm. 500
          Chicago, Illinois 60604
          (312) 353-5300