UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES LIGGINS, et al. | No. 21 CR 618<br><br>Honorable Martha M. Pacold |

**GOVERNMENT'S RESPONSE TO DEFENDANT TACARLOS OFFERD'S MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES**

Defendant Tacarlos Offerd filed a motion asking the Court for an unspecified number of additional peremptory challenges for each defendant. *See* Dkt. 232. Offerd also requests that the Court allow Offerd and his co-defendants to exercise these additional challenges separately, as opposed to jointly as set forth by Federal Rule of Criminal Procedure 24(b)(2). *Cf. id.*, ¶ 3, *with* FED. R. CRIM. P. 24(b)(2). As the basis for his request, Offerd states the defendants should be given additional peremptory challenges, "[b]ecause of the number of defendants and unique issues attendant to this case," without stating more. *See* Dkt. 232, ¶ 3. Because Offerd's motion is conclusory and fails to provide the Court with any reason for his request, his motion should be denied. In the alternative, should the Court provide additional peremptory challenges to Offerd or any other defendant, the Court should provide the government with additional peremptory challenges in a number equal to the total number provided to the defendants.

## ARGUMENT

"Peremptory challenges are not of federal constitutional dimension." *United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000) (citing *United States v. Ross*, 487 U.S. 81, 88 (1988)). Rather, unlike the right to an impartial jury guaranteed by the Sixth Amendment, peremptory challenges are auxiliary to that right. *Id.* In other words, peremptory challenges are one means to achieve the end of an impartial jury. *See Ross*, 487 U.S. at 88. "There is no freestanding constitutional right to peremptory challenges." *Rivera v. Illinois*, 556 U.S. 148, 157 (2009). "Because the right to peremptory challenges is a statutory creation, 'it is for the [legislature] to determine the number…and to define their purpose and the manner of their exercise.'" *United States v. Williams*, 2014 WL 712598, at *2 (D. Haw. Feb 21, 2014) (quoting *Ross*, 487 U.S. at 89).

Federal Rule of Criminal Procedure 24 sets the number of peremptory challenges at six for the government and ten for defendants to exercise jointly. *See* FED. R. CRIM. P. 24(b)(2). The Rule also gives the Court discretion to allow additional peremptory challenges to multiple defendants, and for the Court to allow the defendants to exercise those challenges jointly or severally. *See* FED. R. CRIM. P. 24(b). But a defendant must supply the Court with a reason for the request. There is no right to additional peremptory challenges in a multi-defendant case. *United States v. Magana*, 118 F.3d 1173, 1206 (7th Cir. 1997) ("[E]ven where a number of defendants are being jointly tried, a trial court is not obligated to provide them with additional challenges"); *United States v. Lopez*, 649 F.3d 1222, 1243 (11th Cir. 2011) ("The

2

district court is not required to give the defense side any extra peremptory challenges in multiple defendant trials."). Here, Offerd has not provided the Court with a reason for his request.

In *United States v. Williams*, a district court denied a single defendant's request for additional peremptory challenges where, "other than a mere conclusory remark that 'additional peremptory challenges are necessary because of extensive pretrial publicity and for other just reasons,'" the defendant failed to show that he was unlikely to be tried before a fair and impartial jury. *Williams*, 2014 WL 712598, at *5; *see also United States v. Kahre*, 2009 WL 1067298, at *1-2 (D. Nev. April 20, 2009) (denying request for additional peremptory challenges where no good cause was shown).

In other cases, where defendants have set forth specific reasons underlying their requests for additional peremptory challenges, district courts have allotted additional peremptory challenges to both defendants and the government, though the Court is not required to do so.

