UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES LIGGINS, et al | No. 21 CR 618<br><br>Honorable Martha M. Pacold |

**GOVERNMENT'S REPLY TO DEFENDANT ROBERSON'S RESPONSE TO THE GOVERNMENT'S MOTION TO EMPANEL AN ANONYMOUS JURY**

The Court should empanel an anonymous jury for the reasons set forth in the government's filings in support of its motion. Dkt. 258, 259. Kenneth Roberson is the only defendant to file a written objection to the government's motion. Dkt. 290. In his response, Roberson makes arguments relating to two of the *Mansoori* factors, neither of which is persuasive. First, Roberson argues that this "case is simply not noteworthy." Dkt. 290 at 2. The analysis underlying this conclusion is flawed and his argument should be rejected.

Second, Roberson argues that the government's motion should be denied because none of the defendants have made a threat to a juror. *See id.* at 3-5. But this is not an accurate recitation of any factor under *Mansoori*. *See United States v. Mansoori*, 304 F.3d 635, 650-51 (7th Cir. 2002). To the extent Roberson is arguing that no defendant has attempted to interfere with the judicial process, the government did not take the position that that factor was applicable in this case—the other four factors warrant empaneling an anonymous jury in this matter. *See* Dkt. 258 at 3.

## I. The Government has provided the Court with information relating to threats to individuals.

In making his argument that the defendants have not threatened any potential jurors (an argument the government did not make), Roberson stated that the government did not cite any "articulable fact[s] supporting any real or perceived threat to the jury in this case." Dkt. 290 at 3. Roberson went even further, arguing, "It is all rank speculation: the Government fails to allege any actual threat to jurors, witnesses, parties, lawyers, or anyone else in this case…." *Id.* This is clearly not accurate. *See* Dkt. 259. The Court should reject this argument. The jurors and potential jurors in this matter deserve the proper protections, and the Court should empanel an anonymous jury in order to protect them.

## II. There continues to be publicity surrounding the resolution of this prosecution.

In order to make the point that Roberson believes this case is not noteworthy, Roberson performed a Google search for co-defendant Ralph Turpin's name. *See* Dkt. 290 at 1-2. The idea being that since Turpin was the most recent defendant indicted, a search of Turpin's name would be an accurate barometer of the publicity continuing to surround this matter. *See id.* The errors inherent in this approach are conspicuous on its face. Even in Roberson's Exhibit 1, for every story mentioning Turpin, the title of the story and the hyperlink mentions "FBG Duck" and not Turpin. A better way to get precise results would have been to search for references to FBG Duck or Weekly, a public figure whose name generates news and news articles, as opposed to someone whose name does not.

2

The government included a non-exhaustive list of selected media outlets reporting on Weekly's murder and this prosecution with its original motion. Dkt. 258, Ex. 1. Even though the government was aware of it at the time, the government did not include a reference to the Chicago Sun Times writing about the government's *Santiago* proffer approximately one month ago, for example, though even searching for Turpin's name picked up that article. *See* Dkt. 290, Ex. 1. To add to the government's list, and merely by way of further example, global superstar Curtis Jackson, a/k/a "50 Cent," produced a documentary episode about Weekly's murder and this prosecution that aired in late December 2022, and generated even more publicity surrounding this prosecution.[1] [2]

The idea that this case is not noteworthy is not supported by facts. The Court should reject Roberson's argument on this *Mansoori* factor.

---

[1] *See* https://hiphopdx.com/news/50-cent-legal-action-hip-hop-homicides (noting that 50 Cent faced potential legal action relating to the episode exploring Weekly's murder and this prosecution) (Last visited September 20, 2023).
[2] The full episode was available to stream at the time of its release, including on YouTube, but now only appears available for purchase. However, reaction to the episode from the host, Van Lathan, which does describe Weekly's murder and this prosecution in summary fashion, is still available to stream for free. https://www.wetv.com/shows/hip-hop-homicides/videos/hip-hop-homicides-the-aftermath-on-fbg-duck--1061296 (Last visited September 20, 2023).

### III. The four *Mansoori* factors that the government did cite support empaneling an anonymous jury.

Roberson argues that the government's motion should be denied because the government has not presented the Court with evidence that the defendants themselves have threatened jurors. There are no jurors at this point for the defendants to threaten. To the extent Roberson is arguing that the government has not presented the Court with evidence that the defendants have attempted to interfere with the judicial process, the government did not cite this factor in support of its motion. As Roberson accurately notes, no one factor controls the analysis. *See* Dkt. 290 at 4; *United States v. Branch*, 91 F.3d 699, 724 (5th Cir. 1996) (Not all of these factors need be present, but instead, the Court should "look to the totality of circumstances" in determining whether an anonymous jury is appropriate.) (quotation omitted). That said, the other four *Mansoori* factors support empaneling an anonymous jury in this matter. Specifically, that: (1) defendants are alleged to have been involved in organized and violent crime (Roberson acknowledges that this factor is applicable); (2) defendants are alleged to have participated in an enterprise with the capacity to harm witnesses and jurors; (3) defendants face a significant term of imprisonment; and (4) there has been significant prior publicity surrounding this case. *See Mansoori*, 304 F.3d at 650-51.

\* \* \*

## IV. Conclusion

Based on the foregoing, the government requests that the Court grant the government's motion for an anonymous jury and empanel an anonymous jury in the trial against defendants, consistent with the limitations set forth in the government's motion.[3]

                          Respectfully submitted,

                          MORRIS PASQUAL
                          Acting United States Attorney

By:    */s/Jason A. Julien*
        JASON A. JULIEN
        ANN MARIE E. URSINI
        CAITLIN WALGAMUTH
        SEAN HENNESSY
        Assistant United States Attorneys
        219 S. Dearborn Street, Rm. 500
        Chicago, Illinois 60604
        (312) 353-5300

---

[3] In the government's original filing, the government noted that the motion to empanel an anonymous jury was opposed by at least one defendant. *See* Dkt. 258 at 1, n.1. However, in closing its motion, the government referenced the motion being unopposed. *See* Dkt. 258 at 14. The word "unopposed" on page 14 was included in error. The government's motion is opposed as referenced on page one of its motion and in the government's under-seal supplement.

## **CERTIFICATE OF SERVICE**

      I, Jason A. Julien, an attorney, certify that I served a copy of the foregoing Government's Reply to Defendant Roberson's Response to the Government's Motion to Empanel an Anonymous Jury by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

                                  Respectfully submitted,

                                  MORRIS PASQUAL
                                Acting United States Attorney


By:    */s/Jason A. Julien*
        JASON A. JULIEN
        ANN MARIE E. URSINI
        CAITLIN WALGAMUTH
        SEAN HENNESSY
        Assistant United States Attorneys
        219 S. Dearborn Street, Rm. 500
        Chicago, Illinois 60604
        (312) 353-5300