UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 CR 618-5 |
| | ) | |
| MARCUS SMART, | ) | The Honorable |
| | ) | Martha M. Pacold, |
| Defendant. | ) | Judge Presiding. |

**DEFENDANT MARCUS SMART'S REPLY TO
TO THE GOVERNMENT'S RESPONSE TO SMART'S
PROPOSED JURY INSTRUCTIONS**

Defendant MARCUS SMART, by and through his attorneys, MARC M. BARNETT, EUGENE STEINGOLD, and MICHELLE MARIN, and respectfully submits the following consolidated reply to the Government's Response to Defendant Smart's Proposed Jury Instruction. (Dkt. No. 280) and the Government's Proposed Jury Instructions (Dkt. No. 239). By way of reply, Defendant Smart states:

**Bauer Pattern Instruction 5.07**

1. Defendant Smart proposed giving Bauer Pattern Instruction 5.07 relating to Presence/Activity/Association. As an initial observation, this particular instruction was not included in the jury instructions proposed by the Government. (Dkt. No. 239) Bauer Pattern Instruction 5.07 provides:

**Presence/Activity/Association**

(a)
A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not sufficient by itself to establish the defendant's guilt.

1

(b)
If a defendant performed acts that advanced the crime but had no knowledge that the crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

(c)
A defendant's association with persons involved in a crime or criminal scheme is not sufficient by itself to prove his participation in the crime or membership in the criminal scheme.

2. The Government contends this Court should decline to give subpart (b) as "duplicative and unnecessary, and possibly confusing." (Gov. Response, page 1)" In its response to Defendant Smart's proposed jury instructions, the Government "suggests the version that hews most closely to the [Bauer] Pattern Instructions be used." (Gov. Response, page 1 footnote 1)

3. Smart's proposed instruction for Presence/Activity/Association is verbatim to Bauer Pattern Instruction 5.07. In addition, the Committee Comment for 5.07 states in pertinent part: "Like Instruction (a), Instruction (b) may be given where a defendant charged with a substantive crime, such as assault or possession of narcotics, alleges that although he was present at the scene of the crime, he was not a participant in the criminal activity."

4. A review of the discovery and anticipated evidence at trial supports the inclusion of subpart (b).

**GOVERNMENT'S INSTRUCTION NO. 7**
**Bauer Pattern Instruction 2.04**

5. Bauer Pattern Instruction 2.04 provides:

### Number of Witnesses

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

*You may find the testimony of one witness or a few witnesses*

> *more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.*
>
> What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

6. The italicized language is part of Bauer Pattern Instruction 2.04 and has been omitted from the Government's proposed instruction. As noted above, the Government "suggests the version that hews most closely to the [Bauer] Pattern Instructions be used." (Gov. Response, page 1 footnote 1) In addition, the italicized language set forth above was included in *United States v. Blackman, et al.,* No. 18 CR 728, (the Goonies trial) as Court's Instruction 7. (Dkt. No. 531)

7. A review of the discovery and anticipated evidence at trial supports the inclusion of the second paragraph.

**GOVERNMENT'S INSTRUCTION NO. 12**
**Bauer Pattern Instruction 3.05**

<b><u>Witnesses Requiring Special Caution</u></b>

> You have heard testimony from the following witnesses who were promised, received, or expected a benefit in return for his testimony or cooperation with the government.
>
> You may give this witness's *these witnesses'* testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

8. The first paragraph of 3.05 speaks in the plural, and the second paragraph should also speak in the plural, as proposed by the italicized language.

**GOVERNMENT'S INSTRUCTION NO. 19**
**Bauer Pattern Instruction 4.06**

### Separate Consideration – Multiple Crimes

The defendants have been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge *and the evidence concerning each charge* separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

9. The italicized language in the Bauer Pattern Instruction No. 4.06 has been omitted from the Government's proposed instruction. As noted above, the Government "suggests the version that hews most closely to the [Bauer] Pattern Instructions be used." (Gov. Response, page 1 footnote 1) In addition, the italicized language set forth above was included in *United States v. Blackman, et al.,* No. 18 CR 728, (the Goonies trial) as Court's Instruction 25. (Dkt. No. 531)

**GOVERNMENT'S INSTRUCTION NO. 20**
**Bauer Pattern Instruction 4.07**

### Separate Consideration – Multiple Defendants

Even though the defendants are being tried together, you must consider each defendant *and the evidence concerning that defendant* separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

