UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES LIGGINS, et al. | No. 21 CR 618<br><br>Honorable Martha M. Pacold |

**GOVERNMENT'S STATEMENT REGARDING ITS *SANTIAGO* PROFFER AND MOTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(E)**

The government filed its *Santiago* proffer and motion to admit evidence pursuant to Federal Rule of Evidence 801(d)(2)(E) on August 4, 2023. Dkt. 191. The government's motion is fully briefed. *See* Dkt. 266, 267, 273, and 301. The Court has asked the government to clarify the scope of the conspiracy alleged for purposes of its *Santiago* proffer. Specifically, whether the conspiracy alleged is a narrow conspiracy to murder Carlton Weekly, a/k/a "FBG Duck," on August 4, 2020. Or, whether the conspiracy is a broader conspiracy.

As set forth in the government's *Santiago* proffer and the indictment, O-Block is a criminal "enterprise" as defined in Title 18, United States Code, Section 1959(b)(2), as alleged in Paragraph 2 of the indictment, engaged in racketeering activity, as alleged in Paragraph 5 of the indictment. *See* Dkt. 120 at 1-2; 191 at 3-7. Defendants Charles Liggins, Kenneth Roberson, Tacarlos Offerd, Christopher Thomas, Marcus Smart, and others known and unknown, were members and associates of O-Block before and after August 4, 2020. *See* Dkt. 120 at 1. Liggins, Roberson, Offerd, Thomas, and Smart publicly promoted the O-Block enterprise

before August 4, 2020, and after August 4, 2020, and participated in the affairs of the enterprise. *See generally* Dkt. 191; *see also* Dkt. 120 at 1-3. Pertinent to the government's *Santiago* proffer, as alleged in the indictment, the purposes of the O-Block enterprise included, but were not limited to, the following:

    a.    Acquiring, preserving, and protecting power, territory, operations, and proceeds for the enterprise through the use of threats, intimidation, and violence, including, but not limited to, murder and other acts of violence, and the illegal trafficking in controlled substances;

    b.    Promoting and enhancing the enterprise and its members' and associates' activities, including by publicly claiming responsibility for acts of violence committed by the enterprise and taunting rival gang members;

    c.    Increasing the status of the enterprise through the use of social media platforms and music; and

    d.    Taking steps designed to prevent law enforcement's detection of the enterprise's criminal activities.

All four of these categories of activities are set forth in the government's *Santiago* proffer. The defendants took steps designed to prevent law enforcement's detection of the enterprise's criminal activities, including by ditching the Ford Fusion, attempting to have another person claim ownership of the Chrysler 300, and directing "everybody" to get new phones. The defendants promoted O-Block on social media platforms and in music. And the defendants publicly claimed responsibility for acts of violence committed by the enterprise, including Weekly's murder. Thus, there is a

broad conspiracy set forth in great detail in the government's *Santiago* proffer, replete with photographs and social media postings posted publicly by the defendants before and after August 4, 2020, promoting the enterprise, and with various defendants wearing jewelry publicly displaying their affiliation with O-Block and promoting the enterprise.

There is also a narrower conspiracy set forth in the government's *Santiago* proffer: the conspiracy charged in Count Three of the indictment—a conspiracy to murder Weekly in aid of racketeering activity, in violation of Title 18, United States Code, Section 1959(a)(5). That is, a conspiracy for which the named defendants committed the crime in order to gain entrance to or maintain or increase their position in the O-Block enterprise. *See* Dkt. 120 at 5.

Defendants' statements identified on pages 58 and 59 of the *Santiago* proffer are admissible under the narrow conspiracy to murder Weekly in aid of racketeering activity, or under the broader conspiracy that already existed on August 4, 2020, when the defendants conspired to murder Weekly in aid of racketeering activity.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:    */s/ Jason A. Julien*
JASON A. JULIEN
ANN MARIE E. URSINI
CAITLIN WALGAMUTH
SEAN HENNESSY
Assistant United States Attorneys
219 S. Dearborn Street, Rm. 500

3

Chicago, Illinois 60604
(312) 353-5300

4