UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES LIGGINS, et al. | No. 21 CR 618<br><br>Honorable Martha M. Pacold |

**GOVERNMENT'S MOTION TO RECALL
CERTAIN LAW ENFORCEMENT WITNESSES**

The United States of America, through its attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, respectfully requests permission from the Court to recall certain law enforcement witnesses during the course of trial to testify regarding different episodes of the government's investigation. The government expects that it will need to call at least one law enforcement witness—Special Agent Christine Case of the Federal Bureau of Investigation—and potentially additional officers or agents more than once during trial.

This Court has substantial discretion to determine the mode and order of interrogation. *See, e.g.*, *United States v. Jackson*, 549 F.2d 517, 528 (8th Cir. 1977); *United States v. Butera*, 677 F.2d 1376, 1381 (11th Cir. 1982). Federal Rule of Evidence 611(a) provides in part:

> The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to make those procedures effective for determining the truth; [and] avoid wasting time[.]

Fed. R. Evid. 611(a). Permitting witnesses to testify in episodic fashion has been approved in cases before. *See Jackson*, 549 F.2d at 528 (undercover agent recalled from time to time to testify about individual transactions in chronological order); *Butera*, 677 F.2d at 1381 (recalling principal witness was proper because the witness was subject to cross-examination at each appearance as to the matters covered during that portion of direct examination).

The investigation in this case was lengthy, complicated, and involved numerous avenues of investigation. For example, different law enforcement witnesses participated in investigating different conduct by different defendants and other individuals, associated with the O-Block enterprise. The government may need to recall law enforcement witnesses depending on the timing of the presentation of investigative avenues and actions by the defendants and other O-Block members and associates, and to establish a chronology of events at the outset of the government's case-in-chief to provide context for the testimony of subsequent witnesses. While the government will attempt to limit the number of times it recalls a law enforcement officer as best it can, requiring a law enforcement officer to testify only once would necessarily require the government to cover a broad number of topics out of chronological or other order in a fashion that would likely confuse the jury.

Accordingly, the government respectfully requests that the Court permit it to recall certain law enforcement witnesses to testify to the relevant episodes of the government's investigation. The government further proposes that after each instance of direct examination, the defendants be permitted to cross-examine the

2

witness fully about any and all matters the witness testified about during that particular direct examination so as to ensure a full and fair cross-examination. The government will further endeavor to identify any law enforcement witnesses it intends to recall and the subject areas for any continued testimony, and alert the defendants of the same, in advance of so calling the witnesses, so as to allow the defendants an opportunity to prepare for anticipated cross-examination.

        Respectfully submitted,

        MORRIS PASQUAL
        Acting United States Attorney

By:   /s/ *Sean Hennessy*
        JASON A. JULIEN
        ANN MARIE E. URSINI
        CAITLIN WALGAMUTH
        SEAN HENNESSY
        Assistant United States Attorneys
        219 South Dearborn, Room 500
        Chicago, Illinois 60604
        (312) 353-5300

**CERTIFICATE OF SERVICE**

    I, Sean Hennessy, an attorney, certify that I served a copy of the foregoing Government's Motion to Recall Witnesses by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

                                    Respectfully submitted,

                                    MORRIS PASQUAL
                                  Acting United States Attorney

By:    */s/ Sean Hennessy*
        JASON A. JULIEN
        ANN MARIE E. URSINI
        CAITLIN WALGAMUTH
        SEAN HENNESSY
        Assistant United States Attorneys
        219 S. Dearborn Street, Rm. 500
        Chicago, Illinois 60604
        (312) 353-5300