UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES LIGGINS, et al. | No. 21 CR 618<br><br>Honorable Martha M. Pacold |

**GOVERNMENT'S SUBMISSION REGARDING LAW ENFORCEMENT OFFICERS' LAY OPINION TESTIMONY ABOUT SPECIFIC TERMS**

Defendants raised objections that FBI Special Agent Domonique Dixon's testimony regarding the meaning of certain words as they relate to the investigation of this case is equivalent to "interpreting" rap lyrics as reflected in rap music videos admitted at trial.[1] This is not the case. The government does not intend to elicit Special Agent Dixon's interpretation of rap music lyrics. Rather, it intends to, consistent with his testimony to date, ask Special Agent Dixon about his understanding of the meaning of a limited number of coded or ambiguous terms based on Special Agent Dixon's personal knowledge from the investigation that also appear in certain rap music videos. The Seventh Circuit routinely upholds law enforcement officers' testimony defining ambiguous terms based on the officers' personal knowledge of the investigation at issue. This testimony is admissible lay testimony under Federal Rule of Evidence 701.

A case agent may testify as to the meaning of coded or ambiguous terms based on his or her work on the investigation at issue. This testimony is lay testimony within the meaning of Federal Rule of Evidence 701. *See, e.g., United States v. Cheek,*

---

[1] *See* Tr. 4452:14-4453:8.

740 F.3d 440, 447 (7th Cir. 2014) ("When a law enforcement officer testifies about the meaning of drug code words used by defendants based on personal knowledge obtained from the investigation of those defendants, the officer is testifying as a lay witness."); *see also United States v. Jones,* 56 F.4th 455, 485-86 (7th Cir. 2022) (citing *Cheek* for the proposition that an agent's understanding of words or phrases was not expert testimony "but lay testimony based on his work on this specific investigation.").[2]

Under Rule 701, a lay opinion is one that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "A law enforcement officer's lay opinion is limited to his 'observations or other facts derived exclusively from a particular investigation.'" *United States v. Bard*, 73 F.4th 464, 478 (7th Cir. 2023), *reh'g denied sub nom. United States v. McClure*, No. 21-2689, 2023 WL 6051011 (7th Cir. Sept. 15, 2023) (internal citation omitted). While the Seventh Circuit has cautioned against law enforcement officers interpreting common slang terms for which "they are no more familiar than others," it has approved of their

---

[2] Unlike in *Jones,* the government does not intend to elicit expert testimony from a law enforcement officer at trial. More specifically, no case agent will testify as to his or her interpretation of coded terms or phrases based on his or her general training and expertise. Accordingly, no dual-role testimony cautionary instruction is needed. *See, e.g., Jones,* 56 F.4th at 481-82 (permitting dual-role (both expert and fact) witness testimony where a case agent testifies both about their specific knowledge from the investigation and their knowledge from their general expertise in the field).

2

testimony about the meaning of words or phrases that would not otherwise be understood by the jury. *See, e.g., id.*

Courts outside of the Circuit have similarly affirmed law enforcement officers' testimony about nicknames based on the officers' personal knowledge from their investigation. *See, e.g., United States v. Whiteside,* 747 F. App'x 387, 398-99 (6th Cir. 2018) (finding special agent's testimony about defendant's nickname was based on his work on the investigation, including personal knowledge that defendant had been called the nickname on the street and criminal history databases that listed his aliases); *United States v. Sutherland,* Nos. 11–20129, 11–20006, 2014 WL 7338724, at *6-7 (E.D. Mich. Dec. 22, 2014) (permitting case agent to testify about "his understanding of particular names and words, based on his personal knowledge" under 701). Likewise, the Seventh Circuit has cited agent testimony that includes identification of individuals and their nicknames based on the agent's case investigation. *See United States v. Santiago,* 643 F.3d 1007, 1008 (7th Cir. 2011) (finding defendant's nickname was "undisputed" because a case agent testified that "as part of the Spanish Cobra investigation, he had learned the identifies of various Spanish Cobras by viewing photos of them and learning their nicknames.").

The government intends to have case agents testify about the interpretation of a limited number of words or phrases that would not otherwise be understood by the jury, based on the case agents' personal knowledge derived from their involvement in the investigation. Specifically, as the government proffered last week and consistent with the testimony thus far, the government intends to ask Special Agent Dixon

3

about his understanding of the words "merch" and "Brick," a common noun that, in this investigation, is the nickname of murder victim Weekly's brother. Here, the specific question asked of Special Agent Dixon that led to the objection was whether, "[i]n the context of this investigation" he was "familiar with the name Brick?" Tr. 4452:8-10. The Seventh Circuit has approved similar question phrasing, which makes clear the agent's testimony about the coded word or phrase "was based on his own personal observations and perceptions derived from this particular case." *See Cheek*, 740 F.3d at 448 (citing with approval prosecutor's questions about the meaning of drug code words based on the agent's "understanding based on this investigation" or "familiarity with this investigation."); *see also Jones,* 56 F.4th at 484 (approving prefacing lay witness questions about coded terms with qualifiers about the agent's understanding "through this investigation").

The defense objected, arguing that a question about the case agent's understanding of the word "Brick" (and later, "merch") was an "interpretation" of the rap song's meaning. That is not the case. The government has not and does not intend to ask Special Agent Dixon to interpret the meaning of the rap lyrics themselves—rather, the words are independently relevant to Special Agent Dixon's investigation. Special Agent Dixon may properly provide his understanding of the meaning of a specific word or phrase that would otherwise be unknown to the jury if it is based on his personal knowledge from the investigation. *See, e.g., Bard*, 73 F.4th at 478 (affirming law enforcement witness's interpretation of specific terms from a recorded call like "tickets" and "jump-out boys", while noting that testimony interpreting

4

ordinary slang like "I knew what it was" "veered closer to crossing the line into improper narration."); *but see Jones,* 56 F.4th at 485-86 (finding no reversable error where agent's lay testimony was "not limited to the interpretation of specific code words and phrases" because agent's "perceptions of the conversations" at issue "may have been useful to the jury."). This is helpful to the jury's understanding of the witness's testimony and facts at issue in the case. Fed. R. Evid. 701.

Accordingly, defendants' objection that a question about Special Agent Dixon's understanding of the significance, if any, of the term "Brick" in this investigation should be overruled.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: /s/*Caitlin Walgamuth*
JASON A. JULIEN
ANN MARIE E. URSINI
CAITLIN WALGAMUTH
SEAN HENNESSY
Assistant U.S. Attorneys
219 South Dearborn, Room 500
Chicago, Illinois 60604
(312) 353-5300

**CERTIFICATE OF SERVICE**

I, Caitlin Walgamuth, an attorney, certify that I served a copy of the foregoing Government's Submission Regarding Law Enforcement Officers' Lay Opinion Testimony About Specific Terms by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

        Respectfully submitted,

        MORRIS PASQUAL
        Acting United States Attorney

By:    /s/*Caitlin Walgamuth*
        JASON A. JULIEN
        ANN MARIE E. URSINI
        CAITLIN WALGAMUTH
        SEAN HENNESSY
        Assistant United States Attorneys
        219 S. Dearborn Street, Rm. 500
        Chicago, Illinois 60604
        (312) 353-5300