UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21-CR-618 |
| vs. ) | |
| ) | Honorable Martha M. Pacold |
| CHARLES LIGGINS, et al. ) | |
| ) | |
| Defendant. ) | |

## TACARLOS OFFERD'S RESPONSE TO GOVERNMENT'S RULE 404(b) SUBMISSION

This Honorable Court previously denied the Government's request to present evidence of Tacarlos Offerd's alleged use of alleged falsified pay stubs to obtain a vehicle used in the charged murder and this request should also be denied.

The Government accuses Tacarlos Offerd of opening the door to falsified pay stubs because of what was said in his opening statement. (Dkt. 395) This accusation comes after our jury has heard many weeks of evidence from about 20 witnesses and more than approximately 100 published exhibits.

The main point of Tacarlos Offerd's opening statement was to highlight video evidence which would show Tacarlos Offerd wearing dark colored clothing before his car was driven to Oak Street on August 4, 2020, contrasted with light-colored clothing worn by the driver of his car speeding away from the crime scene. Further, after the Government said Tacarlos Offerd was a member of a violent gang enterprise whose purpose was to benefit from killing people, he previewed evidence to the contrary.

The Government says Tacarlos Offerd's opening statement indicated "...Offerd purchased the car not only innocently, but entirely legally... the absence of illegal activity in obtaining the

car... lawful purchase of the Fusion... absence of illegality in the car purchase..." This was not Tacarlos Offerd's opening.

The Government, through their witness, Alex Trybulek from Autohaus, admitted evidence about text messages from Mr. Offerd about the car purchase. The Government elicited the following evidence relating to the purchase of the Ford Fusion:

> "I did everything I was supposed to do on my end...you driving that car illegally...a car that I legally purchased from you all...I know I'm not riding illegally. All my paperwork says I'm legal...Legally, you have no right to ask for the car back...I understand that, brother, but you got to understand you being laid off...the legal owner of that vehicle is Midway Autohaus...I never got laid off. I still have my job...Show me where in your policy that what y'all trying to do is legal...I know for a fact this is illegal...The legal way would have been y'all coming up with y'all loan I e-mailed you all my check stubs...If you can still show proof you still have your job, I'm willing to work with you...I'm talking legally and you cannot your illegal practices... We're going to continue to have the conversation via text messages for legal purposes...they called your job and said you got laid off..."

Tacarlos Offerd's opening statement did not contain "check stubs", "illegal", "illegally", "legal", "legally", "laid off" and "legal owner."

For the reasons previously argued and sustained by the Courts, Tacarlos Offerd asks this Honorable Court to again deny the Government's request to use evidence of Offerd's alleged use of alleged falsified pay stubs.

Respectfully submitted,

By: s/*Richard S. Kling*
Richard Kling

By: s/*John Somerville*
John Somerville

Richard S. Kling
Attorney for Defendant

Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
312-906-5075
rkling@kentlaw.iit.edu

John Somerville
9924 S. Walden Parkway
Chicago, IL 60643
773-505-1706
Jville62@gmail.com