10283

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,   )
   )
   Plaintiff,   )
-vs-   )   Case No. 21 CR 618
   )
CHARLES LIGGINS, KENNETH   )   Chicago, Illinois
ROBERSON, TACARLOS OFFERD,   )   January 11, 2024
CHRISTOPHER THOMAS, MARCUS   )   10:40 a.m.
SMART and RALPH TURPIN,   )
   )
   Defendants.   )

VOLUME 47
TRANSCRIPT OF PROCEEDINGS - TRIAL
BEFORE THE HONORABLE MARTHA M. PACOLD AND A JURY

APPEARANCES:

For the Government:   MR. JASON A. JULIEN
   MR. SEAN HENNESSY
   MS. ANN MARIE E. URSINI
   MS. CAITLIN S. WALGAMUTH
   Assistant U.S. Attorneys
   219 S. Dearborn Street
   Chicago, IL 60604
   (312) 353-3500
   jason.julien@usdoj.gov
   sean.hennessy@usdoj.gov
   annmarie.ursini@usdoj.gov
   caitlin.walgamuth@usdoj.gov

For Defendant   MS. CYNTHIA LOUISE GIACCHETTI
Liggins:   Law Office of Cynthia Giacchetti
   53 West Jackson, Suite 1035
   Chicago, IL 60604
   (312) 939-6440
   Cg@cgdefense.com

* * * * * * * * * * * * * * * * * * *

PROCEEDINGS REPORTED BY CERTIFIED STENOGRAPHER
TRANSCRIPT PRODUCED WITH A COMPUTER

10284

APPEARANCES:   (Continued)

For Defendant
Roberson:                    MR. STEVEN GREENBERG
                             Greenberg Trial Lawyers
                             53 West Jackson, Suite 315
                             Chicago, IL 60604-6060
                             (312) 879-9500
                             Steve@greenbergcd.com


For Defendant Offerd: MR. RICHARD S. KLING
                             Chicago-Kent Law Offices
                             565 W. Adams, 6th Floor
                             Chicago, IL 60661
                             (312) 906-5075
                             Rkling@kentlaw.iit.edu

For Defendant
Thomas:                      MS. ELLEN R. DOMPH
                             Law Offices of Ellen R. Domph
                             53 West Jackson, Suite 1544
                             Chicago, IL 60604
                             (312) 922-2525
                             Edomph@gmail.com

                             MR. KEITH ALLAN SPIELFOGEL
                             190 S. LaSalle Street, Suite 540
                             Chicago, IL 60603
                             (312) 236-6021
                             Spielfogel@sbcglobal.net


For Defendant
Smart:                       MR. MARC M. BARNETT
                             (Telephonically)
                             Law Offices of Marc M. Barnett
                             53 West Jackson, Suite 1442
                             Chicago, IL 60604
                             (312) 217-5019
                             Barnett.marc163@gmail.com

                             MS. MICHELLE MARIN
                             (Telephonically)
                             Criminal Defense Lawyer of Chicago
                             53 West Jackson Boulevard
                             Chicago, IL 60604
                             (312) 719-0376
                             Criminaldefenseofchicago@gmail.com

10285

APPEARANCES: (Continued)

For Defendant
Turpin:                    MR. PATRICK EAMON BOYLE
                           (Telephonically)
                           Law Offices of Patrick E. Boyle
                           155 North Michigan Avenue, Suite 562
                           Chicago, IL 60601
                           (312) 565-2888
                           Privpat3@hotmail.com

                           MR. JOSHUA B. ADAMS
                           Law Offices of Joshua B. Adams, PC
                           900 W. Jackson Blvd., Suite 7 East
                           Chicago, IL 60607
                           (312) 566-9173
                           Josh@adamsdefenselaw.com

Court Reporter:

                    KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                           Official Court Reporter
                        United States District Court
                  219 South Dearborn Street, Suite 2328A
                        Chicago, Illinois  60604
                        Telephone:  (312) 435-5569
                     Kathleen_Fennell@ilnd.uscourts.gov

10286

(Proceedings heard in open court; jury out:)

THE COURT: We now have at least one attorney for every defendant except -- I'm sorry, we do not have the defendants yet in the courtroom, but we are prepared for them to come into the courtroom, so we'll have that now.