For example, in *United States v. Ferguson*, five defendants moved for additional peremptory challenges arguing that the additional challenges were necessary because each defendant allegedly played different roles in a conspiracy and because of the likelihood that all five defendants would not be able to agree on jointly exercised challenges. *United States v. Ferguson*, 2007 WL 1793796, at *1 (D. Conn. June 19, 2007). In its decision, the district court in *Ferguson* gave the five defendants one extra peremptory challenge to be exercised separately (for a total of 15—10 to be

3

exercised jointly and five to be exercised separately) and gave the government two additional peremptory challenges, for a total of eight. *Id.* at *2; *see also United States v. Ducheneaux*, 2023 WL 5748122, at *1 (D. S.D. June 19, 2007) ("If this Court does grant any additional peremptory challenges, it likely will be no more than one more per defendant and possibly contingent on the Defendants agreeing that, in fairness, the Government receive at least one additional peremptory challenge.").

Similarly, in *United States v. Wiley*, where two defendants tried jointly argued (1) they were charged with performing different conduct that (2) exposed them to disparate potential sentences, and (3) they may have encountered disagreement as a group as to how to exercise their peremptory challenges, the district court allotted the defendants one additional peremptory challenge to be exercised separately with the other 10 to be exercised jointly. *United States v. Wiley*, 22 WL 2105857, at *1 (D. Conn. June 10, 2022). The district court allotted the government two additional peremptory challenges in that case. *Id.*

In this case, Offerd has not made the arguments above, because he cannot. The defendants in this case do not have competing interests, face disparate potential sentences, nor have disagreement as to how to allot their challenges (the government anticipates that all defense counsel can confer and exercise their peremptory challenges jointly, fairly, and without much friction). Each defendant faces the same potential punishment on each count of the superseding indictment for which all six defendants are charged, Count One and Count Three. *See* Dkt. 120. Further, defendants' interests are the same. Five defendants are charged with committing a

4

murder and one defendant is charged with aiding and abetting that same murder. *See id.* All six defendants face a mandatory minimum of life imprisonment if convicted on Count One of the superseding indictment. *See* 18 U.S.C. § 1959(a)(1). On Count Three of the superseding indictment, five defendants are charged with conspiracy to commit a murder and one defendant is charged with aiding and abetting that conspiracy to commit the murder. Dkt. 120. All six defendants face a maximum term of 10 years' imprisonment if convicted on Count Three of the superseding indictment. *See* 18 U.S.C. § 1959(a)(5).

There is no basis set forth in Offerd's motion for additional peremptory challenges, other than the conclusory remark that they are needed "because of the number of defendants and unique issues attendant to this case." Defendants in multi-defendant trials are not entitled to additional peremptory challenges as a matter of right. The remainder of Offerd's basis is vague in and of itself, as is the number of additional peremptory challenges Offerd is seeking. Offerd's motion should be denied.

\* \* \*

## **CONCLUSION**

The Court should deny Offerd's motion for the reasons set forth above. In the alternative, to the extent the Court allots additional peremptory challenges to the defendants, the Court should give the government additional peremptory challenges in a number equal to the total number provided to the defendants.

                Respectfully submitted,

                MORRIS PASQUAL
                Acting United States Attorney

By:    */s/ Jason A. Julien*
                JASON A. JULIEN
                ANN MARIE E. URSINI
                CAITLIN WALGAMUTH
                SEAN HENNESSY
                Assistant United States Attorneys
                219 S. Dearborn Street, Rm. 500
                Chicago, Illinois 60604
                (312) 353-5300

## **CERTIFICATE OF SERVICE**

     I, Jason A. Julien, an attorney, certify that I served a copy of the foregoing Response to Defendant Tacarlos Offerd's Motion for Additional Peremptory Challenges by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

                                      Respectfully submitted,

                                      MORRIS PASQUAL
                                      Acting United States Attorney

By:    /s/ *Jason A. Julien*
         JASON A. JULIEN
         ANN MARIE E. URSINI
         CAITLIN WALGAMUTH
         SEAN HENNESSY
         Assistant United States Attorneys
         219 S. Dearborn Street, Rm. 500
         Chicago, Illinois 60604
         (312) 353-5300

Case: 1:21-cr-00618 Document #: 283 Filed: 09/15/23 Page 7 of 7 PageID #:2074