10. The italicized language in the Bauer Pattern Instruction No. 4.07 has been omitted from the Government's proposed instruction. As noted above, the Government "suggests the version that hews most closely to the [Bauer] Pattern Instructions be used." (Gov. Response, page 1 footnote 1) In addition, the italicized language set forth above was included in *United States v.*

*Blackman, et al.,* No. 18 CR 728, (the Goonies trial) as Court's Instruction 26. (Dkt. No. 531)

## MISCELLANEOUS INSTRUCTIONS

### Law Enforcement Officials

> You have heard the testimony of law enforcement officials. You should evaluate this testimony the same way I have instructed you to evaluate witness testimony generally. The fact that a witness is employed as a law enforcement official does not mean that his or her testimony is necessarily deserving less or more consideration or lesser or greater weight than that of any other witness.

11. Defendant Smart proposed giving this instruction. This particular instruction was not included in the jury instructions proposed by the Government. (Dkt. No. 239)

12. A review of the discovery and anticipated evidence at trial supports the inclusion of this instruction. In addition, in *United States v. Blackman, et al.,* No. 18 CR 728, (the Goonies trial) this jury instruction was given as Court's Instruction 11. (Dkt. No. 531)

### Gang Membership

> A defendant's membership in a gang is not sufficient evidence, by itself, to establish a defendant's guilt as to the various counts of the indictment.

13. Defendant Smart proposed giving this instruction. This particular instruction was not included in the jury instructions proposed by the Government. (Dkt. No. 239) The Government contends this instruction "is unnecessary and potentially confusing." (Gov. Response, page 5)

14. Gangs and gang membership is a critical aspect of virtually every facet of this case. This is clearly evidenced by the Government's objections to defendants' proposed voir dire where

the "government proposes, instead, that jurors be asked some version of the following: 'the charges in this case involve allegations that people committed violence to maintain or increase their status in a gang. Knowing that, is there anything about your life experience that you feel would make it difficult to be an impartial juror,' and, 'have you personally had an experience with gangs or gang violence.?'" (Dkt. No. 281, Gov. Objections, page 1)

15. Given the overwhelming focus, evidence, and emphasis on gangs and gang activity that the jury will be hearing day-in and day-out throughout the course of this multi-week trial, it is imperative that this instruction regarding gang membership be given.

16. In *United States v. Blackman, et al.,* No. 18 CR 728, (the Goonies trial) a version of this jury instruction was given as Court's Instruction 37: "A defendant's membership in a gang is not sufficient evidence, by itself, to establish a defendant's guilt as to Count One through Count Eleven of the indictment." (Dkt. No. 531)

17. The Government also contends that this instruction is duplicative of Instruction 5.07(c). (Gov. Objections, page 5) Instruction 5.07(c) addresses "a defendant's association with person's involved in a crime or criminal scheme is not sufficient by itself," whereas the proposed gang membership instruction addresses "gang membership is not sufficient by itself." The former speaks to the criminal conduct of others, and the latter speaks to membership in a gang – two separate and distinct matters.

18. It is important to note that in *United States v. Blackman, et al.,* No. 18 CR 728, (the Goonies trial) Judge Blakey gave both instructions – as Court's Instruction 29 and Court's Instruction 37.

Marcus Smart reserves the right to adopt any objections submitted by the co-defendants.

Dated:   September 21, 2023                      Respectfully submitted,

/s/ Marc M. Barnett
MARC M. BARNETT
53 W. Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 719-0376

EUGENE STEINGOLD
LAW OFFICES OF EUGENE STEINGOLD
55 W. Wacker Drive
Suite 900
Chicago, IL 60601
(312) 726-1060

MICHELLE MARIN
53 W. Jackson Boulevard
Suite 1442
Chicago, IL 60604
(312) 719-0376
*Attorneys for Marcus Smart*

## CERTIFICATE OF SERVICE

I, Marc M. Barnett, the attorney for Defendant Marcus Smart, hereby certify that I filed the above-described document on the CM-ECF system of the United States District Court for the Northern District of Illinois, which constitutes service of the same.

Respectfully submitted,

/s/ Marc M. Barnett
Marc M. Barnett
Attorney for Marcus Smart