MS. DOMPH: Is there someone for Mr. Smart?

THE CLERK: Michelle is on the phone. Pat Boyle is on the phone.

THE COURT: Okay. Are we prepared to proceed?

MR. JULIEN: Yes, your Honor.

MR. KLING: Yes.

THE COURT: Okay. Let's first, please, enter appearances.

MR. JULIEN: Good morning, your Honor. Jason Julien, Ann Marie Ursini, Caitlin Walgamuth, and Sean Hennessy for the United States.

MR. KLING: Richard Kling and John Somerville for Mr. Offerd, who's present in open court.

MS. GIACCHETTI: Cindy Giacchetti on behalf of Charles Liggins, who's present in court.

MR. GREENBERG: Steve Greenberg on behalf of Mr. Roberson.

MS. DOMPH: Ellen Domph, Keith Spielfogel for Mr. Thomas.

MR. ADAMS: Joshua Adams for Ralph Turpin. I believe

10287

Mr. Boyle is on the phone, your Honor.

MR. BOYLE: That's correct, Judge. Patrick Boyle for Ralph Turpin. Thank you for allowing me to call in.

THE COURT: Good morning.

MS. MARIN: Michelle Marin.

THE COURT: Sorry.

MS. MARIN: Michelle Marin for Marcus Smart, your Honor.

THE COURT: Okay. And Mr. Smart is in the courtroom. And all defendants are in the courtroom.

Okay. So we have a couple jury notes. I just wanted to let everyone know. One is about the schedule. That's the first one we received. I provided copies so you can see the notes, both of these notes.

The schedule says 9:00 to 4:30, 10:30, half-hour working lunch, 2:00. And then it says: Next week Tuesday to Thursday, keep informed week by week, and there's a signature -- I redacted the signature since the jury is anonymous. It is Juror No. 59.

And so that's the first note. That doesn't require a response. Does anyone think that needs a response that's just them informing us of their schedule?

MR. JULIEN: No response needed, your Honor.

MS. GIACCHETTI: No response.

THE COURT: They also made clear, just so you know to

10288

the courtroom deputy, that they will not be deliberating tomorrow. So just so you're aware of that even though I don't know that -- that may be sort of implied in the note when it says Tuesday to Thursday next week.

MR. KLING: Giving the impending snowstorm, that's probably a good idea anyway.

THE COURT: So that's the schedule.

THE CLERK: Marc Barnett just --

MS. GIACCHETTI: Judge, we need to know that because it's sweat clothes or court attire each day, so tomorrow is apparently sweat clothes, for me anyway.

THE COURT: And, I'm sorry, did --

MR. BARNETT: Your Honor --

THE COURT: -- another attorney just join?

MR. BARNETT: Yes, your Honor. My apologies. It's Marc Barnett. If you can, if it doesn't take too long, can you just briefly -- unless it's not that important, I can get it from another attorney. That's fine, too.

THE COURT: Just recap the note?

MR. BARNETT: Yes, please.

THE COURT: Oh, sure.

MR. BARNETT: If it's necessary. If not, I can get it from another attorney.

THE COURT: No, I'm happy to do it. So there are two notes. Each one is a post-it note, so they're, you know,

small -- they're regular sized post-it notes. One is about the schedule. The second is asking about can they see a document.

So focusing first on the schedule, I don't think it requires a response. It says 9:00 to 4:30, 10:30, half hour working lunch, 2:00 -- so in the meantime -- let me just finish recapping the schedule thing. I just got another post-it.

But then underneath the times that I just read off, it says: Next week, Tuesday to Thursday. Keep informed week by week, and then it has a signature.

MR. BARNETT: Okay.

THE COURT: The signature I've redacted because the jury's anonymous. The signature is Juror No. 59.

MR. BARNETT: Okay. Thank you, Judge. I appreciate it.

THE COURT: No problem at all.

And in addition to that, they made clear to the courtroom deputy that they will not be meeting tomorrow, Friday.

MR. BARNETT: Understood. Understandable, too. Okay.

THE COURT: Then separately, okay, I just got a note, which is again on a post-it, which says: No sound is working. Please send tech.

10290

So we are going to have -- it says: No sound is working. Please send tech.

So we are going to have someone from Systems address that issue. Does anyone have any request about, you know, I could have the jurors all step out, have Systems go in there, work on the system, send the jurors back in. It will be someone from Systems that does not know about the case or have any, you know, interest in the case.

MR. GREENBERG: Judge, I think it's fine if someone goes in there while the jurors are in there. I don't think they're going to, you know, tell them what to do or what they think, but maybe we should get that person now up because what if it's a problem where the uploading didn't work and we have to address how we're going to deal with that.

THE COURT: So we'll --

THE CLERK: It was working this morning, so I'll check.

THE COURT: The courtroom deputy says it was working this morning, but we'll ask Systems now to come here.

MR. JULIEN: No objection to that approach, your Honor.

THE COURT: Okay.

MR. BARNETT: None by me as well, Judge.

THE COURT: Okay.

All right. Then the other post-it, which we had

10291

received before we met this morning, was asking to see a document. That says: Can we see GX 80-16, Tiffany Huff's grand jury testimony, please. And then it's signed again by Juror 59.

The "no sound is working note," which I just received just now, is also signed by Juror 59.

Okay. So I think the only one that needs a response right now is the one about the grand jury -- Tiffany Huff grand jury testimony, and so any thoughts?

MR. KLING: Mr. Offerd would object. We would suggest that you tell the jury they heard the testimony, rely on their collective memories.

MR. JULIEN: We agree.

MR. BARNETT: Yeah, Marc Barnett. Of course, I object to that.

MS. GIACCHETTI: It's clearly just not admissible, and it's not an exhibit. It's probably something they noted down during testimony or something, but it's -- I understand it's not on our exhibit list or anything like that, and so -- and it would not be admissible in its entirety.

MR. ADAMS: That's Mr. Turpin's position as well.

MS. DOMPH: Mr. --

MR. JULIEN: So in terms of the response, we agree with --

MS. DOMPH: Oh, sorry.

Judge, an objection for one is an objection for all, again, until we speak up otherwise, right?

THE COURT:  Correct.

MS. DOMPH:  Thank you.

MR. BARNETT:  Yes.

MR. JULIEN:  I think the parties are all on the same page.  Just in terms of a clarification, I agree with the substance of what Mr. Kling said.  I think we should -- and Ms. Giacchetti.

I think we should say that that's not an exhibit that's admitted in evidence.  They should rely on their collective memories of what the testimony was, and continue deliberating.

MR. BARNETT:  Fair enough.  This is Marc Barnett.  Yes --

MS. GIACCHETTI:  Judge, I don't know -- starting to give them the concept of what's admitted in evidence and not admitted in evidence could create problems; no?  Let me confer here.

(Counsel conferring.)

MR. JULIEN:  Maybe in terms of a clarification that makes everybody happy we just say:  Grand jury transcripts are not admitted in evidence.  I mean, because this could come up with a different witness also, so the grand jury transcripts are not admitted in evidence.

10293

MS. GIACCHETTI: Well, maybe we should go back. The Seventh Circuit always says just answer the question, and what I was trying to do was -- and I think that opens up even anything broader than -- what was the original suggestion by Mr. Kling? Maybe we can --

MR. JULIEN: I think we should revert to that as well.

MS. GIACCHETTI: Yeah, start with that and then kind of -- what was the original?

MR. KLING: You heard the testimony. Rely on your collective memories.

MR. BARNETT: Sounds good.

MS. GIACCHETTI: They've actually asked for an exhibit. Maybe you have all the exhibits.

MR. GREENBERG: You have all the exhibits that were admitted maybe.

MR. SPIELFOGEL: And rely on your collective memory.

MS. DOMPH: Of the testimony.

MR. JULIEN: So you have all of the -- you have all of the exhibits that were admitted. You've heard the testimony. Please rely on your collective memories of the testimony as you heard it.

MS. GIACCHETTI: Just, I think, please rely on your collective memory, period, because they're looking at both exhibits and testimony.

MR. GREENBERG: Roberson is fine with Mr. Julien's suggestion. Mr. Julien should order that transcript.

THE COURT: Okay. So you have all of the exhibits that were admitted. You've heard the testimony. Please rely on your collective memory.

All right. Let me just write that out and then send that back. I guess should we just hold for a second until we find out about the tech.

MR. GREENBERG: And, Judge, should we give them a pad of paper for questions? I mean, just post-it notes are --

THE COURT: I mean normally --

MR. GREENBERG: -- more likely to get lost.

THE COURT: They -- I mean, I can definitely do that. They should have pads of paper. I mean, they've had pads of paper to take notes throughout the whole thing. I mean -- I just feel like normally they send, I mean --

MR. GREENBERG: I know.

THE COURT: -- normally they take a sheet of paper from the notebooks, which they've had the entire time, so I could just -- I mean, I could confirm with the courtroom deputy that they still have those notebooks, but --

MS. GIACCHETTI: Maybe they need a notebook for notes to you.

MR. GREENBERG: I've never seen post-it notes.

THE COURT: I've not seen that either.

MR. GREENBERG: I don't know where they got them from.

MS. DOMPH: It's a modern age.

MR. KLING: According to their schedule, they're on break now anyway.

MS. GIACCHETTI: Send them a blank notebook for notes to you, but I wonder where they got the post-its.

MR. GREENBERG: Right. That's what I want to know.

MS. GIACCHETTI: They came in with their own school supplies.

(Pause.)

THE COURT: The sound is fixed. I have written out this note. Again, it says: You have all of the exhibits that were admitted. You've heard the testimony. Please rely on your collective memory, and I signed it, and we'll ask the courtroom deputy to give that to the jury.

Okay. So I guess that's everything at this point. Any other comment?

MR. JULIEN: No, your Honor.

MR. BARNETT: No, your Honor. Thank you very much.

THE COURT: Thanks, everyone.

MR. KLING: Judge, if we're not avail- -- is there a phone-in number that we can get access to so with the next question we're able to get in touch with you?

THE COURT: Are you asking to reach out to chambers

10296

or to --

MR. KLING: No, no, no, no, in this case there's another question and we have to appear remotely.

THE COURT: Call-in? Yes, there is a call-in number, and I'll ask the courtroom deputy to circulate that.

MR. KLING: Great. Thank you.

THE COURT: And so if you do need to call in -- in fact, actually, I think she may have just sent it out before this --

MR. BOYLE: Ruth -- do not mean to interrupt, Judge. Attorney Boyle. Ruth did send an email to all the parties with the call-in number, I believe.

THE COURT: Okay. Thank you, Mr. Boyle.

MR. BOYLE: Of course.

THE COURT: So it sounds like it is on email in case you need to call in.

MR. KLING: Thank you.

MR. BARNETT: Thank you, your Honor.

THE COURT: Thanks everyone.

MR. JULIEN: Thank you, Judge.

(Court adjourned, to reconvene at 9:00 a.m. on 1/16/24.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/s/Kathleen M. Fennell*            *January 11, 2024*

_____            _____
Kathleen M. Fennell                        Date
Official Court Reporter